UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>  Plaintiff.<br><br>v.<br><br>CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC; CSFB 1999 – C1 ROYALL STREET, LLC; and CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,<br><br>  Defendants. | Civil Action No. 05-CV-10506 (WJY) |

**ANSWER OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.**

Defendant Credit Suisse First Boston Mortgage Securities Corp. ("Depositor") answers the First Amended First Amended Complaint of Blue Hills Office Park LLC ("Blue Hills") as follows:

<u>Introduction</u>. The introduction to the First Amended Complaint contains no allegations of fact to which a response is required. To the extent a response is required, Depositor denies the allegations of the introduction.

1. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 1 of the First Amended Complaint.

2. Depositor admits (a) it is a Delaware corporation with a principal place of business in New York, New York; and (b) in or after November 1999 Depositor was assigned all of Credit Suisse First Boston Mortgage Capital LLC's rights, title and interest in the Blue Hills mortgage loan evidenced and secured by the Mortgage Loan Documents. Depositor denies the remaining allegations set forth in ¶ 2 of the First Amended Complaint.

3. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of ¶ 3. Depositor denies the allegations set forth in the second sentence of ¶ 3.

4. Paragraph 4 comprises legal contentions to which no response is required.

5. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 5 of the First Amended Complaint.

6. Denied. Further answering, the mortgaged property includes a two-story brick building of approximately 275,000 square feet, among other things.

7. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 7 of the First Amended Complaint.

8. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 8 of the First Amended Complaint.

9. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 9 of the First Amended Complaint.

10. Depositor admits that the Mortgage Loan Documents establish a lock box arrangement. Further answering, ¶ 10 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 10.

11. Depositor admits that the Mortgage Loan Documents allow Blue Hills to access certain reserve deposits if certain conditions are met. Further answering, ¶ 11 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are

attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 11.

12. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 12 of the First Amended Complaint.

13. Depositor admits that the Mortgage Loan Documents prohibit Blue Hills from incurring certain kinds of debt. Further answering, ¶ 13 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 13.

14. Denied.

15. Admitted.

16. Denied.

17. Admitted.

18. Admitted.

19. Paragraph 19 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety.

20. Paragraph 20 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety.

21. Paragraph 21 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety.

~BOST1:324376.v3
306477-18

22. Paragraph 22 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety.

23. Paragraph 23 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations set forth in ¶ 23 of the First Amended Complaint.

24. Paragraph 24 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 24.

25. Depositor admits that in or about November 1999, Wells Fargo became the Servicer of the loan evidenced and secured by the Mortgage Loan Documents.

26. Depositor admits that, pursuant to an agreement with other parties (not including plaintiff), Wells Fargo agreed to administer and service certain loans, including the Blue Hills loan, in accordance with applicable law, the terms of the loans' documents, and, to the extent not inconsistent with the foregoing, that other agreement and whichever standard of care is higher between the manner in which Wells Fargo would administer loans owned by other third parties and the manner it administers loans owned by itself. Depositor otherwise denies the allegations of the ¶ 26. Answering further, Depositor states that these obligations were not owed to or enforceable by plaintiff.

27. Depositor admits that, as Servicer, Wells Fargo was the agent of the then-lender for the purposes set forth in a servicing agreement. Depositor otherwise denies the allegations of ¶ 27.

~BOST1:324376.v3
306477-18

28. Depositor admits that, as Servicer, Wells Fargo was the agent of the then-lender for the purposes set forth in a servicing agreement. Depositor otherwise denies the allegations of ¶ 28.

29. Paragraph 29 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 29 of the First Amended Complaint.

30. Paragraph 30 contains a partial and selective quotation of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 30 of the First Amended Complaint.

31. Paragraph 31 contains a partial and selective characterization of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 31 of the First Amended Complaint.

32. Paragraph 32 contains a partial and selective quotation of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations set forth in ¶ 32 of the First Amended Complaint.

33. Denied.

34. Denied.

35. Paragraph 35 contains a partial and selective quotation of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak

for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 35 of the First Amended Complaint.

36. Paragraph 36 contains a partial and selective quotation of certain provisions of the Mortgage Loan Documents, which are attached to the First Amended Complaint and must speak for themselves, in their entirety. Depositor otherwise denies the allegations of ¶ 36.

37. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 37.

38. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of ¶ 38. Depositor denies the allegations set forth in the second sentence of ¶ 38.

39. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 39.

40. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 40.

41. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 41.

42. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 42.

43. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 43.

44. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 44.

45. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 45.

46. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 46.

47. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 47.

48. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 48.

49. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 49.

50. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 50.

51. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 51.

52. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 52.

53. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 53.

54. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 54.

55. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 55.

~BOST1:324376.v3
306477-18

56. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 56.

57. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 57.

58. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 58.

59. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 59.

60. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 60.

61. Depositor admits that LNR Partners, Inc., formerly known as Lennar Partners Inc. ("LNR Partners"), was the Special Servicer for the Blue Hills loan.

62. Depositor admits that, as Special Servicer, LNR Partners was the agent of the then-lender for the purposes set forth in a servicing agreement. Depositor otherwise denies the allegations of ¶ 62.

63. Depositor admits that, pursuant to an agreement with other parties (not including plaintiff), LNR Partners agreed to administer and service certain loans, including the Blue Hills loan, in accordance with applicable law, the terms of the loans' documents, and, to the extent not inconsistent with the foregoing, that other agreement and whichever standard of care is higher between the manner in which LNR Partners would administer loans owned by other third parties and the manner it administers loans owned by itself. Depositor otherwise denies the allegations of the ¶ 63. Answering further, Depositor states that these obligations were not owed to or enforceable by plaintiff.

64. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 64.

65. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 65.

66. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 66.

67. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 67.

68. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 68.

69. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 69. The First Amended Complaint's characterization of Blue Hills' alleged expectation as "reasonable" is a legal contention to which no response is required. To the extent a response is required, Depositor denies that any such alleged expectation was reasonable.

70. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 70.

71. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 71.

72. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 72.

73. Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 73.

~BOST1:324376.v3
306477-18

74.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 74.

75.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 75.

76.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 76.

77.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 77.

78.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 78.

79.  Depositor denies the allegations of ¶ 79 as to itself and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in ¶ 79.

80.  Depositor denies the allegations of ¶ 81 as to itself and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in ¶ 80.

81.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 81.

82.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 82.

83.  Depositor is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 83.

84.  Denied.

85. Denied.

86. Denied.

87. Denied.

BLUE HILLS' CLAIMS

**Count I**
(Breach of Contract)

88. Depositor restates and incorporates herein by reference the responses set forth in paragraphs 1 through 87.

89. Depositor admits that the Mortgage Agreement, Cash Management Agreement and Note constitute valid and binding contracts between Blue Hills and the then-holder of the lender's interest in the loan. Depositor otherwise denies the allegations of ¶ 89.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

**Count II**
(Breach of Covenant of Good Faith and Fair Dealing)

94. Depositor restates and incorporates herein by reference the responses set forth in paragraphs 1 through 93.

95. Depositor admits that the Mortgage Agreement, Cash Management Agreement and Note constitute valid and binding contracts between Blue Hills and the then-holder of the lender's interest in the loan. The remaining allegations of ¶ 95 state legal contentions to which no response is required and are otherwise denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## Count III
(Violations of M.G.L. c. 93A)

100. Depositor restates and incorporates herein by reference the responses set forth in paragraphs 1 through 99.

101. Denied.

102. Denied.

103. Denied.

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Depositor states that the First Amended Complaint fails to state a claim upon which this Court may grant relief.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Depositor states that Blue Hills is estopped from bringing the claims set forth in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Depositor states that Blue Hills has waived the claims set forth in the First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Depositor states that the claims set forth in the First Amended Complaint are barred by the applicable period of limitations and by the doctrine of laches.

~BOST1:324376.v3
306477-18

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Depositor states that Blue Hills has released and discharged the claims set forth in the First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Depositor states that the Mortgage Loan Documents do not permit Blue Hills to use the loan reserves for the purposes and in the manner requested by Blue Hills and set forth in the First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Depositor states that Blue Hills did not meet the preconditions to a loan reserve disbursement for payment of principal and interest, building improvements, or marketing expenses that are set forth in the Mortgage Loan Documents.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Depositor states that Blue Hills has not alleged that it suffered any damages in connection with Counts I and III of the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Depositor states that any damages plaintiff suffered were caused by plaintiff or acts of third parties and not by Depositor.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, Depositor states that plaintiff has no standing to assert claims under agreements to which it is not a party.

## ELEVENTH AFFIRMATIVE DEFENSE

For its Eleventh Affirmative Defense, Depositor states that the events, transactions and occurrences described in the First Amended Complaint and relied upon by plaintiff for its claim

under Massachusetts General Laws Chapter 93A did not occur substantially and primarily within the Commonwealth of Massachusetts.

TWELFTH AFFIRMATIVE DEFENSE

For its Twelfth Affirmative Defense, Depositor states it sold its interest in the Blue Hills loan immediately after purchasing it in November 1999.

Respectfully submitted,

June 6, 2005

CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.,
By its attorneys,

/s/ E. Randolph Tucker
E. Randolph Tucker, BBO #503845
Bruce S. Barnett, BBO #647666
Traci S. Feit, BBO #660688
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place
Boston, MA  02110
(617) 406-6000
E-Mail:  randy.tucker@dlapiper.com