UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>　　　Plaintiff/Defendant-in-<br>　　　Counterclaim<br><br>v.<br><br>CREDIT SUISSE FIRST BOSTON<br>MORTGAGE SECURITY CORP.,<br>　　　Defendant.<br><br>and<br><br>CSFB 1999 – C1 ROYALL STREET, LLC<br>　　　Defendant/Plaintiff-in-<br>　　　Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br>　　　Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**ANSWER OF DEFENDANTS-IN-COUNTERCLAIM GERALD FINEBERG
AND WILLIAM LANGELIER TO COUNTERCLAIM
OF CSFB 1991 - C1 ROYALL STREET, LLC**

Defendants-in-Counterclaim Gerald Fineberg and William Langelier ("Defendants-in-Counterclaim") hereby answer the Counterclaim of Defendant/Plaintiff-in-Counterclaim CSFB 1991-C1 Royall Street, LLC ("CSFB").

## INTRODUCTION

The introduction to the Counterclaim contains no allegations of fact as to which a response is required. To the extent a response is required, Defendants-in-Counterclaim deny those allegations.

## PARTIES

1. Defendants-in-Counterclaim are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaim.

2. Defendants-in-Counterclaim admit the allegations contained in paragraph 2 of the Counterclaim.

3. Defendants-in-Counterclaim admit the allegations contained in paragraph 3 of the Counterclaim.

4. Defendants-in-Counterclaim admit the allegations contained in paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Counterclaim contains legal conclusions as to which no response is required. To the extent that paragraph 5 of the Counterclaim contains factual allegations, Defendants-in-Counterclaim deny those allegations.

6. Paragraph 6 of the Counterclaim contains legal conclusions as to which no response is required. To the extent that paragraph 6 of the Counterclaim contains factual allegations, Defendants-in-Counterclaim deny those allegations.

## **FACTUAL BACKGROUND**

7. With respect to paragraph 7 of the Counterclaim, Defendants-in-Counterclaim admit that Blue Hills Office Park, LLC ("Blue Hills") borrowed a sum of money from Credit Suisse First Boston Mortgage Capital LLC.

8. With respect to paragraph 8 of the Counterclaim, Defendants-in-Counterclaim admit that the loan was secured by a mortgage on Blue Hills' property located at 150 Royall Street, Canton, Massachusetts (the "Property") and further answer that the terms of the documents referenced in paragraph 8 of the Counterclaim speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 8 of the Counterclaim.

9. With respect to paragraph 9 of the Counterclaim, Defendants-in-Counterclaim admit that the Property includes a two-story brick building containing approximately 275,000 square feet of space.

10. Defendants-in-Counterclaim admit the allegations contained in paragraph 10 of the Counterclaim.

11. Defendants-in-Counterclaim admit the allegations contained in paragraph 11 of the Counterclaim.

12. Defendants-in-Counterclaim admit that paragraph 12 of the Counterclaim contains a quotation taken from paragraph 10(a) of the Mortgage Agreement, the terms of which speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 12 of the Counterclaim.

13. With respect to paragraph 13 of the Counterclaim, Defendants-in-Counterclaim state that the terms of the Mortgage Agreement speak for themselves and deny the remaining allegations contained in paragraph 13 of the Counterclaim.

14. Defendants-in-Counterclaim admit that paragraph 14 of the Counterclaim contains a quotation taken from a UCC Financing Statement, the terms of which speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 14 of the Counterclaim.

15. Paragraph 15 of the Counterclaim contains conclusions of law as to which no response is required.

16. Defendants-in-Counterclaim admit the allegations contained in paragraph 16 of the Counterclaim.

17-21. Paragraphs 17-21 of the Counterclaim contain conclusions of law as to which no response is required. Defendants-in-Counterclaim deny the remaining allegations contained in paragraphs17-21 of the Counterclaim.

22. With respect to paragraph 22 of the Counterclaim, Defendants-in-Counterclaim admit that they executed a document titled "Guaranty" on or about September 14, 1999 and further answer that the terms of that document speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 22 of the Counterclaim.

23. Paragraph 23 of the Counterclaim contains a quotation taken from certain provisions of the Guaranty, the terms of which speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 23 of the Counterclaim.

24. Paragraph 24 of the Counterclaim contains a legal conclusion as to which no response is required.

25. With respect to paragraph 25 of the Counterclaim, Defendants-in-Counterclaim state that the terms of the decision of the Zoning Board of Appeals of the Town of Canton to

grant a special permit to Blueview Corporate Center LLC speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 25 of the Counterclaim.

26. With respect to paragraph 26 of the Counterclaim, Defendants-in-Counterclaim admit that Blue Hills filed a Complaint in Norfolk Superior Court appealing the decision of the Zoning Board of Appeals of the Town of Canton. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 26 of the Counterclaim.

27. With respect to paragraph 27 of the Counterclaim, Defendants-in-Counterclaim state that the terms of the Complaint speak for themselves and deny the remaining allegations contained in paragraph 27 of the Counterclaim.

28. With respect to paragraph 28 of the Counterclaim, Defendants-in-Counterclaim admit that Blue Hills entered into a settlement in connection with its Complaint, the terms of which speak for themselves, and deny the remaining allegations contained in paragraph 28 of the Counterclaim.

29. With respect to paragraph 29 of the Counterclaim, Defendants-in-Counterclaim admit that Blue Hills entered into a settlement in connection with its Complaint, the terms of which speak for themselves, and further answer that Blue Hills did not notify nor obtain prior written consent, nor was it required to obtain consent from CSFB before entering into the settlement. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 29 of the Counterclaim.

30. With respect to paragraph 30 of the Counterclaim, Defendants-in-Counterclaim admit that Blue Hills entered into a settlement in connection with its Complaint, the terms of which speak for themselves, and further answer that Blue Hills did not notify or obtain prior written consent, nor was it required to obtain consent from CSFB, before entering into the

settlement. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 30 of the Counterclaim.

31. Defendants-in-Counterclaim deny the allegations contained in paragraph 31 of the Counterclaim.

32. With respect to paragraph 32 of the Counterclaim, Defendants-in-Counterclaim admit that Blue Hills did not deposit any payment with the Clearing Bank and has not conveyed the settlement payment to CSFB, nor was it required to do so. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 32 of the Counterclaim.

33. Defendants-in-Counterclaim are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Counterclaim.

34. With respect to paragraph 34 of the Counterclaim, Defendants-in-Counterclaim admit that the Complaint was dismissed.

35. With respect to paragraph 35 of the Counterclaim, Defendants-in-Counterclaim admit that a Stipulation of Dismissal was filed with the Norfolk Superior Court and that Blue Hills did not provide a copy of the Stipulation of Dismissal to CSFB. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 35 of the Counterclaim.

36. With respect to paragraph 36 of the Counterclaim, Defendants-in-Counterclaim admit that they believe that the subject parking garage may have been constructed in whole or in part at Equiserve's request and deny the remaining allegations contained in paragraph 36 of the Counterclaim.

37. Defendants-in-Counterclaim deny the allegations contained in paragraph 37 of the Counterclaim.

- 7 -

38. With respect to paragraph 38 of the Counterclaim, Defendants-in-Counterclaim admit that Equiserve's lease expired and that Equiserve vacated the subject property as of July 31, 2004. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 38 of the Counterclaim.

39. With respect to paragraph 39 of the Counterclaim, Defendants-in-Counterclaim admit that they received notice of the intent to foreclose on the Property and further answer that the terms of that notice speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 39 of the Counterclaim.

40. With respect to paragraph 40 of the Counterclaim, Defendants-in-Counterclaim admit that a foreclosure sale of the Property occurred, but are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 40 of the Counterclaim.

41. With respect to paragraph 41 of the Counterclaim, Defendants-in-Counterclaim admit that CSFB forwarded a letter to their counsel dated April 20, 2005 and further states that the terms of that letter speak for themselves. Defendants-in-Counterclaim deny the remaining allegations contained in paragraph 41 of the Counterclaim.

42. Defendants-in-Counterclaim admit the allegations contained in paragraph 42 of the Counterclaim.

### COUNT I
(v. Blue Hills)
(Breach of Contract-Mortgage)

43. Defendants-in-Counterclaim incorporate and restate their answers to the allegations contained in paragraphs 1 through 42 of the Counterclaim.

44. No response is required because the allegations contained in paragraph 44 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 44 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 44 of the Counterclaim.

45. No response is required because the allegations contained in paragraph 45 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 45 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 45 of the Counterclaim.

### COUNT II
(v. Blue Hills)
(Breach of Contract-Cash Management Agreement)

46. Defendants-in-Counterclaim incorporate and restate their answers to the allegations contained in paragraphs 1 through 45 of the Counterclaim.

47. No response is required because the allegations contained in paragraph 47 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 47 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 47 of the Counterclaim.

48. No response is required because the allegations contained in paragraph 48 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 48 of

the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 48 of the Counterclaim.

49. No response is required because the allegations contained in paragraph 49 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 49 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 49 of the Counterclaim.

## COUNT III
(v. Blue Hills)
(Breach of Implied Covenant of Good Faith and Fair Dealing)

50. Defendants-in-Counterclaim incorporate and restate their answers to the allegations contained in paragraphs 1 through 49 of the Counterclaim.

51. No response is required because the allegations contained in paragraph 51 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 51 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 51 of the Counterclaim.

52. No response is required because the allegations contained in paragraph 52 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 52 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 52 of the Counterclaim.

53. No response is required because the allegations contained in paragraph 53 of the Counterclaim are not directed to Defendants-in-Counterclaim. To the extent that paragraph 53 of the Counterclaim contains allegations against Defendants-in-Counterclaim, Defendants-in-Counterclaim deny the allegations contained in paragraph 53 of the Counterclaim.

## COUNT IV
(v. all Defendants)

(Intentional Misrepresentation)

54. Defendants-in-Counterclaim incorporates and restates its answers to Paragraphs 1 through 53 above.

55. Defendants-in-Counterclaim deny the allegations contained in Paragraph 55 of the Counterclaim.

56. Defendants-in-Counterclaim deny the allegations contained in Paragraph 56 of the Counterclaim.

57. Defendants-in-Counterclaim deny the allegations contained in Paragraph 57 of the Counterclaim.

58. Defendants-in-Counterclaim deny the allegations contained in Paragraph 58 of the Counterclaim.

59. Defendants-in-Counterclaim deny the allegations contained in Paragraph 59 of the Counterclaim.

60. Defendants-in-Counterclaim deny the allegations contained in Paragraph 60 of the Counterclaim.

61. Fineberg deny the allegations contained in Paragraph 61 of the Counterclaim.

## **COUNT V**
(v. Langelier and Fineberg)
(Guaranty)

62. Defendants-in-Counterclaim incorporate and restate their answers to Paragraphs 1 through 61 above.

63. Defendants-in-Counterclaim deny the allegations contained in Paragraph 63 of the Counterclaim.

64. Defendants-in-Counterclaim deny the allegations contained in Paragraph 64 of the Counterclaim.

65. Defendants-in-Counterclaim deny the allegations contained in Paragraph 65 of the Counterclaim.

66. Defendants-in-Counterclaim deny the allegations contained in Paragraph 66 of the Counterclaim.

## COUNT VI
(v. all Defendants)
(M.G.L. c. 93A)

67. Defendants-in-Counterclaim incorporate and restate its answers to Paragraphs 1 through 66 above.

68. Defendants-in-Counterclaim deny the allegations contained in Paragraph 68 of the Counterclaim.

69. Defendants-in-Counterclaim deny the allegations contained in Paragraph 69 of the Counterclaim.

70. Defendants-in-Counterclaim deny the allegations contained in Paragraph 70 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

CSFB has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

CSFB's claims are barred by doctrine of unclean hands.

<u>Third Affirmative Defense</u>

CSFB's claims are barred by the doctrines of waiver and estoppel.

<u>Fourth Affirmative Defense</u>

CSFB's claims are barred by the doctrine of laches.

<u>Fifth Affirmative Defense</u>

CSFB's claims are barred by its own breaches of, *inter alia*, the Mortgage Agreement, Note and Cash Management Agreement.

<u>Sixth Affirmative Defense</u>

To the extent CSFB claims to have suffered damages, CSFB has failed to mitigate those damages.

<u>Seventh Affirmative Defense</u>

To the extent that CSFB claims to have suffered damages, any damages suffered by CSFB were caused by CSFB or the acts of third parties and not by Blue Hills, William Langelier or Gerald Fineberg.

                         Defendants-in-Counterclaim,
GERALD FINEBERG and
WILLIAM LANGELIER
By their attorneys,

/s/ Peter B. McGlynn

Dated: July 13, 2005      Peter B. McGlynn, Esq. BBO# 333660
Meredith A. Swisher, Esq. BBO# 646866
BERNKOPF GOODMAN LLP
125 Summer Street, 13th floor
Boston, Massachusetts 02110
(617) 790-3000
pmcglynn@bg-llp.com
mswisher@bg-llp.com

#312382 v2/14500/9985/mas