UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as<br>Trustee for the Registered Holders of<br>Credit Suisse First Boston Mortgage<br>Securities Corp., Commercial Mortgage<br>Pass-Through Certificates, Series 1999-C1,<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET,<br>LLC,<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

## ANSWER OF PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM BLUE HILLS OFFICE PARK LLC TO COUNTERCLAIM OF J.P. MORGAN CHASE BANK, TRUSTEE

Plaintiff/Defendant-in-Counterclaim Blue Hills Office Park LLC ("Blue Hills") hereby answers the Counterclaim of Defendant/Plaintiff-in-Counterclaim J.P. Morgan Chase Bank, Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 ("J.P. Morgan"):

### INTRODUCTION

The introduction to the Counterclaim contains no allegations of fact as to which a response is required. To the extent a response is required, Blue Hills denies those allegations.

## PARTIES

1.  Blue Hills is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaim.

2.  Blue Hills admits the allegations contained in paragraph 2 of the Counterclaim.

3.  Blue Hills admits the allegations contained in paragraph 3 of the Counterclaim.

4.  Blue Hills admits the allegations contained in paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5.  Paragraph 5 of the Counterclaim contains legal conclusions as to which no response is required. To the extent that paragraph 5 of the Counterclaim contains factual allegations, Blue Hills denies those allegations.

6.  Paragraph 6 of the Counterclaim contains legal conclusions as to which no response is required. To the extent that paragraph 6 of the Counterclaim contains factual allegations, Blue Hills denies those allegations.

## FACTUAL BACKGROUND

7.  With respect to paragraph 7 of the Counterclaim, Blue Hills admits that it borrowed a sum of money from Credit Suisse First Boston Mortgage Capital LLC.

8.  With respect to paragraph 8 of the Counterclaim, Blue Hills admits that the loan was secured by a mortgage on Blue Hills' property located at 150 Royall Street, Canton, Massachusetts (the "Property") and further answers that the terms of the documents referenced in paragraph 8 of the Counterclaim speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 8 of the Counterclaim.

9. With respect to paragraph 9 of the Counterclaim, Blue Hills admits that the Property includes a two-story brick building containing approximately 275,000 square feet of space.

10. Blue Hills admits the allegations contained in paragraph 10 of the Counterclaim.

11. Blue Hills admits the allegations contained in paragraph 11 of the Counterclaim.

12. Blue Hills admits that paragraph 12 of the Counterclaim contains a quotation taken from paragraph 10(a) of the Mortgage Agreement, the terms of which speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 12 of the Counterclaim.

13. With respect to paragraph 13 of the Counterclaim, Blue Hills states that the terms of the Mortgage Agreement speak for themselves and denies the remaining allegations contained in paragraph 13 of the Counterclaim.

14. Paragraph 14 of the Counterclaim contains a quotation taken from a UCC Financing Statement, the terms of which speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 14 of the Counterclaim.

15. Paragraph 15 of the Counterclaim contains conclusions of law as to which no response is required.

16. Blue Hills admits the allegations contained in paragraph 16 of the Counterclaim.

17-21. Paragraphs 17-21 of the Counterclaim contain conclusions of law as to which no response is required. Blue Hills denies the remaining allegations contained in paragraphs 17-21 of the Counterclaim.

22. With respect to paragraph 22 of the Counterclaim, Blue Hills admits that Messrs. Fineberg and Langelier executed a document titled "Guaranty" on or about September 14, 1999

and further answers that the terms of that document speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 22 of the Counterclaim.

23.     Paragraph 23 of the Counterclaim contains a quotation taken from certain provisions of the Guaranty, the terms of which speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 23 of the Counterclaim.

24.     Paragraph 24 of the Counterclaim contains a legal conclusion as to which no response is required.

25.     With respect to paragraph 25 of the Counterclaim, Blue Hills states that the terms of the decision of the Zoning Board of Appeals of the Town of Canton to grant a special permit to Blueview Corporate Center LLC speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 25 of the Counterclaim.

26.     With respect to paragraph 26 of the Counterclaim, Blue Hills admits that it filed a Complaint in Norfolk Superior Court appealing the decision of the Zoning Board of Appeals of the Town of Canton. Blue Hills denies the remaining allegations contained in paragraph 26 of the Counterclaim.

27.     With respect to paragraph 27 of the Counterclaim, Blue Hills states that the terms of its Complaint speak for themselves and denies the remaining allegations contained in paragraph 27 of the Counterclaim.

28.     With respect to paragraph 28 of the Counterclaim, Blue Hills admits that it entered into a settlement in connection with its Complaint, the terms of which speak for themselves, and denies the remaining allegations contained in paragraph 28 of the Counterclaim.

29.     With respect to paragraph 29 of the Counterclaim, Blue Hills admits that it entered into a settlement in connection with its Complaint, the terms of which speak for

themselves, and further answers that it did not notify nor obtain prior written consent, nor was it required to obtain consent from J.P. Morgan before entering into the settlement. Blue Hills denies the remaining allegations contained in paragraph 29 of the Counterclaim.

30. With respect to paragraph 30 of the Counterclaim, Blue Hills admits that it entered into a settlement in connection with its Complaint, the terms of which speak for themselves, and further answers that it did not notify or obtain prior written consent, nor was it required to obtain consent from J.P. Morgan before entering into the settlement. Blue Hills denies the remaining allegations contained in paragraph 30 of the Counterclaim.

31. Blue Hills denies the allegations contained in paragraph 31 of the Counterclaim.

32. With respect to paragraph 32 of the Counterclaim, Blue Hills admits that it did not deposit any payment with the Clearing Bank and has not conveyed the settlement payment to J.P. Morgan, nor was it required to do so. Blue Hills denies the remaining allegations contained in paragraph 32 of the Counterclaim.

33. Blue Hills is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Counterclaim.

34. With respect to paragraph 34 of the Counterclaim, Blue Hills admits that its Complaint was dismissed.

35. With respect to paragraph 35 of the Counterclaim, Blue Hills admits that a Stipulation of Dismissal was filed with the Norfolk Superior Court and that Blue Hills did not provide a copy of the Stipulation of Dismissal to J.P. Morgan. Blue Hills denies the remaining allegations contained in paragraph 35 of the Counterclaim.

36. With respect to paragraph 36 of the Counterclaim, Blue Hills admits that it believes that the subject parking garage may have been constructed in whole or in part at

Equiserve's request and denies the remaining allegations contained in paragraph 36 of the Counterclaim.

37. Blue Hills denies the allegations contained in paragraph 37 of the Counterclaim.

38. With respect to paragraph 38 of the Counterclaim, Blue Hills admits that Equiserve's lease expired and that Equiserve vacated the subject property as of July 31, 2004. Blue Hills denies the remaining allegations contained in paragraph 38 of the Counterclaim.

39. With respect to paragraph 39 of the Counterclaim, Blue Hills admits that it received notice of the intent to foreclose on the Property and further answers that the terms of that notice speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 39 of the Counterclaim.

40. With respect to paragraph 40 of the Counterclaim, Blue Hills admits that a foreclosure sale of the Property occurred, but is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 40 of the Counterclaim.

41. With respect to paragraph 41 of the Counterclaim, Blue Hills admits that a letter dated April 20, 2005 was forwarded to Blue Hills' counsel and further states that the terms of that letter speak for themselves. Blue Hills denies the remaining allegations contained in paragraph 41 of the Counterclaim.

42. Blue Hills admits the allegations contained in paragraph 42 of the Counterclaim.

## COUNT I
(v. Blue Hills)
(Breach of Contract-Mortgage)

43. Blue Hills incorporates and restates its answers to the allegations contained in paragraphs 1 through 42 of the Counterclaim.

44. Blue Hills denies the allegations contained in paragraph 44 of the Counterclaim.

45. Blue Hills denies the allegations contained in paragraph 45 of the Counterclaim.

## COUNT II
(v. Blue Hills)
(Breach of Contract-Cash Management Agreement)

46. Blue Hills incorporates and restates its answers to the allegations contained in paragraphs 1 through 45 of the Counterclaim.

47. Blue Hills denies the allegations contained in paragraph 47 of the Counterclaim.

48. Blue Hills denies the allegations contained in paragraph 48 of the Counterclaim.

49. Blue Hills denies the allegations contained in paragraph 49 of the Counterclaim.

## COUNT III
(v. Blue Hills)
(Breach of Implied Covenant of Good Faith and Fair Dealing)

50. Blue Hills incorporates and restates its answers to the allegations contained in paragraphs 1 through 49 of the Counterclaim.

51. Paragraph 51 of the Counterclaim contains a legal conclusion as to which no response is required.

52. Blue Hills denies the allegations contained in paragraph 52 of the Counterclaim.

53. Blue Hills denies the allegations contained in paragraph 53 of the Counterclaim.

## COUNT IV
(v. all Defendants)
(Intentional Misrepresentation)

54. Blue Hills incorporates and restates its answers to the allegations contained in paragraphs 1 through 53 of the Counterclaim.

55. Blue Hills denies the allegations contained in paragraph 55 of the Counterclaim.

56. Blue Hills denies the allegations contained in paragraph 56 of the Counterclaim.

57. Blue Hills denies the allegations contained in paragraph 57 of the Counterclaim.

58. Blue Hills denies the allegations contained in paragraph 58 of the Counterclaim.

59. Blue Hills denies the allegations contained in paragraph 59 of the Counterclaim.

60. Blue Hills denies the allegations contained in paragraph 60 of the Counterclaim.

61. Blue Hills denies the allegations contained in paragraph 61 of the Counterclaim.

## COUNT V
(v. Langelier and Fineberg)
(Guaranty)

62. Blue Hills incorporates and restates its answers to the allegations contained in paragraphs 1 through 61 of the Counterclaim.

63. No response is required because the allegations contained in paragraph 63 of the Counterclaim are not directed to Blue Hills. To the extent paragraph 63 of the Counterclaim contains allegations against Blue Hills, Blue Hills denies those allegations.

64. No response is required because the allegations contained in paragraph 64 of the Counterclaim are not directed to Blue Hills. To the extent paragraph 64 of the Counterclaim contains allegations against Blue Hills, Blue Hills denies those allegations.

65. No response is required because the allegations contained in paragraph 65 of the Counterclaim are not directed to Blue Hills. To the extent paragraph 65 of the Counterclaim contains allegations against Blue Hills, Blue Hills denies those allegations.

66. No response is required because the allegations contained in paragraph 66 of the Counterclaim are not directed to Blue Hills. To the extent paragraph 66 of the Counterclaim contains allegations against Blue Hills, Blue Hills denies those allegations.

## COUNT VI
(v. all Defendants)
(M.G.L. c. 93A)

67. Blue Hills incorporates and restates its answers to the allegations contained in paragraphs 1 through 66 of the Counterclaim.

68. Blue Hills denies the allegations contained in paragraph 68 of the Counterclaim.

69. Blue Hills denies the allegations contained in paragraph 69 of the Counterclaim.

70. Blue Hills denies the allegations contained in paragraph 70 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

J.P. Morgan has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

J.P. Morgan's claims are barred by doctrine of unclean hands.

### Third Affirmative Defense

J.P. Morgan's claims are barred by the doctrines of waiver and estoppel.

### Fourth Affirmative Defense

J.P. Morgan's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense

J.P. Morgan's claims are barred by its own breaches of, *inter alia*, the Mortgage Agreement, Note and Cash Management Agreement.

### Sixth Affirmative Defense

To the extent J.P. Morgan claims to have suffered damages, J.P. Morgan has failed to mitigate those damages.

<u>Seventh Affirmative Defense</u>

To the extent that J.P. Morgan claims to have suffered damages, any damages suffered by J.P. Morgan were caused by J.P. Morgan or the acts of third parties and not by Blue Hills, William Langelier or Gerald Fineberg.

Dated: December 30, 2005

Plaintiff/Defendants-in-Counterclaim,
BLUE HILLS OFFICE PARK LLC
By its attorneys,

/s/ Meredith A. Swisher
Peter B. McGlynn, Esq. BBO# 333660
Meredith A. Swisher, Esq. BBO# 646866
BERNKOPF GOODMAN LLP
125 Summer Street, 13th floor
Boston, Massachusetts 02110
(617) 790-3000
pmcglynn@bg-llp.com
mswisher@bg-llp.com

#329672 v1/14500/9985