UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>    Plaintiff, Defendant-in-Counterclaim.<br><br>    v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the<br>Registered Holders of Credit Suisse First Boston<br>Mortgage Securities Corp., Commercial Mortgage<br>Pass-Through Certificates, Series 1999-C1,<br><br>    Defendant,<br><br>    and<br><br>CSFB 1999–C1 ROYALL STREET, LLC;<br><br>    Defendant, Plaintiff-in-Counterclaim,<br><br>    v.<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br><br>    Defendants-in-Counterclaim. | Civil Action No.  05-CV-10506 (WJY) |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION OF DEFENDANTS AND COUNTERCLAIMANTS TO COMPEL DEPOSITION OF GERALD FINEBERG**

Pursuant to Fed. R. Civ. P. 37(d), Defendants and Counterclaimants CSFB 1999-C1 Royall Street, LLC ("CSFB") and J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") (collectively, the "Lenders") have moved to compel Defendant-in-Counterclaim Gerald Fineberg to appear for deposition on Tuesday, March 28, 2006 at 9:30 a.m.  In support of their motion, the Lenders state the following:

1.      This case involves two sets of claims arising in connection with a $33 million mortgage loan by the Lenders' assignor to Blue Hills Office Park, LLC ("Blue Hills"): (1) Blue Hills' Second Amended Complaint against the Lenders, claiming wrongful foreclosure of the mortgaged property in breach of the Loan Documents entered into between the parties (or the parties' predecessors-in-interest); and (2) the Lenders' Counterclaim against Blue Hills and its principals, William Langelier and Gerald Fineberg, for misappropriating parts of the mortgaged property in breach of the Loan Documents and in violation of M.G.L. c. 93A, and for refusal to make payment under a Guaranty under which they are personally liable for a $10.77 million foreclosure sale deficiency.

2.      On July 27, 2005, the Court entered a Scheduling Order in this case.  The schedule requires all fact discovery, including all non-expert depositions, to be completed by March 17, 2006; expert disclosures to be completed by March 31, 2006; expert depositions to be completed by April 21, 2006; and dispositive motions to be filed by May 17, 2006.  A copy of the Scheduling Order is attached hereto as Exhibit A.

3.      On January 30, 2006, the Lenders noticed seven depositions, including the depositions of Defendant-in-Counterclaim Gerald Fineberg, who is a principal of Blue Hills, and Ken Goldberg, Blue Hills' transactional counsel.  The Lenders noticed Mr. Fineberg's deposition for March 2, 2006 and Mr. Goldberg's deposition for March 9, 2006.

4.      On February 8, 2006, counsel for all parties agreed on a deposition schedule for the seven depositions that the Lenders had noticed, as well as an equal number of depositions noticed by the Defendants-in-Counterclaim.  Counsel agreed that the depositions of Mr. Fineberg and Mr. Goldberg would take place on March 14 and 16, 2006.

5.     Thereafter, counsel for Defendants-in-Counterclaim reported that Messrs. Fineberg and Goldberg were not available on March 14 and 16, 2006, but were available on March 21 and 23, 2006, and requested that counsel for the Lenders agree to depose them on those dates, notwithstanding the factual discovery cut-off date of March 17, 2006. As a courtesy and accommodation to counsel for the Defendants-in-Counterclaim, Lenders' counsel so agreed. On February 27, 2006, counsel for the Defendants-in-Counterclaim confirmed that Messrs. Fineberg and Goldberg would appear for their depositions on March 21 and 23, 2006, respectively. A copy of counsel's February 27, 2006 letter is attached hereto as Exhibit B.

6.     On March 15, 2006, counsel for Defendants-in-Counterclaim reported that Mr. Goldberg would not be available on March 23, 2006 after all and requested that his deposition occur during the first week of April, 2006. Because Mr. Goldberg's anticipated testimony does not implicate any issues that would be the subject of expert testimony, counsel for the Lenders agreed to depose Mr. Goldberg on April 7, 2006.

7.     Shortly thereafter, counsel for Defendants-in-Counterclaim reported that Mr. Fineberg was suddenly unavailable for his deposition on March 21, 2006 because it was inconvenient for him. Lenders' counsel responded that the deposition should go forward because anticipated testimony of Mr. Fineberg could relate to issues, including damages, that would be the subject of expert testimony, and expert disclosures are due on March 31, 2006. The Lenders' counsel offered to depose Mr. Fineberg later during the week of March 20 or early during the week of March 27, 2006 in order to obtain Mr. Fineberg's testimony before the March 31 deadline for expert disclosures.

8.     Defendants-in-Counterclaim's counsel responded that Mr. Fineberg had other commitments and was unavailable and offered to produce him only during the first week of

- 3 -

April, after expert disclosures would be made on March 31, 2006. Counsel for Defendants-in-Counterclaim offered to move the expert disclosure date until April 7, 2006. Lenders' counsel declined because this would truncate an already accelerated expert deposition period from a challenging three weeks to a difficult, if not impossible, two weeks.

9.      Lenders' counsel requested that Mr. Fineberg appear on March 23, 2006, when counsel were available. Yesterday, counsel for Defendants-in-Counterclaim reported that Mr. Fineberg was simply too busy and unavailable to be deposed until the first week of April. An exchange of letters between counsel on this subject is attached hereto as Exhibits C, D, and E.

10.      The failure of Mr. Fineberg to appear for his deposition on the date agreed to over a month ago is unfair and prejudicial. Defendants-in-Counterclaim have offered no good reason for Mr. Fineberg's failure to appear this week or next other than an unidentified personal matter and his busy schedule. The Lenders have produced on the dates agreed to by counsel all seven witnesses whose depositions the Defendants-in-Counterclaim noticed. Defendants-in-Counterclaim have failed to do the same without adequate justification.

11.      To enable the Lenders to meet the expert disclosure deadline of March 31, 2006, and to complete expert depositions by the deadline of April 21, as required by the Court-ordered schedule, the Lenders request that the Court order Mr. Fineberg to appear for his deposition on Tuesday, March 28, 2006.

## CONCLUSION

WHEREFORE, the Lenders request that the Court enter an order compelling Mr. Fineberg to appear for his deposition on Tuesday, March 28, 2006 at 9:30 a.m. at the offices

~BOST1:412204.v1

of Lenders' counsel. The Lenders also request an award of attorneys' fees incurred in bringing this motion.

Respectfully submitted,

CSFB 1999-C1 ROYALL STREET, LLC,
and J.P. MORGAN CHASE BANK, as
Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities
Corp., Commercial Mortgage Pass-Through
Certificates, Series 1999-C1,

By their attorneys,

/s/ Bruce E. Falby
E. Randolph Tucker, BBO #503845
Bruce E. Falby, BBO #544143
Bruce S. Barnett, BBO #647666
Traci S. Feit, BBO #660688
DLA PIPER RUDNICK GRAY CARY US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000

Dated: March 23, 2006

- 5 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

BLUE HILLS OFFICE PARK LLC,  )
    Plaintiff/Defendant-in-  )
    Counterclaim  )
      )
v.  )    Civil Action No. 05-CV-10506 (WGY)
      )
CREDIT SUISSE FIRST BOSTON  )
MORTGAGE SECURITIES CORP.,  )
    Defendant.  )
      )    *July 27, 2005*
and  )    YOUNG, D.J. *as modified*
      )    So ordered as the case management
CSFB 1999 – C1 ROYALL STREET, LLC  )    scheduling order.
    Defendant/Plaintiff-in-  )    Discovery due *April 21, 2006*
    Counterclaim  )    Dispositive Motions due *May 17, 2006*
      )
and  )    *William G. Young*
      )    U.S. District Judge
WILLIAM LANGELIER and GERALD  )
FINEBERG,  )
    Defendants-in-Counterclaim  )

## REVISED LOCAL RULE 16.1(D) JOINT STATEMENT

    Pursuant to Federal R. Civ. P. 16, Local Rule 16.1, Fed.R.Civ.P. 26(f) and Local Rule 26.1, the parties, having conferred as required by Local Rule 16.1(B), hereby submit this revised Local Rule 16.1(D) Joint Statement for the Court's consideration.

## I.    AGENDA FOR SCHEDULING CONFERENCE

    The parties propose that the pre-trial matters set forth herein be discussed during the scheduling conference.

## II.    INITIAL DISCLOSURE - RULE 26(a)(1) and LOCAL RULE 26.2

The parties have agreed that they will exchange required automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 31, 2005.  At this stage, the parties believe that they may benefit from phased discovery with the opportunity for mediation after limited discovery has been completed during the initial discovery phase.

## III.    ALTERNATIVE DISPUTE RESOLUTION

The parties are willing to engage in mediation at the conclusion of the initial discovery phase.

## IV.    PROPOSED PRE-TRIAL SCHEDULE

A proposed pre-trial schedule, including a joint discovery plan and proposed schedule for the filing of motions, is as follows:

    A.    Initial Discovery Phase

| EVENT | COMPLETION DATE |
| --- | --- |
| • Service of Initial interrogatories (not more than 15), initial document requests and initial requests for admission (not more than 15). | September 15, 2005 |
| • Initial depositions (no more than 3 per each side of the versus) to be completed. | December 2, 2005 |

    B.    Mediation Phase

Non-binding mediation shall be completed by January 16, 2006.  Mediation statements shall be exchanged by the parties and submitted to the mediator not less than 10 days prior to the scheduled date of mediation.  Parties are free to also submit confidential statements to the mediator as well.

### C.    Final Discovery Phase

| EVENT | COMPLETION DATE |
|---|---|
| • Additional interrogatories (not more than additional 30), requests for admission (not than additional 30) and additional document requests served. | January 30, 2006 |
| • All fact discovery including all non-expert depositions to be completed. | March 17, 2006 |
| • Expert disclosures pursuant to Fed. R. Civ. 26(a)(2) to be completed. | March 31, 2006 |
| • Expert depositions completed | April 21, 2006 |
| • Dispositive motions filed. | May 17, 2006 |
| • Pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) completed. | August 25, 2006 |
| • Final pretrial conference. | September 1, 2006 |
| • Trial. | September 29, 2006 |

All dates set forth herein may be modified by written agreement of the parties and approval of the Court, or upon motion for good cause shown.

### V.    MAGISTRATE JUDGE

The parties do not consent to trial by magistrate judge at this time.

### VI.    OTHER MATTERS.

- Discovery Limits

Except as provided above, the parties accept the discovery event limits set forth in the Local Rules.

- Certification of Counsel and Parties Pursuant to LR 16.1(D)(3)

The parties and their counsel will file separate certifications in accordance with Local

Rule 16.1(D)(3).

Respectfully submitted,

Plaintiff
BLUE HILLS OFFICE PARK
By its attorneys,

Defendants
CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP., and
CSFB 1999 – C1 ROYALL STREET, LLC
By its attorneys,

/s/ Peter B. McGlynn
Peter B. McGlynn, Esq. BBO# 333660
Meredith A. Swisher, Esq. BBO# 646866
BERNKOPF GOODMAN LLP
125 Summer Street, 13th floor
Boston, Massachusetts 02110
(617) 790-3000
pmcglynn@bg-llp.com
mswisher@bg-llp.com

/s/ E. Randolph Tucker
E. Randolph Tucker (BBO# 503845)
Bruce E. Falby (BBO# 544143)
Bruce S. Barnett (BBO# 647668)
Traci S. Feit (BBO# 630668)
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, MA 02110-2613
617-406-6000

Dated:  July 26, 2005

~BOST1:377175.v2
306477-18

<u>**CERTIFICATE OF SERVICE**</u>

I, Peter McGlynn, hereby certify that, this 26th day of July 2005, the **Revised Local Rule 16.1(D) Joint Statement** was served upon all parties entitled to notice via electronic notice.

/s/ Peter B. McGlynn
Peter McGlynn

#316366 v1/14500/9985

# EXHIBIT B

B E R N K O P F
G O O D M A N | LLP

February 27, 2006

PETER B. MCGLYNN
DIRECT DIAL: (617) 790-3390
E-MAIL: PMCGLYNN@BG-LLP.COM

*Via Facsimile*

Bruce Falby, Esq.
DLA Piper Rudnick Gray Cary
One International Place
21st Floor
Boston, MA 02110-2600

Re:  *Blue Hills Office Park LLC v. Credit Suisse First Boston Mortgage Capital*
     Civil Action No. 05-10506 (WGY)

Dear Bruce:

This confirms the depositions of Gerald Fineberg on March 21st and Kenneth Goldberg on March 23rd. This also confirms my consent to extend the discovery deadline to depose these individuals on those dates.

Recently, you have complained to me about the alleged tardiness of Blue Hills Office Park, LLC and Messrs. Fineberg and Langelier's responses to your production requests, yet in the past week and a half we have received five "supplemental" documents packages from you. The last one was received within the past hour or so. Do you expect any more "supplements"? If so, please advise me when we may expect them.

I also note that in this morning's "supplement" you have included completely redacted copies of attorneys' invoices. If you plan on continuing to pursue legal fees in connection with your clients' Counterclaims, please forward copies of legal invoices to me immediately.

Very truly yours,

Peter B. McGlynn

PBM:kon
#333362 v1/14500/9985

125 SUMMER STREET
BOSTON, MA 02110-1621
617.790.3000    T
617.790.3000    F
WWW.BG-LLP.COM

# EXHIBIT C



**DLA Piper Rudnick Gray Cary US LLP**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BRUCE E. FALBY
bruce.falby@dlapiper.com
T 617.406.6020  F 617.406.6120

March 20, 2006

**BY FAX AND MAIL**

Peter B. McGlynn, Esq.
Bernkopf Goodman LLP
125 Summer Street, 13th Floor
Boston, MA  02110

  Re: *Blue Hills Office Park LLC v. Credit Suisse*
    *First Boston Mortgage Securities Corp., et al.*
    <u>Civil Action No. 05-CV-10506 (WGY)</u>

Dear Peter:

  As we discussed, I propose that we adjust our schedule slightly to provide that each side may serve non-mandatory rebuttal expert reports by April 14, 2006, and that expert depositions will take place the two weeks following that to be concluded by April 28, 2006.  The rest of the schedule would be unchanged.

  As we have also discussed, I need to depose Gerry Fineberg before expert disclosures are due next Friday, March 31, 2006.  On February 27, you agreed you would produce him tomorrow March 21, 2006.  If you are not available early next week, then I need to depose him this Thursday, March 23, 2006, when we were both scheduled to be at Ken Goldberg's deposition.

  This will also confirm that I have agreed to your request to move Ken Goldberg's deposition from March 23, 2006 to April 7, 2006.  To the extent his testimony is relevant to any issue involving expert testimony, we reserve our rights for our experts to rely on that testimony that is being taken at your request past the March 31 expert disclosure date.

    Sincerely,

    Bruce E. Falby

BEF/lnf

~BOST1:411859.v1
**Serving clients globally**

# EXHIBIT D



**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BRUCE E. FALBY
bruce.falby@dlapiper.com
T 617.406.6020  F 617.406.6120

March 21, 2006

**BY FAX AND MAIL**

Peter B. McGlynn, Esq.
Bernkopf Goodman LLP
125 Summer Street, 13th Floor
Boston, MA  02110

   Re: *Blue Hills Office Park LLC v. Credit Suisse*
     *First Boston Mortgage Securities Corp., et al.*
     <u>Civil Action No. 05-CV-10506 (WGY)</u>

Dear Peter:

  In response to my letter yesterday as to the need to depose Gerry Fineberg this week given your stated unavailability early next week, you have offered dates two weeks from now during the first week of April, and proposed that we delay expert disclosures by a week until April 7 or 10. Your explanation of why Mr. Fineberg was unavailable for his deposition today, the date we had agreed on weeks ago, was that it was inconvenient. Your explanation of why he is unavailable this Thursday or early next week is that it is inconvenient. This is unacceptable. Delaying the deposition until April and expert disclosures until April 7 or 10 truncates an already short expert deposition period to an unworkable two weeks and makes impossible an expert rebuttal period that I proposed yesterday that is in the interest of all parties.

  I had already agreed at your request to continue the depositions of Messrs. Fineberg and Goldberg from the March 14 and 16 dates on which I had noticed them, to March 21 and 23 – past the discovery cutoff of March 17 -- to accommodate their schedules. You committed to the March 21 and March 23 dates on February 27. I then agreed to your last minute request to move Mr. Goldberg to the first week of April but explained I can not do that for Mr. Fineberg whose testimony may relate to issues on which experts are opining. As I said in my letter yesterday, I am prepared to depose Mr. Fineberg this Thursday, when we are both available because I agreed to move Mr. Goldberg's deposition. If necessary, I can reschedule a meeting I have Friday to Thursday and take Mr. Fineberg's deposition this Friday. Otherwise, I will have to involve Judge Young to avoid prejudice to my clients caused by your clients' unjustified delay.

**Serving clients globally**



We on our side produced all our witnesses on the dates that you and I had agreed they would be deposed. Your failure to produce Messrs. Fineberg and Goldberg on the dates that you and I had agreed they would be produced is unreasonable, unjustified, and prejudicial.

Sincerely,

Bruce E. Falby

BEF/lnf

# EXHIBIT E

B E R N K O P F
G O O D M A N | LLP

March 22, 2006

*Via Facsimile*

PETER B. MCGLYNN
DIRECT DIAL: (617) 790-3390
E-MAIL: PMCGLYNN@BG-LLP.COM

Bruce E. Falby, Esq.
DLA Piper Rudnick Gray Cary US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447

Re:    *Blue Hills Office Park LLC v J.P. Morgan, et al.*
       Civil Action No. 05-10506-WGY

Dear Bruce:

Following our telephone conversation yesterday afternoon, I placed a call to Gerald Fineberg at his office and left a voicemail message to have him call me. I did not hear back from Mr. Fineberg until today. Mr. Fineberg reconfirmed his unavailability for the remainder of this week and next week, but reiterated his availability on April 4, 5 or 6, 2006.

As I reported to you previously, Mr. Fineberg advised me that the March 21, 2006 date for his deposition was extremely inconvenient due to an unexpected personal matter and that he was preparing for several business meetings which will require his presence back in Florida – his legal residence – for the remainder of this week and next. Additionally, I have repeatedly advised you that Mr. Fineberg is available April 4, 5 and 6, 2006 to be deposed in your office. I also offered to join with you in seeking Court permission to extend the date for the exchange of expert witness disclosures for one week until April 7, 2006 since you claim you needed to take Mr. Fineberg's deposition prior to the expert witness disclosure deadline.

As you know, we have both been extremely busy with discovery in this case since our unsuccessful mediation session with Judge Kass. This effort has included taking depositions in three different states. Thus far, you have taken the depositions of Daniel Frank, Joseph Donovan, Gilbert Stone, Lawrence Needle and William Langelier and plan to take Messrs. Fineberg and Goldberg's depositions; the latter on April 7, 2006.

While you have the right to depose Mr. Fineberg, I had honestly hoped that we could agree to hold Mr. Fineberg's deposition on one of the early April dates that I have offered. I am still hopeful that this can be done so that we can both avoid bothering Judge Young over this very minor discovery dispute. Mr. Fineberg has asked me to advise you that his involvement in the subject mortgage transaction and the events occuring therefrom was limited. Thus, in

Bruce E. Falby, Esq.                                    **B E R N K O P F**
March 22, 2006                                          **G O O D M A N** LLP
Page 2


light of this and the fact that you have already taken the depositions of all of the other people
involved in the subject transactions save for Kenneth Goldberg, I am hard pressed to see how
your clients will be prejudiced by taking Mr. Fineberg's deposition approximately a week
later than planned.

I again ask you to please reconsider deposing Mr. Fineberg on either April 4th, 5th or 6th.  I
will make myself available on all three of those dates.

Very truly yours,

Peter B. McGlynn


PBM:kon
#334819 v1/14500/9985