UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as<br>Trustee for the Registered Holders of<br>Credit Suisse First Boston Mortgage<br>Securities Corp., Commercial Mortgage<br>Pass-Through Certificates, Series 1999-C1,<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET,<br>LLC,<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

## OPPOSITION OF BLUE HILLS OFFICE PARK LLC, GERALD FINEBERG AND WILLIAM LANGELIER TO EMERGENCY MOTION TO COMPEL

### I. INTRODUCTION

Blue Hills Office Park LLC ("Blue Hills"), Gerald Fineberg ("Fineberg") and William Langelier ("Langelier") hereby oppose the Emergency Motion of Defendants and Counterclaimants to Compel Deposition of Gerald Fineberg ("Motion to Compel"). Despite being informed that Mr. Fineberg and counsel are available on April 4, 5 or 6, 2006, Defendants seek to compel the deposition of Mr. Fineberg on March 28, 2006, a date on which Mr. Fineberg is not available. Moreover, Mr. Fineberg's counsel, Peter McGlynn, Esq., also is unavailable on March 28, 2006, the date unilaterally chosen by Defendants. An Affidavit of Gerald Fineberg

("Fineberg Affidavit") and Affidavit of Peter McGlynn, Esq. ("McGlynn Affidavit") are filed contemporaneously herewith and incorporated herein by reference.

## II. ARGUMENT

### A. Summary of Claims

1. On or about August 31, 1999, Blue Hills and Credit Suisse First Boston Mortgage Capital LLC jointly executed a letter containing the terms and conditions under which Credit Suisse First Boston Mortgage Capital LLC[1] agreed to loan $33.1 million to Blue Hills (the "Loan") secured by a mortgage on Blue Hills' property located at 150 Royall Street, Canton, Massachusetts (the "Property"). The Loan closed on September 14, 1999 and additional Loan documents, including a Note, Mortgage Agreement and Cash Management Agreement, were dated as of September 14, 1999. By the above-captioned action, Blue Hills seeks, *inter alia*, damages for the Defendants' and their disclosed agents' multiple breaches of the Loan documents. Among the most serious Loan breaches were the Defendants' wrongful declaration that Blue Hills had defaulted on the Loan and its refusal to release to Blue Hills funds held in certain reserve accounts that would have enabled Blue Hills to meet Loan obligations. Defendant's wrongful actions, which culminated in a foreclosure sale of the Property, caused Blue Hills to suffer significant damages.

2. Defendants have asserted counterclaims against Blue Hills, Fineberg and Langelier alleging Loan-related breaches relating to Blue Hills' appeal of a zoning decision in 2003 in connection with the abutting property located at 250 Royall Street, Canton,

---

[1] Credit Suisse First Boston was the original Loan maker. Thereafter, Credit Suisse First Boston assigned all of its interests in and obligations under the Loan to defendants J.P. Morgan Chase Bank as Trustee for the Registered Holders of Credit Suisse Bank First Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1991-C1 and then to CSFB 1999-C1 Royall Street LLC.

Massachusetts, the settlement of that appeal ("Appeal") and the acceptance of settlement proceeds in exchange for the dismissal of the Appeal. Defendants assert that such violations triggered the personal liability of Fineberg and Langelier under a limited Guaranty executed in favor of Defendants dated September 14, 1999. Blue Hills, Fineberg and Langelier deny that the filing of the Appeal and acceptance of settlement proceeds in any way breached Blue Hills' obligations under the Loan Documents. Further, Blue Hills' actions did not trigger any of the narrow carve-outs to the non-recourse provisions of the Loan Documents which would have given rise to any personal liability of Fineberg or Langelier.

### B. Deposition Schedule

3.  As acknowledged by the Defendants, the Court entered a Scheduling Order on July 27, 2005 ("Order").

4.  While Defendants imply that Blue Hills, Fineberg and Langelier are in violation of the deadlines set forth in the Order, the parties have previously agreed to various changes in the discovery deadlines, none of which have adversely affected the deadlines for ultimate disposition of the case. For example, although the Order contemplated that each party would conduct three depositions on or before December 2, 2005, neither party noticed any depositions prior to December 2, 2005 as the parties were preparing to mediate this case before the Honorable Rudolph Kass on January 18, 2006. After a mediation before Judge Kass failed, the parties commenced deposition discovery.

5.  Collectively, the parties noticed a total of 17 depositions. The majority of the original dates noticed had to be changed to accommodate, *inter alia*, counsels' schedules, the deponents' schedules, and the necessity of travel arrangements.

6. On or about February 8, 2006 at a conference with counsel, counsel agreed to tentatively schedule certain depositions dates. Contrary to Defendants' representations to this Court, such agreement was made subject to the deponents' availability. The Defendants cannot assert in good faith that the dates set on February 8, 2006 were "firm" in that Defendants specifically represented that they had yet to confirm dates for the Wells Fargo representatives, and that they had not even been in contact with Credit Suisse First Boston Mortgage Capital LLC – the deposition for which was noticed for March 15, 2006 – with respect to an appropriate Rule 30(b)(6) witness.

7. While March 14 and March 16, 2006 for Messrs. Fineberg and Goldberg were discussed with Defendants' counsel as being tentative dates, Attorney McGlynn subsequently informed Defendants' counsel that Mr. Fineberg and Kenneth Goldberg, Esq. were not available on those dates as had been originally hoped.

8. From February 9, 2006 to the present, 12 depositions have occurred over the course of 11 full days. Some of these depositions have required counsel travel to both California and South Carolina and on one day, two depositions were conducted in two different states.[2]

### C. Defendants Have Already Deposed Five Key Witnesses

9. Of the seven depositions noticed by Defendants, Defendants have already completed five of them:

    a. Gilbert Stone, an accountant at Fineberg Management, Inc. ("FMI"), was deposed on February 9, 2006. FMI managed the Property;

    b. Joseph Donovan, Chief Financial Officer of FMI, was deposed on February 14, 2006;

---

[2] Joseph Rubino, former employee of Credit Suisse First Boston Mortgage Capital LLC, was deposed by counsel for Blue Hills in South Carolina on the same day - March 17, 2006 - that Defendants conducted the deposition of Lawrence Needle in Massachusetts.

4

      c.      Daniel Frank, President of FMI, was deposed on February 16, 2006;

      d.      William Langelier, Trustee of Royall Associates Trust, the sole member of Blue Hills, and a personal guarantor of the Loan was deposed for approximately 9.5 hours in California on March 10, 2006; and

      e.      Lawrence Needle, the Blue Hills property manager, was deposed on March 17, 2006.

10. Defendants have had the opportunity to depose almost all of the individuals involved in the transactions which are the subject of this litigation. As set forth in Fineberg Affidavit, Mr. Fineberg's knowledge of the relevant facts is not be greater – and might possibly be less than – than that of those already deposed. Finberg Affidavit, ¶ 12.

### D. It Would Be Unduly Burdensome For Mr. Fineberg To Be In Boston Before April 4, 2006

11. In late February, 2006, Mr. Fineberg, whose legal residence is in Florida, agreed to be deposed in Boston on March 21, 2006. However, due to an unexpected personal matter, he is unable to be deposed. *Id.*, ¶¶ 1 and 2.

12. Upon learning of his unavailability, Mr. Fineberg immediately contacted his counsel Peter McGlynn. Thereafter, the Defendants were promptly notified of Mr. Fineberg's unavailability and informed that Mr. Fineberg would be available on April 4, 5 or 6, 2006. Because of a series of meetings and conferences arranged several weeks ago, Mr. Fineberg is not available before March 31, 2006. *Id.* ¶¶ 2 and 3.

13. As set forth in his affidavit, Mr. Fineberg is 71 years old and tries to minimize his travel schedule as much as possible especially in the winter/early spring when travel in and out of Boston can be problematic. If forced to cancel his previously scheduled meetings to fly to Boston, Mr. Fineberg will be greatly and unnecessarily inconvenienced. *Id.* ¶ 4.

### E. Defendants Will Not Be Prejudiced By the Rescheduling of Mr. Fineberg's Deposition

14.     As Defendants have already agreed to conduct the deposition of Kenneth Goldberg, Esq. on April 7, 2006, a date <u>after</u> the deadlines for expert disclosures the completion of fact discovery, the Defendants' claim of prejudice is not credible.

15.     Mr. Goldberg is counsel for Blue Hills and Mr. Fineberg. Although depositions of counsel are not favored, Blue Hills has not objected to Mr. Goldberg's deposition testimony. As evidenced in the Motion to Compel, Defendants appear to have now determined that Mr. Goldberg's testimony is not sufficiently relevant to require that his deposition be conducted until after March 31, 2006, the deadline for disclosure of expert testimony. Absolutely no reason is proffered as to why it is necessary for Mr. Fineberg to be forced – at a great inconvenience and expense to him – to be available before March 31, 2006 while the testimony of Mr. Goldberg on April 7, 2006 can be accommodated.

16.     Furthermore, in Defendants' letter attached to the Motion to Compel as Exhibit "C," counsel for Defendants stated "we reserve our rights for our experts to rely on" Mr. Goldberg's testimony "that is being taken . . . past the March 31 expert disclosure date." That same reservation of rights could be made with respect to the testimony of Mr. Fineberg, and Defendants offer no reason for the distinction. Moreover, as stated *supra,*, Defendants have already deposed multiple witnesses, including Mr. Langelier, the other individual guarantor named in this lawsuit.

17.     Furthermore, even if, *arguendo*, Mr. Fineberg's testimony was necessary prior to the deadline for expert disclosures, Mr. Fineberg has offered to assent to a joint request to this Court for a one week extension of the expert deposition deadline. In fact, Defendants' counsel previously proposed that an extension be sought regarding the deadlines for conducting expert

6

depositions. See, Motion to Compel, Exhibit "C." If Defendants sincerely believe that Mr. Fineberg's testimony to be a crucial component of their expert disclosure(s), a one week extension would not prejudice either party nor would it significantly affect the schedule for adjudication of the case.

### F. Amending the Order May Be Necessary Given Defendants' Proposed Amended Counterclaim

18. Earlier today, Defendants served on Blue Hills a Motion to Impound, apparently in anticipation of a Motion to Amend Counterclaim to add additional claims. Depending on the nature of the proposed amended claims (assuming the motion to amend is allowed), the existing Order may need to be revised, both with respect to discovery and with respect to expert disclosures. A copy of the Motion to Impound is attached hereto and incorporated herein by reference as Exhibit "A."

19. Defendants' proposed Motion to Amend Counterclaim would be filed *after* the end of the discovery schedule. Putting aside any prejudice such a filing would have on Blue Hills, Fineberg and Langelier, it severely cuts against Defendants' putative urgency in deposing Mr. Fineberg.

### G. Attorney McGlynn is Not Available March 28, 2006

20. Even if, *arguendo*, the Court were inclined to grant Defendants' Motion to Compel, Mr. McGlynn is unavailable on March 28, 2006. As set forth in the McGlynn Affidavit, Mr. McGlynn has a previously scheduled doctor's appointment on that date. Mr. McGlynn's unavailability was conveyed to Defendants' counsel <u>before</u> the Motion to Compel was filed. McGlynn Affidavit, ¶ 3.

## III. REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Blue Hills, Fineberg and Langelier request a hearing on the Motion to Compel.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Compel should be denied. In the event that the Court is inclined to grant the Motion to Compel, Blue Hills, Fineberg and Langelier respectfully request this Court not to compel Mr. Fineberg's deposition for March 28, 2006 due to Attorney McGlynn's unavailability on that date.

BLUE HILLS OFFICE PARK LLC, WILLIAM LANGELIER AND GERALD FINEBERG,
By their attorneys,

/s/ Meredith A. Swisher
Peter B. McGlynn, Esq. BBO# 333660
Meredith A. Swisher, Esq. BBO# 646866
BERNKOPF GOODMAN LLP
125 Summer Street, 13th floor
Boston, Massachusetts 02110
(617) 790-3000
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated: March 23, 2006
#334814 v1/14500/9985

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>　　Plaintiff, Defendant-in-Counterclaim.<br><br>　　v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1,<br><br>　　and<br><br>CSFB 1999–C1 ROYALL STREET, LLC;<br><br>　　Defendants, Plaintiffs-in-Counterclaim,<br><br>　　v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>　　Defendants-in-Counterclaim. | Civil Action No. 05-CV-10506 (WGY) |

## **MOTION OF DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS TO IMPOUND**

Pursuant to Local Rule 7.2, defendants and counterclaim-plaintiffs J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999–C1 Royall Street, LLC ("CSFB") (together, the "Lenders") hereby move to impound their forthcoming motion for leave to amend their counterclaim and memorandum in support (together referred to herein as the "Motion to Amend"), which they plan to file on Friday, March 24, 2006. The Motion to Amend seeks to add factual bases for existing claims and new claims based on newly discovered evidence belatedly produced by defendants-in-

counterclaim. As required by Local Rule 7.2, the Lenders are moving to impound in advance of submitting the Motion to Amend itself.

Under a "Stipulation Regarding the Preservation of Confidential Materials," entered into by the parties to this action on or around December 6, 2005 (the "Stipulation," attached hereto as <u>Exhibit A</u>), the Lenders are required to file this motion in advance of filing their Motion to Amend, because some of the factual allegations set forth in the Motion to Amend are based on materials and information designated as "Confidential" by Blue Hills Office Park LLC, Gerald Fineberg, and William Langelier. Although the Lenders do not believe that the facts set forth in the Motion to Amend truly constitute "sensitive business information," as that term is used in the Stipulation, the Lenders nonetheless submit this motion in compliance with the Stipulation.

## CONCLUSION

For the above-stated reasons, the Lenders respectfully request that their Motion to Impound be granted.

Respectfully submitted,

CSFB 1999-C1 ROYALL STREET, LLC,
and J.P. MORGAN CHASE BANK, as
Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities
Corp., Commercial Mortgage Pass-Through
Certificates, Series 1999-C1,

By their attorneys,

/s/ Bruce E. Falby
E. Randolph Tucker, BBO #503845
Bruce E. Falby, BBO #544143
Bruce S. Barnett, BBO #647666
Traci S. Feit, BBO #660688
DLA PIPER RUDNICK GRAY CARY US LLP
33 Arch Street, 26th Floor
(617) 406-6000

Dated: March 23, 2006

-2-

~BOST1:412183.v2

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for CSFB and the Trustee certifies that he has conferred with Peter McGlynn, counsel for defendants-in-counterclaim Blue Hills Office Park LLC, William Langelier, and Gerald Fineberg, who has no objection to the motion to impound.

/s/ Bruce E. Falby
Bruce E. Falby

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>Plaintiff, Defendant-in-Counterclaim.<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1.,<br><br>Defendant, Plaintiff-in-Counterclaim<br><br>and<br><br>CSFB 1999 – C1 ROYALL STREET, LLC;<br><br>Defendant, Plaintiff-in-Counterclaim,<br><br>v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>Defendants-in-Counterclaim. | Civil Action No. 05-CV-10506 (WJY) |

## STIPULATION REGARDING THE
## PRESERVATION OF CONFIDENTIAL MATERIALS

The parties hereto, and their respective counsel, recognizing that the parties may possess information confidential in nature about which the parties desire to inquire during discovery and other proceedings in this case, but which should not be made available to the public generally, or to any third parties, hereby stipulate and agree as follows:

1.  The provisions of this Stipulation (the "Stipulation") shall govern the discovery, disclosure and use in the above-referenced action of all documents, deposition or other

testimony, interrogatory answers, responses to requests for admission, and other information produced or given to the parties in this action ("Materials").

2. In connection with this action, any party may designate any nonpublic Materials containing sensitive business information as reasonably determined by the party designating the materials as "Confidential" being produced by that party as "Confidential" under the terms of this Stipulation. The parties agree that, for purposes of this Stipulation, documents related to Blue Hill Office Park, LLC's settlement with DST Realty, Inc. and Blueview Corporate Center LLC constitute sensitive business information.

3. Any Material to be designated "Confidential" shall be so designated by stamping the Material with the legend "Confidential," prior to its production. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated.

4. Counsel for any party may object to the "Confidential" designation of any or all such material, but based only on the following grounds: (i) the material is already part of the public domain, (ii) the material has already been publicly disclosed by lawful means; or (iii) the material does not constitute sensitive business information. In such event, said counsel shall advise the parties within 30 days as to such objections and the reasons therefor. If the party making the "Confidential" designation objects to the proposed disclosure, all the items shall continue to be treated as Confidential Materials pending a resolution of the parties' dispute, and it shall be the obligation of the party objecting to the "Confidential" designation to obtain a reasonably prompt hearing after reasonable notice to all parties before this Court with respect to the propriety of the designation. In the event one party seeks such a hearing, the other parties will cooperate in obtaining a reasonably prompt hearing with respect thereto.

5.  If any party wishes to use or inquire about at any deposition, at trial or in any other hearing or proceeding in the above-referenced action, any Materials designated as "Confidential" herein, the portion of the deposition or trial transcript which relates to such Materials shall be designated as Confidential by the confidentiality proponent by making a statement on the record to that effect and thereafter such portion of the transcript shall be treated as Confidential Material and shall be subject to the confidentiality provisions hereof. Notwithstanding the foregoing, however, nothing herein shall prevent or in any way restrict the use of or inquiry about Confidential Materials at trial or at any other courtroom hearing or proceeding if the Court declines to seal the proceedings, impound the Confidential Materials, or otherwise maintain the confidentiality of the Confidential Materials.

6.  Materials (including portions of deposition hearing and trial transcripts) designated as "Confidential," or information derived therefrom, shall be deemed confidential, shall be maintained in strict confidence by the counsel of record for the party to whom such materials are produced or given, and shall not be disclosed or made available by such counsel to any person except:

   a)  to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   b)  to parties or representatives of the parties who are assisting counsel in the conduct of the litigation;

   c)  to witnesses in this action and to any signatory or identified recipient or transmitter of Confidential Materials;

   d)  to court officials and personnel involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

   e)  to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    f)     to outside consultants or experts retained for the purpose of assisting counsel in the litigation so long as they agree in writing to the provisions of this Stipulation;

    g)     to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; and

    h)     any other person upon prior written consent from counsel for all other parties.

7. Copies of any Confidential Materials may be attached to any pleading filed in Court provided the submitting party first moves to impound the Confidential Materials pursuant to Local Rule 7.2.

8. Any person who receives or otherwise secures access to Confidential Materials pursuant to this Stipulation (other than court officials or personnel) shall be provided a copy of this Stipulation and requested to abide by its terms and not to disclose, reveal or discuss such Confidential Materials to or with any person who is not entitled to disclosure of such materials under paragraph 6 hereof.

9. Nothing here shall prohibit the parties to this action from seeking further protection with respect to the disclosure and use of any Confidential Materials.

10. Any third party who receives a subpoena from any party in this action may designate any Materials produced in response to the subpoena as Confidential in accordance with the terms of this Stipulation and such materials shall be treated as Confidential Materials hereunder to the same extent as if designated by a party.

11. If a party in possession of Confidential Materials receives a subpoena or other compulsory process from a non-party to this Stipulation seeking production or other disclosure of Confidential Materials, that party shall give written and telephonic notice to counsel for all other parties no more than four business days after receipt of the subpoena or other compulsory process, so that the parties have the opportunity, if they elect to do so, to object to production. In the event that production of such documents is made, they shall still be treated as confidential by the parties to this Stipulation, and the party seeking to enforce this agreement shall bear the

burden of enforcing and defending this agreement with respect to any parties who receive such documents through subpoena or other compulsory process.

12. This Stipulation shall survive as an agreement among the parties after the final determination of all aspects of this action.

13. This Stipulation shall be without prejudice to the right of the parties to oppose a production request or discovery of any information on grounds other than the confidentiality of the required material or instructions.

| BLUE HILLS OFFICE PARK, WILLIAM LANGELIER, AND GERALD FINEBERG, | CSFB 1999 – C1 ROYALL STREET, LLC and J.P. MORGAN CHASE BANK, |
|---|---|
| By their attorneys, | By their attorneys, |
| Peter B. McGlynn, Esq. BBO# 333660<br>Meredith A. Swisher, Esq. BBO# 646866<br>BERNKOPF GOODMAN LLP<br>125 Summer Street, 13th floor<br>Boston, Massachusetts 02110<br>(617) 790-3000 | E. Randolph Tucker (BBO# 503845)<br>Bruce E. Falby (BBO# 544143)<br>Bruce S. Barnett (BBO# 647668)<br>Traci S. Feit (BBO# 630668)<br>DLA Piper Rudnick Gray Cary US LLP<br>One International Place, 21st Floor<br>Boston, MA 02110-2613<br>617-406-6000 |

Dated: December 6, 2005

#327866 v2/14500