UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as<br>Trustee for the Registered Holders of<br>Credit Suisse First Boston Mortgage<br>Securities Corp., Commercial Mortgage<br>Pass-Through Certificates, Series 1999-C1,<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET,<br>LLC,<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

## AFFIDAVIT OF GERALD FINEBERG

Gerald Fineberg on oath deposes and states as follows:

1.    I am an individual with a residential address of Palm Beach Hamptons, 3100 S. Ocean Boulevard #506N, Palm Beach, Florida. I am making this affidavit in opposition to Defendants' motion to compel my deposition prior to April 4, 2006. I am making this affidavit based upon facts personally known by me. To the extent that any facts herein are based upon my information and belief, I believe those facts to be true.

2.    In late February, 2006, I agreed to fly up from Florida to be deposed in this case on March 21, 2006. However, an unexpected personal matter of serious importance arose which

required me to postpone my deposition on that date. Accordingly, I instructed my counsel, Peter McGlynn, to advise Defendants' counsel of that fact immediately and advise Defendants' counsel that I would make myself available for the deposition on April 4, 5 or 6, 2006.

3. By prior arrangement, I am flying back to Florida for a series of meetings and conferences late this week and next week, which had been arranged several weeks ago. If the Court orders me to give deposition testimony next week, I will be forced to cancel these meetings, fly to Boston to be deposed, and fly back to Florida to attend those scheduled meetings.

4. I am 71 years old and I try to minimize, to the fullest extent possible, my air travel, especially the time of year when the winter weather can have a significant adverse impact on air travel.

5. I understand that my attorney has advised Defendants' counsel that I am available to be deposed April 4, 5 or 6, 2006. I can represent to this court that absent some health problem or other extraordinary and unanticipated circumstance, that I will be available any of those days at Defendants' counsel's convenience.

6. The personal events which prompted my request for a postponement of my deposition on March 21, 2006 were unforeseen and were not designed nor intended to delay or obstruct Defendants' efforts to take my deposition.

7. I am only one of two trustees and one of six beneficiaries of Royall Associates Realty Trust (the "Trust"), which is the sole member of Blue Hills Office Park LLC ("Blue Hills"), the plaintiff in this action. I represent to the Court that the personal knowledge of the relevant facts in this action is possessed by persons other than me.

8. Daniel Frank, who is the president of Fineberg Management, Inc., which was the manager of the subject property owned by Blue Hills and located at 150 Royall Street, Canton, Massachusetts, has already been deposed in this case as well as Fineberg Management's chief financial officer, Joseph Donovan, and an in-house accountant, Gilbert Stone.

9. The individual who is the other trustee and also a beneficiary of the Trust, William Langelier, was, I am informed, deposed on March 10, 2006 in San Francisco, California for approximately 9½ hours.

10. Further, on information and belief, on March 17, Fineberg Management's real estate manager, Lawrence Needle, was deposed for approximately seven hours.

11. Finally, I am informed that Kenneth Goldberg, one of the attorneys who represented Blue Hills in connection with the various transactions which are the subject of this litigation, is scheduled to be deposed on April 7, 2006.

12. Thus, Defendants have already deposed virtually all of the key individuals involved in the transactions which are the subject of this litigation, and I believe that my knowledge of the relevant facts would not be greater – and might possibly be less than – the knowledge that the other deponents possess. Thus, whatever Defendants' experts may state in their expert disclosures, upon information and belief, it would not materially change based upon what my personal knowledge of and involvement in the transactions which are the subject of this litigation.

13. If the court orders me to attend a deposition next week I will, of course, comply with any court order that is issued. I am, however, respectfully asking the Court's indulgence to allow me to postpone my deposition to April 4, 5 or 6, 2006 because of the inconvenience and disruption to my personal schedule that an earlier deposition will cause.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22nd DAY OF MARCH, 2006.

_____
Gerald S. Fineberg

#334824 v1/14500/9985