UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>    Plaintiff, Defendant-in-Counterclaim.<br><br>    v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1,<br><br>    and<br><br>CSFB 1999–C1 ROYALL STREET, LLC;<br><br>    Defendants, Plaintiffs-in-Counterclaim,<br><br>    v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>    Defendants-in-Counterclaim. | Civil Action No.  05-CV-10506 (WGY) |

## MOTION OF DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS TO IMPOUND

Pursuant to Local Rule 7.2, defendants and counterclaim-plaintiffs J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999–C1 Royall Street, LLC ("CSFB") (together, the "Lenders") hereby move to impound their forthcoming motion for summary judgment and all supporting documents filed therewith (the "Summary Judgment Motion"), which they plan to file on or before May 17, 2006. As required by Local Rule 7.2, the Lenders are moving to impound in advance of submitting the Summary Judgment Motion itself.

- 2 -

Under a "Stipulation Regarding the Preservation of Confidential Materials," entered into by the parties to this action on or around December 6, 2005 (the "Stipulation," attached hereto as Exhibit A), the Lenders are required to file this motion in advance of filing their Summary Judgment Motion, because some of the facts set forth therein and documents to be filed therewith have been designated as "Confidential" by Blue Hills Office Park LLC, Gerald Fineberg, and William Langelier. The Lenders therefore submit this motion in compliance with the Stipulation.

## CONCLUSION

For the above-stated reasons, the Lenders respectfully request that their Motion to Impound be granted.

Respectfully submitted,

CSFB 1999-C1 ROYALL STREET, LLC, and J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1,

By their attorneys,

/s/ Traci S. Feit
E. Randolph Tucker, BBO #503845
Bruce E. Falby, BBO #544143
Bruce S. Barnett, BBO #647666
Traci S. Feit, BBO #660688
DLA PIPER RUDNICK GRAY CARY US LLP
33 Arch Street, 26th Floor
(617) 406-6000

Dated: April 28, 2006

- 2 -

~BOST1:415924.v2

- 3 -

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for CSFB and the Trustee certifies that she has conferred with Meredith Swisher, counsel for defendants-in-counterclaim Blue Hills Office Park LLC, William Langelier, and Gerald Fineberg, who has no objection to the motion to impound.

/s/ Traci S. Feit
Traci S. Feit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>　　Plaintiff, Defendant-in-Counterclaim.<br><br>　　v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1.,<br><br>　　Defendant, Plaintiff-in-Counterclaim<br><br>　　and<br><br>CSFB 1999 – C1 ROYALL STREET, LLC;<br><br>　　Defendant, Plaintiff-in-Counterclaim,<br><br>　　v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>　　Defendants-in-Counterclaim. | Civil Action No. 05-CV-10506 (WJY) |

STIPULATION REGARDING THE
PRESERVATION OF CONFIDENTIAL MATERIALS

The parties hereto, and their respective counsel, recognizing that the parties may possess information confidential in nature about which the parties desire to inquire during discovery and other proceedings in this case, but which should not be made available to the public generally, or to any third parties, hereby stipulate and agree as follows:

　　1.　　The provisions of this Stipulation (the "Stipulation") shall govern the discovery, disclosure and use in the above-referenced action of all documents, deposition or other

testimony, interrogatory answers, responses to requests for admission, and other information produced or given to the parties in this action ("Materials").

2. In connection with this action, any party may designate any nonpublic Materials containing sensitive business information as reasonably determined by the party designating the materials as "Confidential" being produced by that party as "Confidential" under the terms of this Stipulation. The parties agree that, for purposes of this Stipulation, documents related to Blue Hill Office Park, LLC's settlement with DST Realty, Inc. and Blueview Corporate Center LLC constitute sensitive business information.

3. Any Material to be designated "Confidential" shall be so designated by stamping the Material with the legend "Confidential," prior to its production. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated.

4. Counsel for any party may object to the "Confidential" designation of any or all such material, but based only on the following grounds: (i) the material is already part of the public domain, (ii) the material has already been publicly disclosed by lawful means; or (iii) the material does not constitute sensitive business information. In such event, said counsel shall advise the parties within 30 days as to such objections and the reasons therefor. If the party making the "Confidential" designation objects to the proposed disclosure, all the items shall continue to be treated as Confidential Materials pending a resolution of the parties' dispute, and it shall be the obligation of the party objecting to the "Confidential" designation to obtain a reasonably prompt hearing after reasonable notice to all parties before this Court with respect to the propriety of the designation. In the event one party seeks such a hearing, the other parties will cooperate in obtaining a reasonably prompt hearing with respect thereto.

5.  If any party wishes to use or inquire about at any deposition, at trial or in any other hearing or proceeding in the above-referenced action, any Materials designated as "Confidential" herein, the portion of the deposition or trial transcript which relates to such Materials shall be designated as Confidential by the confidentiality proponent by making a statement on the record to that effect and thereafter such portion of the transcript shall be treated as Confidential Material and shall be subject to the confidentiality provisions hereof. Notwithstanding the foregoing, however, nothing herein shall prevent or in any way restrict the use of or inquiry about Confidential Materials at trial or at any other courtroom hearing or proceeding if the Court declines to seal the proceedings, impound the Confidential Materials, or otherwise maintain the confidentiality of the Confidential Materials.

6.  Materials (including portions of deposition hearing and trial transcripts) designated as "Confidential," or information derived therefrom, shall be deemed confidential, shall be maintained in strict confidence by the counsel of record for the party to whom such materials are produced or given, and shall not be disclosed or made available by such counsel to any person except:

   a)  to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

   b)  to parties or representatives of the parties who are assisting counsel in the conduct of the litigation;

   c)  to witnesses in this action and to any signatory or identified recipient or transmitter of Confidential Materials;

   d)  to court officials and personnel involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

   e)  to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    f)      to outside consultants or experts retained for the purpose of assisting counsel in the litigation so long as they agree in writing to the provisions of this Stipulation;

    g)      to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; and

    h)      any other person upon prior written consent from counsel for all other parties.

7.    Copies of any Confidential Materials may be attached to any pleading filed in Court provided the submitting party first moves to impound the Confidential Materials pursuant to Local Rule 7.2.

8.    Any person who receives or otherwise secures access to Confidential Materials pursuant to this Stipulation (other than court officials or personnel) shall be provided a copy of this Stipulation and requested to abide by its terms and not to disclose, reveal or discuss such Confidential Materials to or with any person who is not entitled to disclosure of such materials under paragraph 6 hereof.

9.    Nothing here shall prohibit the parties to this action from seeking further protection with respect to the disclosure and use of any Confidential Materials.

10.    Any third party who receives a subpoena from any party in this action may designate any Materials produced in response to the subpoena as Confidential in accordance with the terms of this Stipulation and such materials shall be treated as Confidential Materials hereunder to the same extent as if designated by a party.

11.    If a party in possession of Confidential Materials receives a subpoena or other compulsory process from a non-party to this Stipulation seeking production or other disclosure of Confidential Materials, that party shall give written and telephonic notice to counsel for all other parties no more than four business days after receipt of the subpoena or other compulsory process, so that the parties have the opportunity, if they elect to do so, to object to production. In the event that production of such documents is made, they shall still be treated as confidential by the parties to this Stipulation, and the party seeking to enforce this agreement shall bear the

burden of enforcing and defending this agreement with respect to any parties who receive such documents through subpoena or other compulsory process.

12. This Stipulation shall survive as an agreement among the parties after the final determination of all aspects of this action.

13. This Stipulation shall be without prejudice to the right of the parties to oppose a production request or discovery of any information on grounds other than the confidentiality of the required material or instructions.

| | |
|---|---|
| BLUE HILLS OFFICE PARK, WILLIAM LANGELIER, AND GERALD FINEBERG,<br><br>By their attorneys,<br><br>*/s/ signature*<br>_____<br>Peter B. McGlynn, Esq. BBO# 333660<br>Meredith A. Swisher, Esq. BBO# 646866<br>BERNKOPF GOODMAN LLP<br>125 Summer Street, 13th floor<br>Boston, Massachusetts 02110<br>(617) 790-3000 | CSFB 1999 – C1 ROYALL STREET, LLC and J.P. MORGAN CHASE BANK,<br><br>By their attorneys,<br><br>*/s/ signature*<br>_____<br>E. Randolph Tucker (BBO# 503845)<br>Bruce E. Falby (BBO# 544143)<br>Bruce S. Barnett (BBO# 647668)<br>Traci S. Feit (BBO# 630668)<br>DLA Piper Rudnick Gray Cary US LLP<br>One International Place, 21st Floor<br>Boston, MA 02110-2613<br>617-406-6000 |

Dated: December 6, 2005

#327866 v2/14500