UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates, Series 1999-C1<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD FINEBERG<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**MOTION OF BLUE HILLS OFFICE PARK LLC,
GERALD FINEBERG AND WILLIAM LANGELIER FOR
SUMMARY JUDGMENT AS TO ALL COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 56, and Local Rule 56.1, Blue Hills Office Park LLC ("Blue Hills"), Gerald Fineberg ("Fineberg") and William Langelier ("Langelier") hereby move for summary judgment dismissing the Counterclaims filed by J.P. Morgan Chase Bank, Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 ("J.P. Morgan") and CSFB 1999-C1 Royall Street LLC ("CSFB") (collectively, the "Defendants")

In support of this Motion, Blue Hills, Fineberg and Langelier aver and assert as follows:

1. Credit Suisse First Boston LLC, the predecessor-in-interest to J.P. Morgan and CSFB, loaned approximately $33.1 million (the "Loan") to Blue Hills secured by a mortgage on Blue Hills' property located at 150 Royall Street, Canton, Massachusetts (the "Property"). In connection with the

Loan, Fineberg and Langelier executed a Guaranty which contained provisions for recourse against Fineberg and Langelier which was limited by the express terms of the Guaranty paragraph 1.2.

2.     On or about February 11, 2005, Blue Hills filed a Complaint seeking damages relative to multiple breaches of the terms and conditions of the Loan, which culminated in a foreclosure sale of the Property which occurred on November 19, 2004.

3.     The Counterclaims[1] asserted against Blue Hills, Fineberg and Langelier allege Loan-related breaches relating to Blue Hills' filing in 2003 of an action in Norfolk Superior Court (the "Norfolk Action") appealing a decision issued by the Town of Canton Zoning Board of Appeals to issue a special permit to the owner of the property abutting the Property and located at 250 Royall Street, Canton, Massachusetts ("250 Royall"), the settlement of the Norfolk Action, and the receipt of settlement proceeds in the amount of $2,000,000 in exchange for the dismissal of the Norfolk Action ("Settlement Proceeds"). Defendants assert that such violations triggered the personal liability of Fineberg and Langelier under the Guaranty for the full amount of the Loan deficiency of approximately $11 -12million.

4.     The Defendants' attempt to turn a limited recourse Loan into a full personal guaranty of Fineberg and Langelier fails to withstand even the most basic scrutiny of the relevant documents and undisputed facts extant. The filing of the Norfolk Action and the acceptance of the Settlement Proceeds in no way breached Blue Hills' obligations under the pertinent Loan documents nor did it trigger any of the narrow recourse provisions in the Guaranty. As such, summary judgment is appropriate to dismiss Counts I, II, and V of the Counterclaims.

5.     As contractual duties to which the parties did not agree cannot be implied, *Eigerman v. Putnam Investments, Inc, 66 Mass. App. Ct. 222 (2006)*, summary judgment is proper as to Count III of the Counterclaims. Moreover, even if there was a contractual breach, any such breach is insufficient to support a Chapter 93A claim *Tagliente v. Himmer, 949 F.2d 1 (1st Cir, 1991)*. Thus, summary judgment is also appropriate to dismiss Count VI of the Counterclaims.

---

[1] J.P. Morgan and CSFB's Counterclaims are identical.

6.     Summary Judgment is also appropriate to dismiss Count IV of the Counterclaims in that the Defendants cannot prove either the existence of an actionable misrepresentation or justifiable reliance with respect to any purported duty which Blue Hills had to notify it of the Norfolk Action and/or its receipt of the Settlement Proceeds. Moreover, the pertinent Loan documents simply do not require any notification to the Defendants from Blue Hills regarding litigation, such as the Norfolk Action, except in connection with condemnation proceedings and casualty losses in excess of $250,000. In addition, Blue Hills, Fineberg and Langelier neither spoke falsely with regard to the Settlement Proceeds, nor did they remain silent in the face of a legally cognizable duty to speak.

7.     In support of their motion, Blue Hills, Fineberg and Langelier file herewith and incorporates herein by reference the following:

   a.   Blue Hills Office Park LLC, Gerald Fineberg and William Langelier's Memorandum of Law In Support of Motion for Summary Judgment;

   b.   Rule 56.1 Statement of Undisputed Facts of Plaintiff and Defendants-in-Counterclaim; and

   c.   Affidavit of Peter B. McGlynn with attached exhibits.

WHEREFORE, Blue Hills, Fineberg and Langelier respectfully request that this Court enter an order:

1.     Granting Blue Hills, Fineberg and Langelier's Motion for Summary Judgment, dismissing the Counterclaims in their entirety; and,

2.     Granting Blue Hills, Fineberg and Langelier such other and further relief as is proper and just.

**REQUEST FOR ORAL ARGUMENT**

Blue Hills, Fineberg and Langelier believe that oral argument may assist the Court and wish to heard orally on their Motion for Summary Judgment. Pursuant to Local Rule 7.1(D), Blue Hills, Fineberg and Langelier hereby respectfully request a hearing on the Motion of Summary Judgment of Blue Hills Office Park LLC, Gerald Fineberg and William Langelier.

        Respectfully submitted,

        BLUE HILLS OFFICE PARK LLC, WILLIAM
        LANGELIER AND GERALD FINEBERG,
        By their attorneys,


        /s/ Peter B. McGlynn
        Peter B. McGlynn, Esquire (BBO No. 333660)
        Meredith A. Swisher, Esquire (BBO No. 646866)
        BERNKOPF GOODMAN LLP
        125 Summer Street, Suite 1300
        Boston, Massachusetts 02110
        Telephone:   (617) 790-3000
Dated: May 17, 2006        Facsimile:   (617) 790-3300
#337492 v1/14500/9985        pmcglynn@bg-llp.com
        mswisher@bg-llp.com