UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>    Plaintiff, Defendant-in-Counterclaim,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1., and CSFB 1999–C1 ROYALL STREET, LLC,<br><br>    Defendants, Plaintiffs-in-Counterclaim,<br><br>v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>    Defendants-in-Counterclaim. | Civil Action No. 05-CV-10506 (WGY) |

**RENEWED MOTION OF DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM
TO EXCLUDE EXPERT TESTIMONY OF DR. KENNETH GARTRELL**

Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1, and CSFB 1999–C1 ROYALL STREET, LLC (collectively, "the Lender") hereby renew their motion to exclude the testimony of plaintiff's expert witness designee Dr. Kenneth Gartrell ("Gartrell").[1]

---

[1] The Lender first moved to exclude Gartrell's testimony on May 17, 2006. By order dated June 1, 2006, the Court denied Lender's motion without prejudice to its renewal at trial.

- 2 -

Gartrell opines about the fair market value of the Blue Hills Office Park as of November 19, 2004, when the Lender sold the property at foreclosure sale, and opines about a loss of plaintiff's equity based on that value. Gartrell is not qualified to value real estate and his methods of real estate valuation do not meet the reliability requirements of Federal Rule of Evidence 702. He also opines that plaintiff was damaged by lost loan reserves but gives no bases or reasons to support that conclusion. He opines that plaintiff was damaged by lost tax benefits of holding the property, but admits he was asked to assume that and knows nothing about it.

Under the standards of <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999), his testimony should be excluded in its entirety. In support of this motion the Lender relies on the previously filed memorandum of law (Docket No. 82) and Affidavit of Bruce E. Falby with exhibits (Docket Entry No. 83).

The Lender further states that the arguments set forth in Blue Hills Office Park LLC's ("Blue Hills") memorandum in opposition to the Lender's motion to exclude (the "Opposition Brief") are without merit. Notably, although Blue Hills claims that Gartrell's "Market Index Approach" is "widely accepted," Blue Hills can point only to "some professional journal articles discussing the market index approach applied in a real estate context" in support of this argument. Opposition Brief at 9. Blue Hills does not cite to any evidence that anyone other than Gartrell uses his market index approach to determine the fair market value of an individual property.

>Respectfully submitted,
>
>J.P. MORGAN CHASE BANK, as Trustee for the
>Registered Holders of Credit Suisse First Boston
>Mortgage Securities Corp., and
>CSFB 1999-C1 ROYALL STREET, LLC
>
>By their attorneys,
>
>/s/ Bruce E. Falby
>E. Randolph Tucker (BBO #503845)
>Bruce E. Falby (BBO #544143)
>Bruce S. Barnett (BBO #647666)
>Traci S. Feit (BBO #660688)
>DLA PIPER US LLP
>33 Arch Street, 26th Floor
>Boston, MA  02110-1447
>(617) 406-6000 (*telephone*)
>(617) 406-6100 (*fax*)

Dated:  September 6, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for CSFB and the Trustee certifies that he has conferred with Peter McGlynn, counsel for defendants-in-counterclaim Blue Hills Office Park LLC, William Langelier, and Gerald Fineberg, in a good faith attempt to resolve or narrow the issues presented by this motion.

>/s/ Bruce E. Falby
>Bruce E. Falby

- 3 -

BOST1\438377.1