UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>    Plaintiff, Defendant-in-Counterclaim,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1., and CSFB 1999–C1 ROYALL STREET, LLC,<br><br>    Defendants, Plaintiffs-in-Counterclaim,<br><br>v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>    Defendants-in-Counterclaim. | Civil Action No. 05-CV-10506 (WGY) |

**MOTION OF DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM
TO EXCLUDE EVIDENCE OF TAX LOSSES SUFFERED BY PERSONS
OTHER THAN BLUE HILLS OFFICE PARK LLC**

    Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1, and CSFB 1999–C1 ROYALL STREET, LLC (collectively, "the Lender") move to exclude evidence of tax losses suffered by anyone other than Blue Hills Office Park LLC ("Blue Hills"), the sole plaintiff in this case.

    Blue Hills bases part of its damages claim against the Lender on federal income tax losses allegedly incurred as a result of the Lender's conduct. In its summary judgment submissions, however, Blue Hills refers only to tax losses allegedly suffered by others: Gerald

BOST1\438379.1

- 2 -

Fineberg, William Langelier, and other individuals who are not plaintiffs in this case. As it readily admits, Blue Hills itself has suffered no tax losses because, as a "disregarded entity" for tax purposes, it does not pay taxes.

Blue Hills cannot recover for its tax losses because it has none, and Blue Hills does not have standing to recover tax losses allegedly suffered by the beneficiaries of its sole member. See Association of Merger Dealers, LLC v. Tosco Corp., 167 F. Supp. 2d 65, 70 (D.D.C. 2001) (no standing where allegations of damages "concern only … members, not the organization itself," and "relief sought … is strictly for its members") (emphasis added); Sylvia's Haven, Inc. v. Massachusetts Dev. Fin. Agency, 397 f. Supp. 2d 202, 220-222 (D. Mass. 2005). Permitting Blue Hills to proceed on its tax loss claim on behalf of the beneficiaries of its member would be improper because such relief necessarily requires the direct participation of the individual beneficiaries. See, e.g., Sanner v. Board of Trade, 72 F.3d 918, 923 (7th Cir. 1995); International Ass'n of Firefighters v. Spokane Airports, 45 P.3d 186, 190 (Wash. 2002).

Given that Blue Hills has no standing to recover for tax losses allegedly suffered by the beneficiaries of its member, any evidence of such losses is irrelevant and should be excluded. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible").

Respectfully submitted,

J.P. MORGAN CHASE BANK, as Trustee for the
Registered Holders of Credit Suisse First Boston
Mortgage Securities Corp., and
CSFB 1999-C1 ROYALL STREET, LLC

By their attorneys,

/s/ Bruce E. Falby
E. Randolph Tucker (BBO #503845)
Bruce E. Falby (BBO #544143)
Bruce S. Barnett (BBO #647666)
Traci S. Feit (BBO #660688)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  September 6, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for CSFB and the Trustee certifies that he has conferred with Peter McGlynn, counsel for defendants-in-counterclaim Blue Hills Office Park LLC, William Langelier, and Gerald Fineberg, in a good faith attempt to resolve or narrow the issues presented by this motion.

/s/ Bruce E. Falby
Bruce E. Falby