UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>　　　Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1,<br>　　　Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC,<br>　　　Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br>　　　Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

### RENEWED OPPOSITION TO DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. KENNETH GARTRELL

Blue Hills Office Park LLC, Gerald Fineberg and William Langelier (collectively, "Blue Hills") hereby renew their opposition to the Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Expert Testimony of Dr. Kenneth Gartrell ("Motion to Exclude").

In particular, Blue Hills incorporates herein the following previously filed documents:

1.　　Opposition to Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Expert Testimony of Dr. Kenneth Gartrell (the "Opposition") (Docket No. 91);

2.      Memorandum of Law in Support of Opposition to Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Expert Testimony of Dr. Kenneth Gartrell (Docket No. 92); and

3.      Affidavit of Bruce D. Levin in Support of Opposition to Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Expert Testimony of Dr. Kenneth Gartrell (Docket No. 102).

Other than merely renewing its motion-in-*limine*, the Lender deems Blue Hill's Opposition meritless because Blue Hills "can point only to 'some professional journal articles'" in support of its assertion that the "Market Index Approach" is widely accepted. One of the key factors identified by the Supreme Court in making its determination of admissibility is whether a theory has been subjected to peer review and publication. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993). The numerous journal articles cited reveal that, in fact, it has been published in several professional journals and, accordingly, opportunities for peer review accorded to it. Moreover, Blue Hills need not prove "wide acceptance" of its utilized methodology; it need only prove the relevancy and reliability or the methodology utilized. *Id.* at 592-93; *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 80 (1st Cir. 1998). This has been done and is discussed at length in Blue Hill's previously filed opposition papers.

WHEREFORE, Blue Hills Office Park LLC, Gerald Fineberg and William Langelier respectfully demand that the Court enter an order:

1.      Denying the Motion to Exclude; and

2.      Providing such other and further relief as is just and proper.

Respectfully submitted,
BLUE HILLS OFFICE PARK LLC,
WILLIAM LANGELIER AND GERALD FINEBERG,
By their attorneys,


/s/Bruce D. Levin
Peter B. McGlynn, Esquire
 BBO No. 333660
Bruce D. Levin, Esquire
 BBO No. 548136
Meredith A. Swisher, Esquire
 BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300
pmcglynn@bg-llp.com
blevin@bg-llp.com
mswisher@bg-llp.com

Dated: September 8, 2006
#345363 v1/14500/9985