UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC, <br>     Plaintiff/Defendant-in-Counterclaim <br><br> v. <br><br> J.P. MORGAN CHASE BANK, as Trustee for the <br> the Registered Holders of Credit Suisse First <br> Boston Mortgage Securities Corp., Commercial <br> Mortgage Pass-Through Certificates, Series 1999-C1 <br>     Defendant <br><br> and CSFB 1999 – C1 ROYALL STREET, LLC <br>     Defendant/Plaintiff-in-Counterclaim <br><br> and <br><br> WILLIAM LANGELIER and GERALD FINEBERG <br>     Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**OPPOSITION TO MOTION OF DEFENDANTS AND
PLAINTIFFS-IN-COUNTERCLAIM TO EXCLUDE
EVIDENCE OF TAX LOSSES SUFFERED BY PERSONS OTHER THAN
<u>BLUE HILLS OFFICE PARK LLC</u>**

Blue Hills Office Park LLC ("Blue Hills"), Gerald Fineberg ("Fineberg) and William Langelier ("Langelier") hereby oppose the Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Expert Evidence of Tax Losses Suffered by Persons Other Than Blue Hills Office Park LLC ("Motion to Exclude"). As a "disregarded entity" for tax purposes, Blue Hills is not considered as separate from its owners and, therefore, has standing to recover tax losses on their behalf. Further, the alleged authority cited by J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 ("J.P. Morgan") and CSFB 1999 – C1 Royall Street, LLC ("CSFB") (collectively, "Defendants") does not support the relief sought by Defendants. In fact, not only are the cases cited easily distinguishable and significantly

mischaracterized by Defendants, but such cases support Blue Hills' claim for recovery of tax losses.  Summarily, not only do Defendants seek to boost form over substance, but they seek to do so without even addressing Blue Hills' status as a single purpose entity disregarded for federal tax purposes - a status required by Defendants.  In further support of this Opposition, Blue Hills avers and asserts as follows:

1. Blue Hills is a Massachusetts limited liability company formed in 1999 with a sole member, Royall Associates Realty Trust ("Trust").  Fineberg and Langelier are two of the trustees of the Trust and are two of the Trust's six beneficiaries.  The Trust owned the property located at 150 Royall Street, Canton, Massachusetts ("Property") until the Property was refinanced in 1999.  The formation of Blue Hills as a single purpose entity was required as a precondition to the refinancing.

2. David Andelman, a tax expert retained by Blue Hills, stated in his expert report that Blue Hills is a "disregarded entity" for federal tax purposes.  As such, Blue Hills is not treated as a separate entity from the Trust, which files the federal tax returns in connection with the Property. *See* 26 C.F.R. §3.01.7701-1 (classification of organizations for federal tax purposes).  Accordingly, Blue Hills has standing to allege damages in connection with tax losses or liability even if, ultimately, Blue Hills' owners - such as Fineberg and Langelier -  incur tax liabilities in connection with Defendants' wrongful foreclosure of the property located at 150 Royall Street, Canton, Massachusetts (the "Property").

3. Surprisingly, the cases relied upon by Defendants not only do not involve tax loss claims but also do not concern the relationship between disregarded entities and their owners.  In *Sylivia's Haven, Inc. v Massachusetts Dev. Fin. Agency*, 397 F. Supp. 2d (D. Mass. 2005), a non-profit homeless service provider, suing the Massachusetts Development Finance Agency

("MDFA") for violations of various statutes, alleges that the agency illegally attempted to evict it from former military property. The lack of third-party standing of a non-profit service provider to sue MDFA on behalf of its clients is simply not tantamount to the putative lack of standing of a disregarded tax entity to sue on behalf of owners. Similarly, *Sanner v. Board of Trade* is completely irrelevant. 62 F.3d 918, 923 (7th Cir. 1995) (association of soybean farmers seeking only damages on behalf of member farmers lacked standing to assert antitrust violations).

  4. Blue Hills has suffered significant damages resulting from Defendants' wrongful foreclosure; in fact, tax losses comprise only a portion of those damages. *Association of Merger Dealers, LLC v. Tosco Corporation*, 167 F. Supp.2d 65 (D.C.C. 2001), a case cited by Defendants, also does not involve a claim for tax losses. In that case, a non-profit limited liability company formed to represent the interests of individual gas station dealers sued the purchaser of gas stations that were divested as part of an agreement with the Federal Trade Commission. The Court found, *inter alia*, that "all factual allegations made in its complaint concern only its members, not the organization itself," and the relief requested was strictly for the members *Id*. at page 70. Those circumstances do not exist in the instant case.

  5. Moreover, *Association of Merger Dealers* discusses the doctrine of associational standing, which allows an organization to bring claims on behalf of its members. "So long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction." *Id.* at 71. Massachusetts also recognizes associational standing. See e.g., *Massachusetts Hospital Ass'n, Inc. v. Harris,* 500 F.Supp. 1270 (D.C.Mass. 1980).

6. *International Associations of Firefighter, Local 1789 v. Spokane Airports*, 45 P.3d 186 (Washington 2002) – also cited by Defendants - does not concern tax losses. In that case, a union suing on behalf of its members for social security and Medicare benefits was found to have associational standing to bring such claims. Associational standing not only exists where there is participation by members of the association, but may, in fact, be preferred as, *inter alia*, an administrative convenience. "[T]here are instances where the lack of individual participation by an association's members is not fatal to the association's standing because the amount of monetary damages sought on behalf of those members is certain, easily ascertainable, and within the knowledge of the defendant. In our judgment, this pragmatic view is preferable . . .". *Id. at* 190. Thus, even, assuming *arguendo*, that the doctrine of associational standing applies, Blue Hills has met all of the criteria necessary to have standing. *Id.* The participation of Fineberg and Langelier in the instant litigation serves only to emphasize the emptiness of Defendants' incorrect assertion that there are any standing issues extant.

WHEREFORE, Blue Hills Office Park LLC, Gerald Fineberg and William Langelier respectfully demand that the Court enter an order:

1. Denying the Motion to Exclude; and

2. Providing such other and further relief as is just and proper.

       Respectfully submitted,

       BLUE HILLS OFFICE PARK LLC,
       WILLIAM LANGELIER AND GERALD FINEBERG,
       By their attorneys,


       <u>/s/ Meredith A. Swisher</u>
       Peter B. McGlynn, Esquire
        BBO No. 333660
       Bruce D. Levin, Esquire
        BBO No. 548136
       Meredith A. Swisher, Esquire
        BBO No. 646866
       Bernkopf Goodman LLP
       125 Summer Street, Suite 1300
       Boston, Massachusetts 02110
       Telephone:    (617) 790-3000
       Facsimile:    (617) 790-3300
       pmcglynn@bg-llp.com
       blevin@bg-llp.com
       mswisher@bg-llp.com

Dated: September 11, 2006
#345283 v1/14500/9985