UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**RESPONSES AND OBJECTIONS OF KEEPER OF RECORDS OF
RUTFIELD & HASSEY, LLP TO SUBPOENA *DUCES TECUM***

Pursuant to Fed. R. Civ. P. 26 and 45(c)(3)(B), the Keeper of Records of Rutfield & Hassey, LLP ("R&H") hereby submits the following responses and objections to the subpoena *duces tecum* dated September 9, 2006 (the "Subpoena") that was served upon them on September 11, 2006. A true and complete copy of the Subpoena is attached hereto and incorporated herein as Exhibit "A." These responses and objections are being filed within fourteen (14) days after service of the Subpoena served by Defendants and prior to the time specified for compliance in the Subpoena.

## Objections

1. R&H has not been previously identified as a potential witness by Defendants. In the Joint Pretrial Memorandum filed on July 18, 2006, Defendants identified twenty nine (29) witnesses they expected to call at trial, seven (7) of whom are identified as "Keepers of the Records" of various entities. R&H is not identified in any capacity.

2. R&H objects to the Subpoena to the extent that it seeks production of documents based upon a request that is vague, overbroad, ambiguous and burdensome. Furthermore, the Subpoena fails to identify, or to even suggest, any particular area of inquiry. Rather, it seeks "all" financial documents "of or relating to" three entities: Blue Hills Office Park, LLC ("BHOP"), Royall Associates Realty Trust and Royall Associates General Partnership. Only BHOP is a party to the instant action.

3. R&H also objects to the Subpoena on the grounds that requiring it to produce the requested documents by 9:30 a.m. September 13, 2006, a mere two (2) days after the service of the Subpoena, would be unreasonable and oppressive within the meaning of Fed. R. Civ. P. 45. Not only is this period an inadequate length of time to assemble the relevant documents but it would require the assembly of documents which are otherwise being used for important and legitimate functions including, *inter alia*, preparation of tax returns and other required corporate tax filings. Because of the pendency of the instant case for over a year, R&H vehemently objects to the sudden request for documents. Moreover, the Subpoena calls for the presence of R&H in the Courtroom at 9:30 on September 13, 2006 (and, presumably, for a significant time thereafter). In that the case-in-chief of *Blue Hills* is scheduled to commence on September 13, 2006 – and last, at minimum, three (3) days before there is a one week adjournment, it is

wasteful and abusive of *Defendants* to seek R&H's appearance in the Courtroom at least ten (10) days before Defendants have an opportunity to call R&H as a witness.

4. R&H objects to the Subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(B) to the extent that it subjects R&H to an undue burden. This improperly timed subpoena fails to provide R&H any assistance in determining the nature of the documents requested. In essence, the Subpoena not only imposes substantial work upon R&H but makes it difficult for R&H to do other necessary work for its clients. If complied with, the Subpoena would make it difficult for R&H to perform time sensitive work for both the entities on the Subpoena and R&H's other clients.

5. R&H objects to the Subpoena to the extent that it fails to provide for the advancement of reasonable compensation to R&H for the production of documents, as is required by Fed. R. Civ. P. 45(c)(3)(B).

6. R&H objects to the Subpoena to the extent that it seeks confidential information, including proprietary and trade secrets, of not only BHOP but of two entities not party to the instant action. The Subpoena provides no mechanism for protecting the confidentiality of the documents sought, which is particularly troublesome as regards the two non-party entities. Moreover, the demand for virtually instantaneous production of the documents sought provides neither R&H nor the entities at issue sufficient time to review and vet the documents at issue.

### Response

Without waiver of the foregoing objections, R&H avers that it will not produce any of the documents sought pursuant to the Subpoena unless and until the issues raised in the foregoing objections have been satisfactorily addressed.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel for Rutfield & Hassey, LLP certifies that she has conferred with counsel for Lender in a good faith attempt to resolve or narrow the issues presented by Response and Objection.

/s/Meredith A. Swisher

RUTFIELD & HASSEY, LLP,
By its attorneys,

/s/Meredith A. Swisher
Peter B. McGlynn, Esquire
 BBO No. 333660
Meredith A. Swisher, Esquire
 BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300

Dated: September 12, 2006
#345530 v1/14500/9985

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Blue Hills Office Park LLC

V.

J.P. Morgan Chase Bank et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 05-CV-10506

TO: Keeper of the Records
Rutfield & Hassey LLP
15 Court Square
Boston, MA 02108

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210 | 18 |
| | DATE AND TIME |
| | 9/13/2006 9:30 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A HERETO

| PLACE | DATE AND TIME |
|---|---|
| United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210 | 9/13/2006 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Traci Feit, Attorney for Defendants | 9/8/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Traci S. Feit, DLA Piper US LLP, 33 Arch Street, 26th Floor, Boston, MA 02110
(617) 406-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

A SERIES OF TRUE COPIES, ATTEST

[1] If action is pending in district other than district of issuance, state district under case number.

*[signature]*

NOTARY

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                              SIGNATURE OF SERVER

                                                                              _____
                                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"

### Definitions

1. The term "any" means each and all.

2. The term "or" shall be inclusive and shall be taken in the conjunctive as well as the disjunctive and shall mean "and" as well as "or;" it shall be construed to bring the maximum number of documents within the scope of the Request.

### Time Limitation

All document requests set forth below cover the time period from January 1, 1999 through the present.

### Document Requests

1. All financial statements, accountant records, accountant work papers and tax returns of or relating to Blue Hills Office Park LLC.

2. All financial statements, accountant records, accountant work papers and tax returns and or relating to Royall Associates Realty Trust.

3. All financial statements, accountant records, accountant work papers and tax returns of or relating to Royall Associates General Partnership.

BOST1\438990.2