UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>     Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br> Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>     Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>     Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>     Defendants-in-Counterclaim | )<br>)<br>)<br>)<br>)  Civil Action No. 05-CV-10506 (WGY)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF BLUE HILLS OFFICE PARK LLC, WILLIAM LANGELIER AND GERALD FINEBERG TO MOTION OF DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM TO EXCLUDE TESTIMONY OF ANDREW COHN**

Blue Hills Office Park LLC, Gerald Fineberg and William Langelier (collectively, "Blue Hills") hereby oppose the Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Testimony of Andrew Cohn ("Motion to Exclude") filed by Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1, and CSFB 1999-C1 Royall Street, LLC (collectively, "the Lender"). As Lender has recently elevated the profile of what should be a noncontroverted and noncontroversial transfer of funds into a client's funds account at Wilmer Hale, LLP ("Wilmer Hale") in February 2005,

the exclusion of testimony by a percipient witness – whose identity has long been known by Lender – is unwarranted, severely prejudicial to Blue Hills and would only serve to exclude testimony necessary to explain and explicate the very transactions Lender has placed at issue.

In support of this Opposition, Blue Hills avers and asserts as follows:

1.      In its summary judgment motion, and subsequently, Lender has raised to prominence in this litigation issues about the propriety, mechanics and consequence of the wiring of a portion of certain settlement proceeds from a client's funds account maintained at Bernkopf Goodman LLP ("Bernkopf Goodman") to a client's funds account at Wilmer Hale.

2.      By agreement dated December 31, 2004 (the "December 31, 2004 Agreement"), Fineberg and Langelier agreed to have one-half of the Settlement Proceeds from the Norfolk Action remain in a client funds account at Bernkopf Goodman LLP, with the remaining half of the Settlement Proceeds to be held in a client funds account at Wilmer Hale. One-half of the Settlement Proceeds were wired to a client's funds account at Wilmer Hale in February 2005. Andrew Cohn ("Cohn"), a partner at Wilmer Hale, has served as counsel to William Langelier ("Langelier") relative to the transactions at issue in the above-captioned litigation and, accordingly, is a necessary fact witness concerning, *inter alia*, the receipt, disposition and ownership of the funds transferred to Wilmer Hale. Moreover, as indicated in the December 31, 2004 Agreement – which was produced to Lender early in the litigation – Cohn is a signatory to the December 31, 2004 Agreement as "Escrow Agent for the Langelier Beneficiaries."

3.      Lender cannot credibly claim either surprise or prejudice. Cohn's role in the underlying transaction has long been known to Lender. At his deposition on March 10, 2006, William Langelier ("Langelier") made repeated references to Cohn and his role in the issues raised in this case (Cohn is referred to over fifty times). Likewise, Cohn is either a sender or a

recipient of several of the operative transactional documents that have been used as deposition

exhibits and are likely to be introduced into evidence at trial.  Additionally, Lender has long been

aware that Cohn is an escrow agent under the December 31, 2004 Agreement.

4.     In deciding whether to admit testimony over an objection that a witness has not

previously been adequately disclosed or designated, the Court should "look to the conduct of the

trial, the importance of the evidence to its proponent and the ability of the [opposing party] to

formulate a response.  *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1 (1st Cir. 1985), citing

*DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201-02 (3rd Cir. 1978).  In cases in

which testimony has been properly excluded, "the courts have found some evasion or

concealment, intentional or not, on the part of the litigant offering the evidence."  *Id.*  There is

neither evasion nor concealment here.  In fact, Lender cannot credibly deny its knowledge of

Cohn's role in the transactions at issue.  Moreover, the importance of the evidence Blue Hills

seeks to introduce can best be gauged by Lender's recent elevation in importance of activities in

which Cohn is either a participant or a knowledgeable witness.  Finally, no prejudice will accrue

to Lender, in that Lender not only cannot believably feign surprise at Cohn's role as a fact

witness but Lender also has sufficient time to prepare a response to Cohn's testimony.

5.     Because issues concerning the wiring of funds to an account at Wilmer Hale are,

at best, peripheral to the other markedly more significant issues in the instant case, Cohn was not

listed in the Joint Pretrial Memorandum, filed on or about July 18, 2006, as a witness that Blue

Hills "expected" to call to testify.  However, it is now apparent that Cohn's testimony is needed

to address, *inter alia,* what should be undisputed facts; to wit, that agreements were reached

between and among those having an interest in Blue Hills and that a transfer from one firm's

client's funds account to another firm's client's funds account is of no consequence if the two

client's funds account are for, in essence, the same client.  As Lender refuses to stipulate to any facts regarding this issue – despite a lack of genuine dispute as to the pertinent facts – Blue Hills has little choice but to call Cohn to testify as to, *inter alia*, the disposition of the proceeds at issue.

6.    Blue Hills does not intend to introduce Cohn's testimony either as "expert testimony" nor does it intend to introduce testimony as to the content of Cohn's privileged advice to Langelier.  As such, there was no need for any disclosures to be made by Blue Hills pursuant to Fed. R. Civ. P. 26(a)(2) and Lender's alleged fears in its Motion to Exclude are meritless.

WHEREFORE, Blue Hills respectfully requests that this Court enter an order:

1.    Denying the Motion of Defendants and Plaintiffs-in-Counterclaim to Exclude Testimony of Andrew Cohn; and

2.    Providing such other and further relief as is just and proper.


BLUE HILLS OFFICE PARK LLC, WILLIAM
LANGELIER AND GERALD FINEBERG,
By their attorneys,


/s/Meredith A. Swisher
Peter B. McGlynn, Esquire, BBO No. 333660
Meredith A. Swisher, Esquire, BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts  02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated:  September 12, 2006
#345554 v1/14500/9985

- 4 -