UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br><br>    Plaintiff, Defendant-in-Counterclaim,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1., and CSFB 1999–C1 ROYALL STREET, LLC,<br><br>    Defendants, Plaintiffs-in-Counterclaim,<br><br>v.<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br><br>    Defendants-in-Counterclaim. | Civil Action No. 05-CV-10506 (WGY) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' AND PLAINTIFFS-IN-COUNTERCLAIM'S MOTION TO EXCLUDE EVIDENCE OF TAX LOSSES SUFFERED BY PERSONS OTHER THAN BLUE HILLS OFFICE PARK LLC**

    Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1, and CSFB 1999–C1 ROYALL STREET, LLC (collectively, "the Lender") submit this memorandum in further support of their motion to exclude evidence of tax losses suffered by anyone other than Blue Hills Office Park LLC ("Blue Hills"), the sole plaintiff in this case.

    <u>First</u>, as the Lender stated in its motion, Blue Hills itself has no tax losses and no standing to recover for tax losses allegedly suffered by the beneficiaries of its member, the Royall

- 2 -

Associates Realty Trust ("Royall Trust" or "Royall").  The Royall beneficiaries are "personally liable for any tax resulting from the capital gains derived from the sale of the LLC property."  In re: KRSM Props., LLC, 318 B.R. 712, 719 (9th Cir. 2004).  In their opposition to Lender's motion to exclude the Royall beneficiaries' tax losses, Blue Hills, Fineberg, and Langelier (collectively, the "Blue Hills Parties") insist that the Lender "seek[s] to boost form over substance" by treating Blue Hills as a separate entity from the Royall Trust.  Opposition at 2.  This argument is consistent with the Blue Hills Parties' complete failure and refusal throughout this case (and throughout the course of the Loan) to face the fact that Blue Hills is a separate entity from the Royall Trust.[1]

It is true, as the Blue Hills Parties point out, that Blue Hills is a "disregarded entity" for federal tax purposes.  It does not follow, however, that Blue Hills is a "disregarded entity" for all purposes.  See, e.g., Gillam v. Speier (In re KRSM Properties, LLC), 318 B.R. 712, 719 (9th Cir. 2004) (rejecting LLC owners' argument that because the LLC entity is disregarded for tax purposes, it is essentially a fictitious entity, stating "an LLC is fact, not fiction."); see also Gillam at 719 ("A tax election to have an LLC disregarded as a taxable entity has no effect on the legal status of ownership of LLC assets.").  Noticeably absent from the Blue Hills' Parties opposition is any legal authority supporting their position that an LLC should be "disregarded" for purposes of determining standing to recover monetary damages.

Second, the tax loss evidence Blue Hills seeks to introduce should be excluded for the additional and independent reason that the tax losses allegedly suffered by the Royall

---

[1] The fact that the formation of Blue Hills as a single purpose entity was required as a precondition to the Loan – a fact emphasized by the Blue Hills Parties – only goes to show that the distinction between Blue Hills and the Royall Trust is indeed significant: the Lender was willing to make a loan to Blue Hills, but not to the Royall Trust.

beneficiaries are not recoverable. Indeed, none of the cases that Blue Hills relies on supports its position in this case. See McGuire v. City of Jersey City, 125 N.J. 310, 324, 325 (1991) (considering limited instances where courts have permitted recovery of "a one time tax loss for a definite amount" and finding claims "too speculative" where tax credits "depend[] on many conjectural variables" such as "presumptions about income, other transactions, and the state of tax laws….").

In contract actions, recovery of tax losses has been limited to those cases where "lost tax benefits . . . were an essential issue in the contract" or where "both parties knew that plaintiff entered the contract in part to gain the tax credit." Pruett v. Erickson Air-Crane Co., 183 F.R.D. 248, 252 (D. Or. 1998); see Beggs v. Dougherty Overseas, Inc., 287 F.2d 80, 83 (1961) (allowing tax items as an element of damages in a wrongful discharge case where the "tax benefits accruing from lengthy foreign employment were very much in the minds of the parties when the contracted") (emphasis added); Walker v. Signal Cos., 149 Cal. Rptr. 119, 122, 124 (Cal. App. 1978) (finding that jury was properly instructed on "special damages . . . i.e., the possible adverse tax impact if the residence were not completed in a timely fashion" where contract requested specific date for completion so that plaintiff could defer capital gains tax associated with sale of residence).

No reported decisions, in this jurisdiction or any other, have awarded damages as compensation for capital gains realized in the context of an alleged wrongful foreclosure.

- 4 -

**CONCLUSION**

     For all of these reasons, and for the reasons set forth in Lender's Motion to Exclude Evidence of Tax Losses Suffered By Persons Other Than Blue Hills Office Park LLC, the Lender's motion should be granted.

                     Respectfully submitted,

                     J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., and
CSFB 1999-C1 ROYALL STREET, LLC

                     By their attorneys,

                     /s/ Bruce E. Falby
E. Randolph Tucker (BBO #503845)
Bruce E. Falby (BBO #544143)
Bruce S. Barnett (BBO #647666)
Traci S. Feit (BBO #660688)
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated:  September 13, 2006