UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BLUE HILLS OFFICE PARK LLC,
        Plaintiff,
        Defendant-in-
        Counterclaim,

   v.

J.P. MORGAN CHASE BANK,
as Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities Corp.,
Commercial Mortgage Pass-Through Certificates,
Series 1999-C1, and CSFB 1999–C1 ROYALL
STREET, LLC,
        Defendants,
        Plaintiffs-in-
        Counterclaim,

   v.

WILLIAM LANGELIER and
GERALD FINEBERG,
        Defendants-in-
        Counterclaim.

CIVIL ACTION
NO. 05-10506-WGY

## DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIMS' MOTION FOR ENTRY OF JUDGMENT

The defendants and plaintiffs-in-counterclaim, J.P. Morgan Chase Bank, as Trustee for

the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial

Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999-C1 Royall

Street, LLC ("CSFB") (together with the Trustee, the "Lender"), move that judgment enter in

this matter in the form attached hereto as Exhibit A.

At the close of its rulings from the bench on the final day of trial, the Court requested the

parties to agree upon a form of judgment within four weeks, that is, by today. Trial Transcript

Vol. 9 at 54.  Counsel for the Lender provided counsel for the Blue Hills Parties[1] with a proposed form of judgment one week ago, on November 3, 2006, and asked for comments by the beginning of this week.  Early on Thursday morning of this week, having received no response, counsel for the Lender inquired of counsel for the Blue Hills Parties whether there would be any comments and was informed comments would be sent "shortly."  Despite a follow-up phone call this morning, no comments of any kind were received from counsel for the Blue Hills Parties until after 1:00 pm this afternoon, when they sent a materially different form of judgment by electronic mail without any further explanation.  Their form of judgment, among other things, excludes pre-judgment interest already awarded by the Court in its rulings at the close of trial. The Blue Hills Parties shortly thereafter filed an objection to the Lender's form of judgment and a memorandum addressing pre-judgment interest.  Clearly, the Blue Hills Parties, without informing the Lender, planned in advance not to agree on a form of judgment.

The Lender therefore files this motion, attaching its proposed judgment as Exhibit A. The Lender's positions on the points of difference are as follows:

1)      Judgment should enter against Blue Hills Office Park LLC ("BHOP") in the full amount of the deficiency (plus pre-judgment interest and attorneys fees) pursuant to paragraph 54 of the mortgage (Trial Exhibit 5).  Paragraph 54 makes the "Debt" fully recourse to BHOP in the event of a transfer of Mortgaged Property without the consent of the lender or a failure to maintain single purpose entity status, each of which was found by the Court.  The Mortgage defines the "Debt" to be principal, interest, and all other sums due under the Note and the Loan

---

[1] That is, Blue Hills Office Park LLC, Gerald Fineberg and William Langelier.

Documents.  Mortgage p. 1.  Judgment against BHOP should not be limited to $2 million as proposed by the Blue Hills Parties.

2)      Judgment should enter against Gerald Fineberg and William Langelier, jointly and severally, for the full amount of the deficiency (plus pre-judgment interest and attorneys fees) pursuant to Guaranty § 1.2, which makes them liable for the full amount of the Debt.  The Guaranty adopts the Mortgage's definition of "Debt," see Guaranty § 5.11 (Trial Exhibit 7).  The judgment amount against Langelier and Fineberg should not be reduced by $2 million as proposed by the Blue Hills Parties.  Instead, payment of the $2 million held in attorneys' escrow accounts should constitute partial satisfaction of the judgment against each of Blue Hills, Fineberg, and Langelier, as proposed by the Lender in paragraph 4 of its proposed judgment, Exhibit A.

3)      The proposed judgment of the Blue Hills Parties excludes pre-judgment interest.  The Court has already ruled that the Lender is entitled to pre-judgment interest.  Trial Transcript Vol. 9 at 54-55.  The Blue Hills Parties are each liable for pre-judgment interest at the contractual default rate (13.49%)[2] on the amount of the deficiency because it is part of the Debt they are obligated to pay.  Section 5 of the Note (Trial Exhibit 4) provides that "Maker does hereby agree that upon the occurrence of an Event of Default ..., Payee shall be entitled to receive and Maker shall pay interest on the entire unpaid principal sum and any other amounts due at the Default Rate."  Section 6 of the Note provides, "Interest at the Default Rate shall be added to the Debt and shall be secured by the Mortgage."  Similar to the Mortgage, the Note

---

[2] Under the terms of Note, upon the occurrence of an Event of Default, interest accrues "on the entire unpaid principal sum and any other amounts due at the Default Rate."  Note § 5.  The Default Rate is defined as the Applicable Interest Rate (8.49%) plus 5%, or 13.49%.  Note §§ 1(c), (k), (p).

defines the Debt as "collectively, the whole of the outstanding principal sum of this Note, together with all interest accrued and unpaid thereon and all other sums due under the Loan Documents." Note § 1(j).

4)    While the Court ruled that pre-judgment interest ran from August 8, 2003 (the date of the settlement payment), Trial Transcript Vol. 9 at 54-55, the Lender calculates pre-judgment interest from that date only on the amount of the settlement payment ($2 million). For the balance of the deficiency, it calculates pre-judgment interest from November 19, 2004 (the date of the foreclosure), when the deficiency was established. The calculation of the interest is further explained in note 1 of the Lender's proposed Judgment, Exhibit A, and is set forth in Exhibit B hereto. Langelier and Fineberg are liable for pre-judgment interest to the same extent as BHOP because it is part of the Debt they guaranteed.

5)    As noted above, after failing to respond at all to the Lender's proposed form of Judgment until after 1:00 p.m. today, the Blue Hills Parties today after 4:00 p.m. surprised the Lender on the subject of pre-judgment interest by filing a substantive memorandum of law on which its counsel has obviously been working for some time. The Lender will respond as appropriate next week and requests that the Court, unless it is inclined to award pre-judgment interest pursuant to the Lender's calculation, refrain from entering judgment until Lender files its response.

6)    The Blue Hills Parties' form of judgment does not specify which parties are liable for attorneys' fees and costs. Each of the Blue Hills Parties is liable for the full amount of the Lender's attorneys fees and expenses of litigation for the reasons set forth in Petition for Attorneys' Fees and Expenses of Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase

Bank, as Trustee and CSFB 1991-C1 Royall Street, LLC [docket no. 165]. The judgment should

so state.

      7)      The Blue Hills Parties' form of judgment dismisses Counts III, IV, and VI of the

Counterclaim. The precise treatment of the individual counts is not necessary to the entry of

judgment and this treatment of the counts is not consistent with the Lender's understanding of

their disposition.[3]

CONCLUSION

      For the reasons stated above, the Lender requests entry of judgment in the form attached

hereto as Exhibit A.

                                    Respectfully submitted,

                                    CSFB 1999-C1 ROYALL STREET, LLC,
                                    and J.P. MORGAN CHASE BANK, as
                                    Trustee for the Registered Holders of Credit
                                    Suisse First Boston Mortgage Securities
                                    Corp., Commercial Mortgage Pass-Through
                                    Certificates, Series 1999-C1,

                                    By their attorneys,

                                    /s/ Bruce E. Falby
                                    E. Randolph Tucker, BBO #503845
                                    Bruce E. Falby, BBO #544143
                                    Bruce S. Barnett, BBO #647666
                                    Traci S. Feit, BBO #660688
                                    DLA PIPER US LLP
                                    33 Arch Street, 26th Floor
Dated: November 10, 2006                Boston, MA 02110-1447
                                    (617) 406-6000

---

[3] The Lender believes, inter alia, that it is entitled to recovery under Count III, which alleged breach by Blue Hills of the implied obligation of good faith and fair dealing, and that it was not necessary for the Court to decide Count VI, which alleged Chapter 93A violations. Again, however, differentiation of recovery under the Counterclaim by Count is not necessary to entry of judgment.

- 5 -

# MOTION FOR ENTRY OF JUDGMENT

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BLUE HILLS OFFICE PARK LLC,
        Plaintiff,
        Defendant-in-
        Counterclaim,

    v.

J.P. MORGAN CHASE BANK,
as Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities Corp.,
Commercial Mortgage Pass-Through Certificates,
Series 1999-C1., and CSFB 1999-C1 ROYALL
STREET, LLC,
        Defendants,
        Plaintiffs-in-
        Counterclaim,

    v.

WILLIAM LANGELIER and
GERALD FINEBERG,
        Defendants-in-
        Counterclaim.

CIVIL ACTION
NO. 05-10506-WGY

## JUDGMENT

YOUNG, D.J.                                  November __, 2006

      This case having come on for bench trial on September 13, 2006; the Court having

considered all of the evidence and arguments presented by the parties and their counsel; and the

Court having rendered a decision, it is hereby **ORDERED, ADJUDGED, AND DECREED**:

      1.    Judgment for J.P. Morgan Chase Bank, as Trustee for the Registered Holders of

Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through

Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999–C1 Royall Street, LLC

("CSFB") shall enter on all claims asserted in the Second Amended Complaint by Blue Hills

Office Park LLC ("Blue Hills"). All claims asserted by Blue Hills are dismissed with

prejudice.

    2.    On their Counterclaim, the Trustee and CSFB shall have judgment against Blue

Hills, Gerald Fineberg, and William Langelier jointly and severally and recover:

    a.    $10,770,847.00;

    b.    Pre-judgment interest in the amount of $3,233,075.04 through

    November 10, 2006;[1]

    c.    Additional pre-judgment interest in the amount of $_____ ($4,036.08

    per day for each day after November 10, 2006 until the date of

    judgment); and

    d.    Attorneys' fees and costs in the amount of $_____.

    3.    CSFB and the Trustee shall recover from Blue Hills, Gerald Fineberg, and

William Langelier jointly and severally post-judgment interest on the total of the amounts set

forth in paragraph 2 above, $_____, at the legally applicable rate.

---

[1]    This amount consists of $879,847.74 (interest at the default rate under the parties' loan documents, 13.49%, on $2,000,000 from August 8, 2003 through November 10, 2006) plus $2,353,227.30 (13.49% interest on $8,770,847.00 from November 19, 2004 through November 10, 2006). Pursuant to Paragraph B on page 1 of the Note, interest is calculated on the basis of the actual number of days elapsed and a three-hundred-sixty (360) day year. The daily interest rate is calculated by dividing the annual interest rate by 360.

    CSFB and the Trustee are entitled to recover pre-judgment interest at the Default Rate of 13.49% from Blue Hills, Gerald Fineberg, and William Langelier pursuant to the Court's October 13, 2006 summary findings and rulings and under the Note and Guaranty. See Note ¶ 5 ("upon the occurrence of an Event of Default...Payee shall be entitled to receive and Maker shall pay interest on the entire unpaid principal sum and any other amounts due at the Default Rate"); Note ¶¶ 1(k), (c), and (p) (defining the "Default Rate" as five percent above the Applicable Interest Rate, which is the Initial Term Interest Rate of 8.49%); Note ¶ 6 ("Interest at the Default Rate shall be...computed from the occurrence of the Event of Default until the actual receipt and collection of the Debt. Interest at the Default Rate shall be added to the Debt"); Note ¶ 1(j) (defining the "Debt" to include "all interest accrued and unpaid thereon and all other sums due under the Loan Documents"); Guaranty ¶ 1.2 ("Guarantor shall be liable for the full amount of the Debt").

- 2 -

4.     In partial satisfaction of the amounts set forth in paragraph 2 above, the $2 million held in escrow accounts at the law firms of Bernkopf Goodman LLP and Wilmer Cutler Pickering Hale and Dorr LLP identified in Trial Exhibit 145 shall be paid over forthwith to the Trustee and CSFB.

Judgment shall enter forthwith.

SO ORDERED.

_____
WILLIAM G. YOUNG
DISTRICT JUDGE

BOST1\448647.4

# MOTION FOR ENTRY OF JUDGMENT

# EXHIBIT B

# Pre-Judgment Interest Calculation

Annual Default Interest Rate:             .1349
Daily Default Interest Rate:             .000374722 (based on 360-day year)

Interest on $2,000,000 from August 8, 2003 – November 10, 2006:

| | |
|---|---|
| Interest at Annual Default Rate for Three Years (8/9/03 – 8/8/06) (3 x .1349 x $2,000,000) | $809,400.00 |
| Interest at Daily Default Rate for 94 Days (8/9/06 – 11/10/06) (94 x .000374722 x $2,000,000) | $70,447.74 |
| **Total Interest on $2,000,000 from 8/8/03 – 11/10/06:** | **$879,847.74** |

Interest on $8,770,847 from November 19, 2004 – November 10, 2006:

| | |
|---|---|
| Interest at Annual Default Rate for One Year (11/20/04 – 11/19/05) (.1349 x $8,770,847) | $1,183,187.26 |
| Interest at Daily Default Rate for 356 Days (11/20/05 – 11/10/06) (356 x .000374722 x $8,770,847) | $1,170,040.04 |
| **Total Interest on $8,770,847 from 11/19/04 – 11/10/06:** | **$2,353,227.30** |

| | |
|---|---|
| **TOTAL PRE-JUDGMENT INTEREST AS OF 11/10/06:** ($879,847.74 + $2,323,647.64) | **$3,233,075.04** * |

*Additional Pre-Judgment Interest of $4,036.08 ($10,770,847 x .000374722) is to be added for each day between 11/10/06 and the date on which Judgment enters.