UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>   Plaintiff,<br>   Defendant-in-<br>   Counterclaim,<br><br>  v.<br><br>J.P. MORGAN CHASE BANK,<br>as Trustee for the Registered Holders of Credit<br>Suisse First Boston Mortgage Securities Corp.,<br>Commercial Mortgage Pass-Through Certificates,<br>Series 1999-C1., and CSFB 1999–C1 ROYALL<br>STREET, LLC,<br>   Defendants,<br>   Plaintiffs-in-<br>   Counterclaim,<br><br>  v.<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG,<br>   Defendants-in-<br>   Counterclaim. | CIVIL ACTION<br>NO. 05-10506-WGY |

**[REVISED PROPOSED] JUDGMENT**

YOUNG, D.J.                             November __, 2006

  This case having come on for bench trial on September 13, 2006; the Court having considered all of the evidence and arguments presented by the parties and their counsel; and the Court having rendered a decision, it is hereby **ORDERED, ADJUDGED, AND DECREED**:

  1. Judgment for J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999–C1 Royall Street, LLC

- 2 -

("CSFB") shall enter on all claims asserted in the Second Amended Complaint by Blue Hills Office Park LLC ("Blue Hills"). All claims asserted by Blue Hills are dismissed with prejudice.

 2. On their Counterclaim, the Trustee and CSFB shall have judgment against Blue Hills, Gerald Fineberg, and William Langelier jointly and severally and recover:

  a. $10,770,847.00;

  b. Accrued contract interest in the amount of $4,502,144.81 through November 10, 2006;[1]

  c. Additional accrued contract interest in the amount of $_____ ($4,036.08 per day for each day after November 10, 2006 until the date of judgment); and

  d. Attorneys' fees and costs in the amount of $_____.

 3. CSFB and the Trustee shall recover from Blue Hills, Gerald Fineberg, and William Langelier jointly and severally post-judgment interest on the total of the amounts set forth in paragraph 2 above, $_____, at the legally applicable rate.

---

[1]  This amount consists of $1,612,314.60 (the difference between amount of interest paid by Blue Hills and amount owed under the parties' loan documents from August 8, 2003 – August 11, 2004; Blue Hills paid interest at the Initial Term Interest Rate of 8.49% but is obligated to pay interest at the Default Rate of 13.49%) plus $2,889,830.21 (13.49% interest on $10,770,847.00 from November 20, 2004 through November 10, 2006). Pursuant to Paragraph B on page 1 of the Note, interest is calculated on the basis of the actual number of days elapsed and a three-hundred-sixty (360) day year. The daily interest rate is calculated by dividing the annual interest rate by 360.

 CSFB and the Trustee are entitled to recover interest at the Default Rate of 13.49% from Blue Hills, Gerald Fineberg, and William Langelier pursuant to the Court's October 13, 2006 summary findings and rulings and under the Note and Guaranty. See Note ¶ 5 ("upon the occurrence of an Event of Default…Payee shall be entitled to receive and Maker shall pay interest on the entire unpaid principal sum and any other amounts due at the Default Rate"); Note ¶¶ 1(k), (c), and (p) (defining the "Default Rate" as five percent above the Applicable Interest Rate, which is the Initial Term Interest Rate of 8.49%); Note ¶ 6 ("Interest at the Default Rate shall be…computed from the occurrence of the Event of Default until the actual receipt and collection of the Debt. Interest at the Default Rate shall be added to the Debt"); Note ¶ 1(j) (defining the "Debt" to include "all interest accrued and unpaid thereon and all other sums due under the Loan Documents"); Guaranty ¶ 1.2 ("Guarantor shall be liable for the full amount of the Debt").

BOST1\450619.1

- 3 -

    4.    In partial satisfaction of the amounts set forth in paragraph 2 above, the $2 million held in escrow accounts at the law firms of Bernkopf Goodman LLP and Wilmer Cutler Pickering Hale and Dorr LLP identified in Trial Exhibit 145 shall be paid over forthwith to the Trustee and CSFB.

Judgment shall enter forthwith.

SO ORDERED.

                                                            _____
                                                            WILLIAM G. YOUNG
                                                            DISTRICT JUDGE

BOST1\450619.1

# Accrued Interest Calculation

| | |
|---|---|
| Annual Default Interest Rate: | .1349 |
| Daily Default Interest Rate: | .00037472222 (based on 360-day year) |
| Annual Initial Term Interest Rate: | .0849 |
| Daily Initial Term Interest Rate: | .00023583333 (based on 360-day year) |

<u>Outstanding interest owed on loan principal from August 8, 2003 – August 11, 2004</u>:

| | |
|---|---|
| Interest owed by Blue Hills at Default Rate (8/8/03 – 8/8/04) (.1349 x $31,979,793.66) | $4,314,074.16 |
| Interest owed by Blue Hills at Default Rate (8/9/04 – 8/11/04) (.00037472222 x $31,979,793.66 x 3 days) | $35,950.62 |
| *Total Interest Owed at Default Rate 8/8/03 – 8/11/04*: | $4,350,024.78 |
| Interest paid by Blue Hills at Initial Term Interest Rate (8/8/03 – 8/8/04): (.0849 x $31,979,793.66) | $2,715,084.48 |
| Interest paid by Blue Hills at Initial Term Interest Rate (8/9/04 – 8/11/04): (.00023583333 x $31,979,793.66 x 3 days) | $22,625.70 |
| *Total Interest Paid at Initial Term Interest Rate 8/8/03 – 8/11/04*: | $2,737,710.18 |
| **Total Outstanding Interest from 8/8/03 – 8/11/04:** ($4,350,024.78 - $2,737,710.18) | **$1,612,314.60** |

<u>Accrued Interest on $10,770,847 from November 20, 2004 – November 10, 2006</u>:

| | |
|---|---|
| Interest at Annual Default Rate for One Year (11/20/04 – 11/19/05) (.1349 x $10,770,847) | $1,452,987.26 |
| Interest at Daily Default Rate for 356 Days (11/20/05 – 11/10/06) (356 x .00037472222 x $10,770,847) | $1,436,842.95 |
| **Total Accrued Interest on $10,770,847 from 11/20/04 – 11/10/06:** ($1,452,987.26 + $1,436,842.95) | **$2,889,830.21** |

| | |
|---|---|
| **TOTAL PRE-JUDGMENT INTEREST AS OF 11/10/06:** ($1,612,314.60 + $2,889,830.21) | **$4,502,144.81** * |

*Additional Accrued Interest of $4,036.08 ($10,770,847 x .00037472222) is to be added for each day between 11/10/06 and the date on which Judgment enters.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff,<br>    Defendant-in-<br>    Counterclaim,<br><br>    v.<br><br>J.P. MORGAN CHASE BANK,<br>as Trustee for the Registered Holders of Credit<br>Suisse First Boston Mortgage Securities Corp.,<br>Commercial Mortgage Pass-Through Certificates,<br>Series 1999-C1, and CSFB 1999–C1 ROYALL<br>STREET, LLC,<br>    Defendants,<br>    Plaintiffs-in-<br>    Counterclaim,<br><br>    v.<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG,<br>    Defendants-in-<br>    Counterclaim. | CIVIL ACTION<br>NO. 05-10506-WGY |

***AMENDED* MOTION FOR ENTRY OF JUDGMENT OF
DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM**

The defendants and plaintiffs-in-counterclaim, J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999-C1 Royall Street, LLC ("CSFB") (together with the Trustee, the "Lender"), move that judgment enter in this matter in the revised form attached hereto as Exhibit A.[1]

---

[1] This Amended Motion amends and replaces Defendants' and Plaintiffs-in-Counterclaim's Motion for Entry of Judgment dated November 10, 2006 [docket no. 173].

- 2 -

At the close of its rulings from the bench on the final day of trial, the Court requested the parties to agree upon a form of judgment within four weeks, that is, by November 10, 2006. Trial Transcript Vol. 9 at 54.  Counsel for the Lender provided counsel for the Blue Hills Parties[2] with a proposed form of judgment on Friday, November 3, and asked for comments by the beginning of the following week.  Early on Thursday, November 9, having received no response, counsel for the Lender inquired of counsel for the Blue Hills Parties whether there would be any comments and was informed comments would be sent "shortly."  No comments of any kind were received from counsel for the Blue Hills Parties until after 1:00 pm on November 10, when they sent a materially different form of judgment by electronic mail without any further explanation. Their form of judgment, among other things, excluded pre-judgment contract interest already awarded by the Court in its rulings at the close of trial.  The Blue Hills Parties shortly thereafter filed an objection to the Lender's form of judgment and a memorandum addressing pre-judgment interest.  Clearly, the Blue Hills Parties, without informing the Lender, planned in advance not to agree on a form of judgment.

The Lender therefore filed a Motion for Entry of Judgment on November 10, 2006, attaching its proposed judgment as Exhibit A, and asked the Court to refrain from entering judgment until the Lender had the opportunity to respond to the Blue Hills Parties' memorandum addressing pre-judgment interest.  In the course of preparing its response, the Lender discovered that the amount of pre-judgment interest requested in its proposed judgment was incorrect and understated.  The Lender therefore submits this <u>Amended</u> Motion for Entry of Judgment, attaching a <u>revised</u> proposed form of judgment as <u>Exhibit A</u> hereto.  This <u>revised</u> form of

---

[2] That is, Blue Hills Office Park LLC, Gerald Fineberg and William Langelier.

judgment accurately reflects the terms of the Note, Mortgage, and Guaranty as well as the Court's summary findings and rulings of October 13, 2006. Briefly, the Lender's position on the primary points of difference between its proposed judgment and that of the Blue Hills Parties is as follows:

    1)    Judgment should enter against Blue Hills Office Park LLC ("BHOP") in the full amount of the deficiency (including accrued interest) and attorneys' fees, pursuant to paragraph 54 of the Mortgage (Trial Exhibit 5). Paragraph 54 makes the "Debt" fully recourse to BHOP in the event of a transfer of Mortgaged Property without the consent of the lender or a failure to maintain single purpose entity status, each of which was found by the Court. Both the Mortgage and the Note define the "Debt" to include principal, interest, and all other sums due under the Note and the other Loan Documents. Mortgage p. 1, second paragraph; Note (Trial Exhibit 4) ¶ 1(j). Judgment against BHOP should not be limited to $2 million as proposed by the Blue Hills Parties.

    2)    Judgment should enter against Gerald Fineberg and William Langelier, jointly and severally, for the full amount of the deficiency (including accrued interest) and attorneys' fees pursuant to Guaranty (Trial Exhibit 7) ¶ 1.2, which makes them liable for the full amount of the Debt. The Guaranty adopts the Mortgage's definition of "Debt," <u>see</u> Guaranty ¶ 5.11. The judgment amount against Langelier and Fineberg should not be reduced by $2 million as proposed by the Blue Hills Parties. Instead, payment of the $2 million held in attorneys' escrow accounts should constitute partial satisfaction of the judgment against each of Blue Hills, Fineberg, and Langelier, as proposed by the Lender in paragraph 4 of its proposed judgment, <u>Exhibit A</u>.

BOST1\450621.1

3)      The proposed judgment of the Blue Hills Parties excludes interest accrued under the terms of the Loan Documents.  The Court has already ruled that the Lender is entitled to contract interest running from the time of the contract breach.  Trial Transcript Vol. 9 at 54-55.  The Blue Hills Parties are each liable for this accrued interest (at the Default Rate of 13.49%) because it is part of the Debt they are obligated to pay.  Paragraph 5 of the Note provides that "Maker does hereby agree that upon the occurrence of an Event of Default …, Payee shall be entitled to receive and Maker shall pay interest on the entire unpaid principal sum and any other amounts due at the Default Rate."  Paragraph 6 of the Note provides, "Interest at the Default Rate shall be added to the Debt and shall be secured by the Mortgage."  Similar to the Mortgage, the Note defines the Debt as "collectively, the whole of the outstanding principal sum of this Note, together with all interest accrued and unpaid thereon and all other sums due under the Loan Documents."  Note ¶ 1(j).

4)      The calculation of the accrued interest owed by the Blue Hills Parties is explained in the Memorandum of Defendants and Plaintiffs-in-Counterclaim Regarding Pre-Judgment Interest and in Support of Amended Motion for Entry of Judgment ("Memorandum"), filed herewith.  It is also briefly explained in note 1 of the Lender's revised proposed Judgment, Exhibit A hereto, and is set forth in detail in Exhibit B hereto.  Langelier and Fineberg are liable for accrued contract interest to the same extent as BHOP because it is part of the Debt they guaranteed.

5)      The Blue Hills Parties' form of judgment does not specify which parties are liable for attorneys' fees and costs.  Each of the Blue Hills Parties is liable for the full amount of the Lender's attorneys fees and expenses of litigation for the reasons set forth in the Petition for Attorneys' Fees and Expenses of Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase

- 4 -

Bank, as Trustee and CSFB 1991-C1 Royall Street, LLC [docket no. 165].  The judgment should so state.

6) The Blue Hills Parties' form of judgment dismisses Counts III, IV, and VI of the Counterclaim.  The precise treatment of the individual counts is not necessary to the entry of judgment and this treatment of the counts is not consistent with the Lender's understanding of their disposition.[3]

## **CONCLUSION**

For the reasons stated above, and in the accompanying Memorandum, the Lender requests entry of judgment in the <u>revised</u> form attached hereto as <u>Exhibit A</u>.

Respectfully submitted,

CSFB 1999-C1 ROYALL STREET, LLC,
and J.P. MORGAN CHASE BANK, as
Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities
Corp., Commercial Mortgage Pass-Through
Certificates, Series 1999-C1,

By their attorneys,

/s/ Bruce E. Falby
E. Randolph Tucker, BBO #503845
Bruce E. Falby, BBO #544143
Bruce S. Barnett, BBO #647666
Traci S. Feit, BBO #660688
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA  02110-1447
(617) 406-6000

Dated:  November 17, 2006

---

[3] The Lender believes, <u>inter alia</u>, that it is entitled to recovery under Count III, which alleged breach by Blue Hills of the implied obligation of good faith and fair dealing, and that it was not necessary for the Court to decide Count VI, which alleged Chapter 93A violations.  Again, however, differentiation of recovery under the Counterclaim by Count is not necessary to entry of judgment.