UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**REPLY MEMORANDUM OF BLUE HILLS OFFICE PARK LLC, WILLIAM
LANGELIER AND GERALD FINEBERG REGARDING PRE-JUDGMENT INTEREST
AND OPPOSITION TO AMENDED MOTION FOR ENTRY OF JUDGMENT**

**I. Introduction**

    Blue Hills Office Park LLC, William Langelier and Gerald Fineberg (collectively, "Blue Hills") submits this memorandum in reply to the Memorandum of Defendants and Plaintiffs-in-Counterclaim Regarding Pre-Judgment Interest and in opposition to the Amended Motion for Entry of Judgment ("Lender Memorandum"), filed by J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial

Mortgage Pass-Through Certificates, Series 1999-C1 ("J.P. Morgan"), and CSFB 1999-C1 Royall Street, LLC ("CSFB") (collectively, the "Lender").

## II. Argument

A.  The Lender Is Not Entitled To Prejudgment Interest.

    1.  The Court Has Discretion Regarding The Award Of Prejudgment Interest.

The Lender contends, incorrectly, that the Court is divested of any discretion regarding the determination of prejudgment interest because the instant matter is a contract case and because the pertinent documents discuss interest rates. Lender Memorandum, pp. 7-8. The Lender cites no authority for this proposition.

In *Tiverton Power Associates Ltd. v. The Shaw Group*, 376 F.Supp. 2d 21 (2005), the Court neither qualifies, modifies nor hedges its pronouncement as to prejudgment interest: "[T]he award of prejudgment interest lies in the discretion of the Court." *Id.* at 24 (citations omitted). Nothing in that case, or the cases cited by the Court in *Tiverton* for the foregoing proposition, provides that the exercise of such broad discretion is limited to any particular category of cases, such as statutory causes of action. *Id.* Moreover, although a contract case, *Tiverton* relies on several cases based on statutory claims. *Id.* at 24, citing *McDonough v. City of Quincy*, 353 F.Supp. 2d 179, 191 (D. Mass. 2005); *Fleet Fin. Group, Inc. v. Advanta Corp.*, No. 16912-NC, 2003 WL 22707336 at *4 (Del. Ch. Nov. 7, 2003) (noting that the Court has "broad discretion, subject to principles of fairness" in granting prejudgment interest). Accordingly, the mere fact that interest may be predicated on a contract provision or may be derived by statutory authority is not consonant with Lender's position that contract terms regarding interest are inviolable. Nor does it support Lender's proposition that the Court's discretion regarding

prejudgment interest is circumscribed in any manner. See, Lender Memorandum, Section II, pp. 7-12.

Additionally, Lender's reliance on *Boston Children's Heart Foundation v. Nadal-Ginard*, 73 F.3d 429 (1st Cir. 1996) for any proposition other than the proposition that a particular court recognizes a differentiation between "interest reserved by the terms of a contract" and "interest awarded by law" is misplaced. *Id.* at 442. No pronouncements regarding "interest reserved by the terms of a contract," are made in that decision nor is there *any* discussion of how contractual terms as to interest should be treated. Further, the case contains no rulings indicating any limitation on the Court's use of its discretion to award or to refrain from awarding prejudgment interest. On the contrary, *Boston Children's Heart Foundation* reaffirms the principle that prejudgment interest is intended to be compensatory. In fact, the Court also refrains in that case from awarding prejudgment interest in a manner which "would have resulted in a windfall." *Id.* Additionally, *Boston Children's Heart Foundation* provides further support for Blue Hills' position that the Court is invested with broad discretion regarding interest awards because the court exercised its discretion to utilize an interest rate based on treasury bills instead of the applicable statutory rate. *Id.*

Terms in a promissory note may be abrogated when they would result in an unconscionable result. *Stilian v. GTC Corporation*, 17 Mass. App. Ct. 953, 954 (1983). By analogy, there is nothing in the pertinent loan documentation in this case that would preclude the Court from reducing or eliminating a prejudgment interest award where it was punitive, rather than as legitimate compensation for losses suffered. As discussed in greater detail in the Memorandum of Blue Hills Office Park LLC, William Langelier and Gerald Fineberg on the Award of Prejudgment Interest, filed on November 10, 2006 and incorporated herein by

reference, not only would any award of prejudgment overcompensate the Lender but it would also be unduly punitive to Blue Hills.

The Court should exercise its discretion to deny or reduce prejudgment interest because of, *inter alia*, the profit of approximately $3,823,000 which the Lender realized in the post-foreclosure sale of 150 Royall Street, Canton, Massachusetts (the "Property") to OneBeacon Insurance, occurring a mere five (5) months after the November 19, 2005 foreclosure sale. In claiming that post-foreclosure gains are irrelevant to the determination of the loan deficiency, the Lender misses the point. Lender Memorandum, p. 13. Contrary to the Lender's assertion, for purposes of this memorandum, Blue Hills does not dispute the balance of the loan owed. Instead, it asks the Court to view the case as a whole, which is well within the Court's discretion. Even if, *arguendo*, the proceeds of the sale of the Property do not affect the deficiency, such profits do provide justification for the Court's disallowance of prejudgment interest. Prejudgment interest should not result in a windfall nor should it constitute *de facto* punitive damages. *Boston Children's Heart Foundation v. Nadal-Ginard*, 73 F.3d at 442; *Perkins School for the Blind v. Rate Setting Commission*, 383 Mass. 825, 835 (1981). Here the award of prejudgment interest would effectively result in awarding the Lender what is tantamount to an award of double interest.

2. Any Prejudgment Interest Award Against Guarantors Must Run From April 20, 2005.

The Lender fails to distinguish between Blue Hills Office Park LLC and its guarantors, William Langelier ("Langelier") and Gerald Fineberg ("Fineberg"). In fact, the Lender selectively quotes from the Court's ruling when it provides that "interest runs pursuant to the contract *as against Blue Hills* from the time of the contract breach." Lender Memorandum, p. 2 citing Trial Transcript, Vol. 9 at p. 54 (emphasis supplied). Immediately after the delineated

- 4 -

ruling relative to "Blue Hills," the Court further stated that "[i]nterest runs *against the guarantors* pursuant to the terms of the guaranty *from the time of the guaranty breach*." Trial Transcript, Vol. 9 at pp. 94-95. Demand was made on the guarantors – for the first time – by Lender's letter dated April 20, 2005.[1] The Lender cannot credibly claim that the "time of the guaranty breach" occurred prior to when demand was made upon Fineberg and Langelier that they – as of April 20, 2005 – "make payment immediately." *See*, Guaranty (Trial Exhibit 7) ¶1.5 (Guarantors shall pay amount due immediately upon demand by Lender). Moreover, as the demand letter provides that "[a]s of November 19, 2004, after credit for the successful foreclosure bid and loan reserves, the debt was $10,770,847," Lender should be estopped from seeking an amount (or using such amount as principal) in any different amount prior to April 20, 2005.

B.   Entry Of Judgment In The Form Sought By Lender Is Improper.

As discussed, *infra*, the Court should exercise its discretion to omit prejudgment interest because it would, *inter alia*, be a windfall to the Lender. Additionally, to the extent that the Court believes any prejudgment interest award is appropriate, such interest should commence no earlier than on April 21, 2005 – the day after the date of the demand letter. To the extent that the Lender's proposed form of judgment either seeks prejudgment interest or seeks the running of interest against the guarantors prior to April 20, 2005, such sections of the proposed form should be excised.

Moreover, the Court's findings to date do not support the entry of judgment in Lender's favor as to Counts III, IV and VI of the Counterclaim. In fact, the Court specifically ruled that

---

[1] A true and complete copy of the demand letter to Fineberg and Langelier is attached as Exhibit "B" to the Memorandum of Blue Hills Office Park LLC, William Langelier and Gerald Fineberg on the Award of Prejudgment Interest, and incorporated herein by reference.

there was no fraud. Trial Transcript, Vol. 9 at pp. 45-46. Further, causes of action pursuant to Chapter 93A have been deemed waived by the Court. Trial Transcript, Vol. 9 at p. 52, lines 4-5. Any judgment should provide for the dismissal with prejudice of those Counts.

Furthermore, the judgment must differentiate between the differing liabilities of Blue Hills Office Park LLC and the guarantors, Fineberg and Langelier. In Lender's proposed form, Lender seeks to recover "against Blue Hills, Gerald Fineberg, and William Langelier jointly and severally . . . ." Amended Motion for Entry of Judgment of Defendants and Plaintiffs-in-Counterclaim, Exhibit A, filed by Lender on November 17, 2006. The relief sought by Lender is not consistent with the Court's rulings and findings on October 13, 2006. As for Blue Hills Office Park LLC, the Court ruled that "the escrow accounts are to be dissolved and the money to be paid over forthwith to the lenders." Trial Testimony, Vol. 9 at p. 48, lines 10-20. The Court further stated that such payment "reduces the deficit . . . ." Trial Testimony, Vol. 9 at p. 48, lines 20-24. The Court then "move[d] to the guaranty." Trial Testimony, Vol. 9 at p. 48, lines 24-26. As to Fineberg and Langelier, the guarantors, the Court stated that they "are individually liable for the full amount of the deficiency jointly and severally once the $2 million which is Blue Hills Office Park money, is subtracted and applied to the deficiency." Trial Testimony, Vol. 9 at p. 51, lines 12-16.

Blue Hills incorporates by reference Blue Hills Office Park LLC, William Langelier and Gerald Fineberg's Objection to Proposed Form of Judgment ("Form Objection"), filed with the Court on November 10, 2006. For the reasons stated, *supra*, as well as in the Form Objection, Blue Hills avers that the Court should adopt the proposed form of judgment incorporated into the Form Objection as Exhibit "A."

### III. Conclusion

For the foregoing reasons, the Court should determine that any prejudgment interest does not accrue prior to April 20, 2005 and should exercise its discretion to reduce – if not omit entirely – any such amount in light of, *inter alia*: (1) the $3,820,000 profit made by the conveyance of the foreclosed Property to OneBeacon Insurance Company; (2) the lack of notice to Blue Hills prior to April 20, 2005; and (3) the Lender's recovery of its mortgage deficiency amount plus attorneys' fees and costs.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Blue Hills, Langelier and Fineberg request a hearing as to the issues raised herein.

BLUE HILLS OFFICE PARK LLC, WILLIAM LANGELIER AND GERALD FINEBERG,
By their attorneys,

 /s/ Peter B. McGlynn
Peter B. McGlynn, Esquire, BBO No. 333660
Meredith A. Swisher, Esquire, BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:   (617) 790-3000
Facsimile:   (617) 790-3300
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated: December 1, 2006
412051 v1/14500/9985