UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1,<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC,<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

### AMENDED EMERGENCY MOTION OF BLUE HILLS OFFICE PARK LLC, GERALD FINEBERG AND WILLIAM LANGELIER TO STAY ENTRY OF JUDGMENT

Blue Hills Office Park LLC ("Blue Hills"), William Langelier ("Fineberg") and Gerald Fineberg ("Fineberg") hereby request that this Court stay the entry of judgment against Blue Hills, Fineberg and Langelier for a period of at least 90 days.[1]  This motion is being filed on an

---

[1] A stay is not being sought with respect to the pending Petition for Attorneys' Fees filed by Defendants or the Court's determination of the amount of prejudgment interest, if any, to be awarded.  The requested stay would apply only to the entry of final judgment and, accordingly, stop the running of the deadlines set forth in the various federal rules of civil and appellate procedure that would be triggered by the entry of such judgment.

emergency basis as the entry of final judgment may likely occur once the Court rules on the Defendants' Amended Motion for Entry of Judgment ("Amended Motion") and Blue Hills, Fineberg and Langelier's opposition thereto.

The Defendants filed their Amended Motion on November 17, 2006 and Blue Hills, Fineberg and Langelier filed their response to the Amended Motion on December 1, 2006, requesting a hearing. Blue Hills, Fineberg and Langelier seek a stay of the entry of judgment due to potential conflicts of interest between Blue Hills, Langelier and Fineberg with counsel, which may arise based upon the Court's bench comments made on October 13, 2006. If judgment enters, Blue Hills, Fineberg and Langelier may be prejudiced if deadlines for post-trial motions and for filing appeals expire before conflicts are resolved or if they decide to secure different counsel.

As further grounds for this motion, Blue Hills, Fineberg and Langelier aver and assert as follows:

1. On October 13, 2006, this Court issued preliminary findings against Blue Hills, Fineberg and Langelier at the conclusion of the trial of this matter. In doing so, this Court made certain statements on the record regarding the legal services provided by attorneys at the law firms of Bernkopf Goodman LLP and Wilmer Hale in connection with transactions occurring prior to the commencement of the above-referenced action. Trial Transcript, Vol. 9, at pp. 53 and 54.

2. As a result of these statements made by the Court, there may be potential conflicts of interest between Blue Hills, Fineberg and Langelier and their respective counsel involved in such transactions, Bernkopf Goodman LLP and Wilmer Hale. At this time, upon information

and belief, Finberg, Langelier and Blue Hills are considering various options, including the retention of independent counsel to handle or at least oversee post-trial proceedings.

    3.    Blue Hills, Fineberg and Langelier therefore require additional time in which to make these decisions and to retain appropriate independent counsel. Further, successor counsel must be afforded reasonable time to acquaint themselves with this proceeding and to determine what, if any, post-trial and appellate remedies should be pursued. In that any new counsel would have to review, *inter alia*, a large volume of pleadings, two hundred eighteen (218) trial exhibits – some of which are several hundred pages in length – and nine (9) volumes of trial transcripts, such successor counsel would likely require at least ninety (90) days before the issues raised in this complex commercial matter can be properly analyzed and the necessary steps taken to preserve the clients' rights. This Court previously recognized the complexity of this matter when commenting that "this is your quintessential complex commercial litigation." Trial Transcript, Vol. 8, page 67.

    4.    As soon as judgment enters against Blue Hills, Fineberg and Langelier, several deadlines for post-trial proceedings are triggered. These deadlines include, but are not limited to, the following:

- Pursuant to Fed. R. Civ. P. 59 (b) and (e), the parties have only 10 days from the entry of judgment to file any motions for a new trial or to file any motions to alter or amend the judgment.

- Pursuant to Fed. R. Civ. P. 52(b), the parties have only 10 days from the entry of judgment to file any motions to amend the findings.

- Pursuant to Fed. R. Civ. P. 60, the parties have a reasonable time in which to request relief from the judgment.

- Pursuant to the Fed. R. App. P. 4, the parties have 30 days from the entry of judgment any file notices of appeal.

5.  As it may be necessary for Blue Hills, Fineberg and Langelier to obtain independent counsel, they will be severely prejudiced by the entry of judgment before any independent or successor counsel can properly review matters and be sufficiently familiarized so as to best protect the clients' rights.  On the other hand, prejudice to Lender should be minimal.  This Motion does not seek to delay the adjudication of other issues currently pending before the Court, and Blue Hills has complied with the Court's Order to turn over the $2,000,000.00 held in escrow by Bernkopf Goodman LLP and Wilmer Hale.  The Defendants have acknowledged receipt of such payment.  *See* Supplemental Memorandum of Defendants and Plaintiffs-in-counterclaim Regarding Pre-Judgment Interest and In Support of Amended Motion for Entry of Judgment filed December 1, 2006, acknowledging receipt of same.

WHEREFORE, Blue Hills, Fineberg and Langelier request that the entry of judgment and any post trial proceedings be stayed for a period of at least 90 days.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Blue Hills, Langelier and Fineberg request a hearing as to the issues raised herein.

BLUE HILLS OFFICE PARK LLC, WILLIAM LANGELIER AND GERALD FINEBERG,
By their attorneys,

/s/ Meredith A. Swisher
Peter B. McGlynn, Esquire (BBO No. 333660)
Meredith A. Swisher, Esquire (BBO No. 646866)
BERNKOPF GOODMAN LLP
125 Summer Street, Suite 1300
Boston, Massachusetts  02110
Telephone:   (617) 790-3000
Facsimile:    (617) 790-3300

Dated: December 4, 2006
412907v1/14500/9985

pmcglynn@bg-llp.com
mswisher@bg-llp.com