UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>  Plaintiff,<br>  Defendant-in-<br>  Counterclaim,<br><br>  v.<br><br>J.P. MORGAN CHASE BANK,<br>as Trustee for the Registered Holders of Credit<br>Suisse First Boston Mortgage Securities Corp.,<br>Commercial Mortgage Pass-Through Certificates,<br>Series 1999-C1, and CSFB 1999–C1 ROYALL<br>STREET, LLC,<br>  Defendants,<br>  Plaintiffs-in-<br>  Counterclaim,<br><br>  v.<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG,<br>  Defendants-in-<br>  Counterclaim. | CIVIL ACTION<br>NO. 05-10506-WGY |

## OPPOSITION OF DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM TO "EMERGENCY" MOTION TO STAY ENTRY OF JUDGMENT

The Lender[1] opposes for three reasons the Blue Hills Parties'[2] improper "emergency" motion to stay entry of judgment for 90 days while they purport to evaluate potential conflicts that "may arise based upon the Court's bench comments made on October 13, 2006."

---

[1] Defendants and Plaintiffs-in-Counterclaim J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999-C1 Royall Street, LLC ("CSFB") are referred to collectively herein as the "Lender."

[2] Blue Hills Office Park LLC, William Langelier, and Gerald Fineberg are referred to collectively herein as the "Blue Hills Parties."

First, Fed. R. Civ. P. 58(a)(2) provides that the judgment "must" enter "promptly." There is no authority for a stay of entry of judgment and the Blue Hills Parties cite to none.

Second, there is no emergency and a stay is unjustified. Whatever potential conflicts may exist among the Blue Hills Parties or between them and their counsel were not created by the Court's statements at the close of trial but rather should have been apparent from the nature of the Lender's counterclaim and the facts concerning the Blue Hills Parties' treatment of the Mortgaged Property, which at all times have been known to the Blue Hills Parties. Moreover, to the extent the Court's October 13, 2006 remarks awoke the Blue Hills Parties to the obvious, they have had over seven weeks to evaluate and act in response. It is inconceivable that the sophisticated Blue Hills Parties have not already consulted independent counsel. If they truly have not done so, their unexplained and inexcusable lack of diligence does not entitle them to a stay.

Third, and in any event, the Lender should not be penalized because of the Blue Hills Parties' conflicts. A stay will obviously prejudice the Lender. It will delay the Lender's ability to collect the many millions of dollars owed by the Blue Hills Parties. It will give Mr. Fineberg and Mr. Langelier time to transfer assets and thwart collection efforts.

The "emergency" motion is clearly contrived and interposed for the improper purpose of delay. The Lender requests that the Court deny the motion and enter judgment forthwith. If the Court were to grant a stay, it should be conditioned on the posting of a supersedeas bond meeting the requirements of Local Rule 62.2. Cf. Fed. R. Civ. P. 62(b) and (d).

- 3 -

                               Respectfully submitted,
                               CSFB 1999-C1 ROYALL STREET, LLC,
and J.P. MORGAN CHASE BANK, as
Trustee for the Registered Holders of Credit
Suisse First Boston Mortgage Securities
Corp., Commercial Mortgage Pass-Through
Certificates, Series 1999-C1,
By their attorneys,

/s/ Bruce E. Falby
E. Randolph Tucker, BBO #503845
Bruce E. Falby, BBO #544143
Bruce S. Barnett, BBO #647666
Traci S. Feit, BBO #660688
DLA PIPER US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447

Dated: December 5, 2006          (617) 406-6000