UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates, Series<br>1999-C1<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**REPLY MEMORANDUM OF BLUE HILLS OFFICE PARK LLC,
GERALD FINEBERG AND WILLIAM LANGELIER TO OPPOSITION
OF DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM
TO EMERGENCY MOTION TO STAY ENTRY OF JUDGMENT**

Blue Hills Office Park LLC ("Blue Hills"), Gerald Fineberg ("Fineberg") and William Langelier ("Langelier") hereby submit this Reply ("Reply") to the Opposition of Defendants and Plaintiffs-in-Counterclaims to Emergency Motion to Stay Entry of Judgment ("Opposition") and in further support of the Emergency Motion of Blue Hills, Fineberg and Langelier to Stay Entry of Judgment ("Emergency Motion").

In further support of this Reply, Blue Hills, Fineberg and Langelier assert and aver as follows:

1. In the approximately seven weeks since the trial of this matter concluded, Blue Hills, Fineberg and Langelier have made – and continue to make – diligent efforts to investigate the use of independent counsel to address not only potential post-trial proceedings but also any conflicts that may have arisen as a result of certain comments made on the record on October 13, 2006. In view of the complexity of the instant case and the considerable prolixity of relevant transcripts and pleadings, retaining independent counsel and allowing any such counsel to become properly acquainted with the instant proceeding is not something that can be properly done in a short period of time. As set forth in the Emergency Motion, approximately nine (9) volumes of trial transcripts, numerous pleadings, and two hundred eighteen (218) trial exhibits (comprised of lengthy loan documents) must be reviewed as a prerequisite to evaluating the feasibility of, *inter alia*, seeking post-trial relief in what is – beyond dispute – a high stakes matter for Blue Hills, Fineberg and Langelier.

2. Defendants J.P. Morgan Chase Bank and CSFB 1999-C1 Royall Street, LLC ("Lender") allege in their Opposition that a stay will give Mr. Fineberg and Mr. Langelier an opportunity to improperly transfer assets or to otherwise thwart Lender's collections efforts. This allegation is baseless. In accordance with the Court's directive on October 13, 2006, Blue Hills has already forwarded payment of $2 million to the Lender, receipt of which has been acknowledged. Lender has provided no evidence for its scurrilous and disparaging allegations.

3. The Lender fails to set forth any grounds upon which it would be prejudiced by the limited stay being sought, particularly since it acknowledges receipt of the $2 million. Moreover, Blue Hills, Fineberg and Langelier do *not* seek any stay of the Court's determination of significant pending issues in this case; to wit, the amount of attorneys' fees Lender is entitled to and an adjudication of whether any award of prejudgment interest is proper.

4.      Further, the posting of a bond is not necessary. A bond may be required to stay the *enforcement* of a judgment once it has entered pursuant to Fed. R. Civ. P. 62, but no such bond is required to file any motions pursuant to Fed. R. Civ. P. 59 or 60. Accordingly, staying the entry of judgment does not require a bond. Blue Hills, Fineberg and Langelier will be unduly prejudiced by any requirement to post a bond prior to the entry of judgment. Moreover, the necessity of posting a bond in accordance with Fed. R. Civ. P. 62(b) is among the post-trial issues which need to be considered by any new counsel retained.

WHEREFORE, Blue Hills, Fineberg and Langelier request that the entry of judgment and any post trial proceedings be stayed for a period of at least 90 days.

### **REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(D), Blue Hills, Langelier and Fineberg request a hearing as to the issues raised herein.

Respectfully submitted,
BLUE HILLS OFFICE PARK LLC,
WILLIAM LANGELIER AND GERALD FINEBERG,
By their attorneys,

/s/ Meredith A. Swisher
Peter B. McGlynn, Esquire
  BBO No. 333660
Meredith A. Swisher, Esquire
  BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated: December 6, 2006
#413025 v1/14500/9985