UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>  Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>  Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>  Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>  Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**JOINT MOTION OF BLUE HILLS OFFICE PARK LLC AND GERALD FINEBERG
TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

Pursuant to Fed. R. Civ. P. 59(e), Blue Hills Office Park LLC and Gerald Fineberg

(collectively, "Blue Hills") jointly move to alter or amend the judgment entered on December 21,

2006 (the "Judgment"), a copy of which is attached hereto and incorporated herein by reference

as Exhibit "A." Blue Hills contends that certain findings, rulings and conclusions in the

Judgment either contradict previous rulings of the Court or require clarification.

As grounds for this Motion, Blue Hills avers and asserts as follows:

1.      Fed. R. Civ. P. 59(e) preserves the district court's right to alter or amend a judgment after the judgment is entered. *See, White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982) (district court has power to rectify mistakes in the period immediately following entry of judgment). Such actions are appropriate where, for example, the court misunderstood the facts, a party's arguments, or the controlling law, or where the judgment failed to provide relief to which the court found a party entitled. *See, Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (judgment may be altered to correct clear error or prevent manifest injustice); *Continental Cas. Co. v. Howard*, 775 F.2d 876, 882 (7th Cir. 1985).

2.      On October 13, 2006, the Court issued findings and rulings from the bench. Several aspects of the Judgment do not accurately reflect the findings and rulings, however.

3.      In particular, the Judgment provides that judgment is to enter in favor of the Trustee and CSFB "[o]n their Counterclaim." However, on October 13, 2006, the Court explicitly ruled that there was no fraud: "The Court is not persuaded with respect to these Counterclaims that there was anything approaching stealing. . . . Specifically, there was – nor is the Court persuaded that any of the counterclaim claim defendants, the entities or the individuals here engaged in fraud." Trial Transcript, Vol. 9, p. 45, attached hereto as Exhibit "B." Thus, the Judgment should be amended to dismiss Count IV of the Counterclaim with prejudice.

4.      In addition, the Court stated that the Trustee's and CSFB's claims under Chapter 93A contained in Count VI were deemed waived, a position ratified by counsel for the Trustee and CSFB. *Id.*, p. 52, lines 4-5, attached hereto as Exhibit "C." Accordingly, the Judgment should also be amended to dismiss Count VI of the Counterclaim with prejudice.

- 2 -

5.    The Court made no findings with respect to CSFB's and the Trustee's claims for breach of the implied covenant of good faith and fair dealing contained in Count III of the Counterclaim.  Accordingly, Count III of the Counterclaim should also be dismissed with prejudice.

WHEREFORE, Blue Hills requests this Court to amend the Judgment as set forth herein.

## **REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(D), Blue Hills requests a hearing as to the issues raised herein.

BLUE HILLS OFFICE PARK LLC AND
GERALD FINEBERG,
By their attorneys,

/s/Peter B. McGlynn
Peter B. McGlynn, Esquire  BBO No. 333660
Meredith A. Swisher, Esquire  BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts  02110
Telephone:    (617) 790-3000
Facsimile:    (617) 790-3300
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated: January 8, 2007
415253 v1/14500/9985

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC<br><br>   Plaintiffs,<br>   Defendants-in-Counterclaim,<br><br>       v.<br><br>J.P. MORGAN CHASE BANK, as<br>Trustee for the Registered<br>Holders of Credit Suissee First<br>Boston Mortgage Securities<br>Corp., Commercial Mortgage<br>Pass-Through Certificates,<br>Series 1999-C1,<br><br>   Defendant<br><br>and CSFB 1999 - C1 Royall<br>Street, LLC,<br>   Defendant,<br>   Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br><br>   Defendants-in-Counterclaim. | CIVIL ACTION<br>NO. 05-10506-WGY |

JUDGMENT

YOUNG, D.J.                                December 21, 2006

This case having come on for bench trial on September 13, 2006; the Court having considered all of the evidence and arguments presented by the parties and their counsel; and the Court having rendered a decision, it is hereby ORDERED:

1. Judgment for J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999-C1 Royall Street, LLC ("CSFB") shall enter on all claims asserted in the Second Amended Complaint by Blue Hills Office Park LLC ("Blue Hills"). All claims asserted by Blue Hills are dismissed with prejudice.

2. On their Counterclaim, the Trustee and CSFB shall have judgment against Blue Hills, Gerald Fineberg, and William Langelier jointly and severally and recover:

    a. $10,770,847.00;

    b. Accrued contract interest in the amount of $4,552,365.47 through November 28, 2006.

    c. Additional accrued contract interest in the amount of $3,286.63 per day for each day after November 28, 2006 until the date of judgment; and

    d. Attorneys' fees and costs in the amount of $2,056,566.01

3. CSFB and the Trustee shall recover from Blue Hills, Gerald Fineberg, and William Langelier jointly and severally post-judgment interest on the total of the amounts set forth in paragraph 2 above, to the extent unpaid, at the legally applicable rate.

4. On October 13, 2006, the Court ordered that the $2 million held in escrow at the law firms of Wilmer Cutler Pickering Hale and Dorr LLP and Bernkopf Goodman LLP be paid forthwith to the Trustee and CSFB.  Pursuant to that order those monies have since been paid ($1 million on November 22, 2006 and $1 million on November 28, 2006) in partial satisfaction of the amounts set forth in paragraph 2 above.

Judgment shall enter forthwith

SO ORDERED

_____
WILLIAM G. YOUNG

# EXHIBIT B

```
            UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MASSACHUSETTS

                                Civil Action
                                No. 05-10506-WGY


* * * * * * * * * * * * * * * * * * * * * * **
BLUE HILLS OFFICE PARK LLC,                   *
                                              *
     Plaintiff, Defendant-in-Counterclaim,    *
                                              *
     v.                                       *
                                              *
J.P. MORGAN CHASE BANK, as Trustee for the    *
Registered Holders of Credit Suisse First Boston *
Mortgage Securities Corp., Commercial Mortgage *
Pass-Through Certificates, Series 1999-C1,    *
                                              *
     and                                      *
                                              *
CSFB 1999-C1 ROYALL STREET, LLC;              *
                                              *
     Defendants, Plaintiffs-in-Counterclaim,  *
                                              *
     v.                                       *
                                              *
WILLIAM LANGELIER and GERALD                  *
FINEBERG,                                     *
                                              *
     Defendants-in-Counterclaim.              *
* * * * * * * * * * * * * * * * * * * * * * **
```

BENCH TRIAL - VOLUME 9


BEFORE:  The Honorable William G. Young,
                District Judge




                    1 Courthouse Way
                    Boston, Massachusetts

                    October 13, 2006

1          THE CLERK:  All rise.  Court is in session, please
2     be seated.

3          THE COURT:  All right, I think we're ready to
4     proceed here.

5          I'm very sensitive of my obligations under Rule 52
6     and should there be further proceedings, I will make express
7     and detailed findings, and I reserve my right to flesh out,
8     with appropriate citation, the legal rulings that I make
9     here this morning.  Nevertheless, I am prepared to make
10    sufficient findings to explain my reasonings to the parties
11    and the legal rulings that flow therefrom.  Any subsequent
12    detailed findings will not alter or be inconsistent with the
13    more summary findings I state now, and my legal rulings are,
14    in the Court's judgment, accurate and well substantiated.

15         Let me, let me structure this by starting with some
16    negative findings so we're clear when I get to the direct
17    analysis.

18         The Court is not persuaded with respect to these
19    counterclaims that there was anything approaching stealing.
20    I take that solely as rhetorical.  No one was stealing here.
21    Specifically, there was -- nor is the Court persuaded that
22    any of the counterclaim defendants, the entities or the
23    individuals here engaged in fraud.  To the extent that
24    anything was not disclosed, the disclosure duty was a
25    contractual duty only and there was here no affirmative

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action
No. 05-10506-WGY

* * * * * * * * * * * * * * * * * * * * * * * * **
BLUE HILLS OFFICE PARK LLC,                      *
                                                 *
    Plaintiff, Defendant-in-Counterclaim,        *
                                                 *
    v.                                           *
                                                 *
J.P. MORGAN CHASE BANK, as Trustee for the       *
Registered Holders of Credit Suisse First Boston *
Mortgage Securities Corp., Commercial Mortgage   *
Pass-Through Certificates, Series 1999-C1,       *
                                                 *
    and                                          *
                                                 *
CSFB 1999-C1 ROYALL STREET, LLC;                 *
                                                 *
    Defendants, Plaintiffs-in-Counterclaim,      *
                                                 *
    v.                                           *
                                                 *
WILLIAM LANGELIER and GERALD                      *
FINEBERG,                                         *
                                                 *
    Defendants-in-Counterclaim.                  *
* * * * * * * * * * * * * * * * * * * * * * * * **

BENCH TRIAL - VOLUME 9

BEFORE:  The Honorable William G. Young,
District Judge

1 Courthouse Way
Boston, Massachusetts

October 13, 2006

1

4          93A.   In view of the Court's rulings, I deem the

5    lender's 93A claim waived.  And I express no opinion on it

6    whatsoever.  The lender now recovers the full amount of its

7    deficiency and contractually recovers its actual attorneys'

8    fees.  Under those circumstances, in view of counsel's

9    comments, the Court need not and does not go any further as

10   to 93A, that claim is waived.

11

12

13

14

15

16

17

18

19

20

21

22

2?

2

2