UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>    Defendants-in-Counterclaim | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-CV-10506 (WGY)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION OF BLUE HILLS OFFICE PARK, LLC AND
GERALD FINEBERG FOR APPROVAL OF ALTERNATE SECURITY
IN LIEU OF A *SUPERSEDEAS* BOND**

Blue Hills Office Park, LLC ("Blue Hills") and Gerald Fineberg ("Fineberg") hereby jointly move for approval of the alternate security described below in lieu of a *supersedeas* bond required under Fed. R. Civ. P. 62(d) to stay the issuance of an execution and enforcement proceedings pending Blue Hills' and Fineberg's appeal of the Judgment entered on December 21, 2006.

Fineberg and Blue Hills will agree to the entry of an order requiring Fineberg to maintain marketable securities holdings having a market value which is not less than 110% of the

Judgment, plus $500.00, in his Banknorth Wealth Management Group account no. 73-8745-01-7 (the "Banknorth Account"). This is the amount required in connection with *supersedeas* bonds under L.R. 62.2. A copy of Mr. Fineberg's Banknorth Account November 30, 2006 statement is attached hereto as Exhibit A, and it shows that the market value of Mr. Fineberg's assets in the account is $18,161,169.39. Although Mr. Fineberg wishes to retain the right to trade, invest and reinvest within the Banknorth Account, he will agree that, in the event that the market value of the Banknorth Account falls below 110% of the Judgment, plus $500.00, he would contribute additional unencumbered cash, cash equivalents and/or marketable securities from other accounts he owns so that the total amount subject to the proposed order in the Banknorth Account will equal or exceed 110% of the Judgment, plus $500.00.

Without impairing the collectibility of the Judgment if upheld on appeal, the alternate security proposed by Fineberg and Blue Hills herein would result in the savings of several hundred thousand dollars in *supersedeas* bond premiums, letter of credit fees and legal fees and other costs associated with the posting and collateralization of a *supersedeas* bond issued pursuant to L.R. 62.2 and 67.1.

In support of this motion, Blue Hills and Fineberg aver and assert as follows:

1.  The Court has the power not only to reduce the *supersedeas* bond's penal sum, but to dispense with the requirement of a *supersedeas* bond altogether. Courts have allowed substitute security in all types of cases in which the appealing party is able to demonstrate that the judgment creditor's recovery would not be jeopardized. See, e.g., *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (even in absence of bond, the court has discretion to issue stay); *In the Matter of Carlson,* 224 F.3d 813, 815 (7th Cir. 2000) (waiver of bond requirement appropriate "if the appellant has clearly demonstrated ability to satisfy the judgment

if the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment"); *Olympia Equip. Leasing Corp. v. Western Union Telegraph Co.*, 786, F2d 794, 796 (7th Cir. 1986) (bond not appropriate if the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money); *Prescription Serv., Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 757-60 (D.C. Cir. 1980) (district court's discretion includes ability not to require bond); *Transworld Airlines, Inc. v. Hughes*, 515 F.2d 173 (2nd Cir. 1975) (court approves alternate security including requirement that appellant maintain net worth of three times the balance owed on judgment); *see also* 20 *Moore's Federal Practice* ¶308.30 (2006).

    2.    Mr. Fineberg's Banknorth Account shows assets having a total market value of $18,161,169.39 as of November 30, 2006. Mr. Fineberg reports that there have been no withdrawals from the Banknorth Account since November 30, 2006 and, once the December 30, 2006 statement has been received, he will make it available to counsel for the defendants and to this Court. Upon information and belief, the Banknorth Account currently consists of units in the Federated Institutional Money Market Fund.

    3.    Mr. Fineberg has other substantial and diverse investments and real estate holdings and would agree to supplement the value of the assets in the Banknorth Account should the value of his assets in that account fall below an amount equal to 110% of the Judgment, plus $500.00.

    4.    Based upon information that Fineberg and Blue Hills have very recently received, Fineberg will be required to spend upward of $425,000.00 to procure a *supersedeas* bond that complies with requirements of Local Rules 62.2 and 67.1. On information and belief, the *supersedeas* bond premiums range from $150,000.00 to $425,000.00 annually depending on the

surety and the type of collateral security required by the surety.  In order to obtain a premium in the lower end of the foregoing range, Fineberg would be required to post a letter of credit as collateral security for the bond.  Upon information and belief, letter of credit fees can range from one to two percent or more of the letter of credit amount.

5. The current balance in the Banknorth Account exceeds the *supersedeas* bond penal sum requirements set out in L.R. 62.2 by over $1 million.  Moreover, the assets in the Banknorth Account are units in money market funds managed by Federated Investors, Inc., one of the nation's largest investment managers with approximately $223 billion in assets under management.  Further, the $1 million plus "equity cushion" in the Banknorth Account in excess of the amount required by L.R. 62.2 will be augmented, if necessary, by other assets owned by Mr. Fineberg should the Banknorth Account market value drop below 110% of the Judgment, plus $500.00.  In these circumstances, the proposed alternative security provides more than adequate security for the Judgment and also allows Mr. Fineberg to save several hundred thousand dollars in *supersedeas* bond related premiums and fees.

WHEREFORE, Blue Hills and Fineberg respectfully request that the court enter an order:

1. Granting Fineberg and Blue Hills' motion; and,

2. Providing such other and further relief is just and proper.

Request for Oral Argument

Pursuant to Local Rule 7.1, Blue Hills and Fineberg request an opportunity for oral argument on the issues addressed in the instant objection.

- 5 -

                    BLUE HILLS OFFICE PARK LLC AND
                    GERALD FINEBERG,
                    By their attorneys,

/s/ Peter B. McGlynn
Peter B. McGlynn, Esquire, BBO No. 333660
Meredith A. Swisher, Esquire, BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts  02110
Telephone:   (617) 790-3000
Facsimile:    (617) 790-3300
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated: January 8, 2007
414921 v1/38279/1

# Exhibit A

# TD Banknorth
### Wealth Management Group

Page 1 of 4

## Fineberg, Gerald Custody
November 1, 2006 - November 30, 2006

Account Number: 73-8745-01-7

MR. GERALD S FINEBERG
1 WASHINGTON STREET, STE 400
WELLSLEY MA 02481

**Administrator**

Julie I Dwyer
508 368-6597
TD Banknorth Wealth Management
370 Main Street
Worcester MA 01608

**Investment Mgr**

Julie I Dwyer

### Account Review

| | |
|---|---|
| Your Beginning Market Value: | $ 18,082,995.86 |
| Income Earned : | $ 78,173.53 |
| Your Ending Market Value : | $ 18,161,169.39 |

### Portfolio Summary



CASH & EQUIV
100.0 %

1000244 002316  00073874501Z  1212  0002 OF 0003

Page 2 of 4

**Fineberg, Gerald Custody**
November 1, 2006 - November 30, 2006

Account Number: 73-8745-01-7

### Earnings Summary

| | This Period | This Year |
|---|---|---|
| Interest | 78,173.53 | 705,669.39 |
| **Total** | **$ 78,173.53** | **$ 705,669.39** |

### Withdrawal Summary

| | This Period | This Year |
|---|---|---|
| Payments To/For Benef | 0.00 | -8,544,500.00 |
| **Total** | **$ 0.00** | **$ -8,544,500.00** |

### Contributions Summary

| | This Period | This Year |
|---|---|---|
| Miscellaneous Receipt | 0.00 | 26,000,000.00 |
| **Total** | **$ 0.00** | **$ 26,000,000.00** |

### Gain/Loss Summary

| | This Period | This Year |
|---|---|---|
| Realized Gain/(Loss) | 0.00 | 0.00 |
| Unrealized Gain/Loss | 0.00 | 0.00 |
| **Total** | **$ 0.00** | **$ 0.00** |

### List of Assets

| Description | Shares | Cost/ Per Unit | Market Value/ Per Unit | Percent Of Total Market | Projected Annual Income | Current Yield |
|---|---|---|---|---|---|---|
| **Cash and Equivalent** | | | | | | |
| Federated Inst Prime Oblig Fd #396 | 17,455,500 | 17,455,500.00 / 1.00 | 17,455,500.00 / 1.00 | 96.11% | 860,556.00 | 4.93% |
| Federated Inst Prime Oblig Fd #396 | 705,669.39 | 705,669.39 / 1.00 | 705,669.39 / 1.00 | 3.89% | 34,789.00 | 4.93% |
| **Total Cash and Equivalent** | | **$ 18,161,169.39** | **$ 18,161,169.39** | **100.00%** | **$ 895,345.00** | **4.93%** |
| **Total Assets** | | **$ 18,161,169.39** | **$ 18,161,169.39** | **100.00%** | **$ 895,345.00** | **4.93%** |

**TD Banknorth**
Wealth Management Group

**Fineberg, Gerald Custody**
November 1, 2006 – November 30, 2006

Account Number: 73-8745-01-7

### Purchase Activity

| Date | Description | Unit Price | Broker Commission | Other Costs | Cash |
|---|---|---|---|---|---|

**Cash and Equivalent**

Federated Inst Prime Oblig Fd #396
| 11/30/06 | Purchases (1) 11/01/06 To 11/30/06 | 1.000 | 0.00 | 0.00 | -78,173.53 |

**Total Cash and Equivalent** $ -78,173.53

**Total Purchases** $ -78,173.53

### Earnings Activity

| Date | Description | Income Cash | Principal Cash |
|---|---|---|---|

**Interest**

Federated Inst Prime Oblig Fd #396
| 11/01/06 | Int To 10/31/06 | 2,613.39 | 0.00 |
| 11/01/06 | Int To 10/31/06 | 75,560.14 | 0.00 |

**Total Interest** $ 78,173.53 $ 0.00

**Total Earnings** $ 78,173.53 $ 0.00



Page 4 of 4

**Fineberg, Gerald Custody**
November 1, 2006 - November 30, 2006

Account Number: 73-8745-01-7

SECURITY PRICES SHOWN IN THIS STATEMENT ARE OBTAINED FROM THE MOST RELIABLE SOURCES AVAILABLE BUT ARE NOT GUARANTEED. QUOTED PRICES MAY NOT EQUAL ACTUAL PRICES BECAUSE OF SECURITY SIZE, MARKETPLACE, TIME & DEMAND. UNDER ME AND NH LAW, A TRUST BENEFICIARY MAY NOT COMMENCE A PROCEEDING AGAINST A TRUSTEE FOR BREACH OF TRUST MORE THAN ONE YEAR AFTER THE DATE THE BENEFICIARY IS SENT A REPORT THAT ADEQUATELY DISCLOSES THE EXISTENCE OF A POTENTIAL CLAIM FOR BREACH OF TRUST AND INFORMS THE BENEFICIARY OF THE TIME ALLOWED FOR COMMENCING A PROCEEDING