UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>    Defendants-in-Counterclaim | Civil Action No. 05-CV-10506 (WGY) |

**EMERGENCY MOTION OF BLUE HILLS OFFICE PARK LLC AND
GERALD FINEBERG TO APPROVE *SUPERSEDEAS* BOND AND TO
STAY ENFORCEMENT OF JUDGMENT PENDING APPROVAL OF THE BOND**

Pursuant to Fed. R. Civ. P. 62(d) and Local Rules 7.1, 62.2 and 67.1, Blue Hills Office Park LLC and Gerald Fineberg (collectively, "Blue Hills") move that the *supersedeas* bond filed on January 11, 2007 be approved and that enforcement of the Judgment entered on December 21, 2006 be stayed during the pendency of the Appeal.

In support of this Motion, Blue Hills avers and asserts as follows:

1.    Judgment entered against Blue Hills on December 21, 2006.

2. Blue Hills filed a Notice of Appeal on January 11, 2007, a copy of which is attached hereto as Exhibit "A."

3. Together with the Notice of Appeal, Blue Hills filed a *supersedeas* bond in the principal sum of $16,997,729.77 ("Bond") given by Gerald Fineberg as principal and United States Surety Company as surety. A copy of the Bond is attached hereto as Exhibit "B."

4. The amount of the Bond is 110% of the amount of the Judgment plus $500.00, as required by Local Rule 62.2. Further, the form of the Bond is in compliance with Local Rule 67.1.

5. As indicated on the Bond, it is secured by the guaranty of a corporation – United States Surety Company – holding a Certificate of Authority from the Secretary of the Treasury pursuant to 6 U.S.C. §8. *See*, Exhibit "B." A true and complete copy of a letter from the Department of the Treasury providing that United States Surety Company is an approved surety on federal bonds with a Certificate of Authority renewed for the period in effect until June 30, 2007 is attached hereto and incorporated herein as Exhibit "C." The letter provides that United States Surety Company's underwriting limitation is in the amount of $2,688,000. However, as provided in 31 C.F.R. 223.1, *et seq.*, United States Surety Company may issue bonds in a greater amount when such bonds are collateralized. 31 C.F.R. 223.11.

6. A true and complete copy of an Affidavit by Adam Pessin, Senior Vice President of United States Surety Company is attached to the Bond. The Pessin Affidavit provides, *inter alia*, that United States Surety Company "accepted cash collateral for the full amount of the [B]ond. This money has not been pledged or assigned as security for any other purpose than for the [B]ond . . . ." Additionally, the Pessin Affidavit provides that, "[p]ursuant to 31 C.F.R. 223.11(c)(1), United States Surety Company complies with the limitation of risk prescribed in

[31 C.F.R.] section 223.10 by accepting this cash deposit in trust for its protection."

Accordingly, the Bond complies with all federal regulations – as well as the Local Rules – and should be approved by the Court.

7.  As testified in the Supplemental Declaration of Adam Pessin attached hereto and incorporated herein as Exhibit "D," the Bond was executed by Crawford pursuant to a Power of Attorney executed by United States Surety Company.  The Bond was executed on behalf of the principal Gerald Fineberg, by his attorney, Peter B. McGlynn.  As acknowledged in the Supplemental Declaration of Adam Pessin, United States Surety Company waives any defense it may have relating to the absence of Gerald Fineberg's signature on the Bond and confirms that the bond is effective as executed.

WHEREFORE, Blue Hills requests the Court to approve the *supersedeas* Bond attached hereto as Exhibit "B" and stay the Judgment against Blue Hills during the pendency of the Appeal.

### REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Blue Hills requests a hearing as to the issues raised herein.

BLUE HILLS OFFICE PARK LLC AND
GERALD FINEBERG,
By their attorneys,

/s/ Meredith A. Swisher
Peter B. McGlynn, Esquire  BBO No. 333660
Meredith A. Swisher, Esquire  BBO No. 646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts  02110
Telephone:   (617) 790-3000
Facsimile:    (617) 790-3300
pmcglynn@bg-llp.com
mswisher@bg-llp.com

Dated: January 12, 2007
415753 v1/14500/9985

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JAN 11  A 4: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>  Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for<br>the Registered Holders of Credit Suisse First<br>Boston Mortgage Securities Corp., Commercial<br>Mortgage Pass-Through Certificates,<br>Series 1999-C1<br>  Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC<br>  Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and<br>GERALD FINEBERG<br>  Defendants-in-Counterclaim | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-CV-10506 (WGY)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COPY**

### NOTICE OF APPEAL

Notice is hereby given that Gerald Fineberg and Blue Hills Office Park, LLC hereby appeal the Judgment in the above-referenced action entered on December 21, 2006 to the United States Court of Appeals for the First Circuit.

Dated: January 10, 2007

BLUE HILLS OFFICE PARK LLC AND
GERALD FINEBERG,
By their attorneys,

_____
Peter B. McGlynn, Esquire, BBO #333660
Meredith A. Swisher, Esquire, BBO #646866
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts  02110
(617) 790-3000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail/by hand/by fax _____

415863 v1/38279/1

# EXHIBIT B

ISSUED THROUGH

# A. A. DORITY COMPANY

FILED IN CLERK'S OFFICE

2007 JAN 11  A 4: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
District of Massachusetts

BLUE HILLS OFFICE PARK LLC,

    Plaintiff,
    Defendant-in-Counterclaim

v.                                                                 CIVIL ACTION No. 05-10506-WGY

J.P. MORGAN CHASE BANK, as
Trustee for the Registered Holders
of Credit Suissee First Boston Mortgage
Securities Corp., Commercial Mortgage
Pass-Through Cerificates, Series 1999-C1,

    Defendant

and CSFB 1999 – C1 Royall Street, LLC,
    Defendant
    Plaintinff-in-Counterclaim

and

William Langelier and Gerald Fineberg,

    Defendants-in-Counterclaim


KNOW ALL MEN BY THESE PRESENTS, that we,

**Gerald Fineberg,** as **Principal**, and the **United States Surety Company**, a corporation duly organized and existing under the laws of the State of Maryland, as **Surety**, are hereby jointly and severally bound unto, **J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 and CSFB 1999 – C1 Royall Street, LLC,** as **Obligees**, in the penal sum of **Sixteen Million Nine Hundred Ninety Seven Thousand Seven Hundred Ninety Two and 77/100 ($16,997,792.77) Dollars**, to be paid to the said Obligees, certain attorney, successors, executors, administrators, successors and assigns to which payment to be well and truly to be made we bind ourselves our heirs, executors, administrators, successors and assigns, jointly and severally, by these presents.

WHEREAS, a judgment was entered in favor of the above named Obligees, and the said Principal has filed notice of appeal from said judgment to the United States Court of Appeals for the First Circuit.

NOW, THEREFORE, the condition of this obligation is such that if the said Principal, as Appellant, shall prosecute appeal with effect and shall satisfy the said judgment in full together with costs, interest and damages for delay if said appeal is dismissed or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and costs, interest and damages as may be adjudged and awarded by said court, then this obligation to be void; otherwise to remain in full force and effect. This bond is subject to all applicable federal statutes and rules, including, but not limited to, Local Rule 67.1 of the United States District Court for the District of Massachusetts. This bond is secured by the guaranty of a corporation holding a certificate of authority from the Secretary of the Treasury pursuant to 6 U.S.C. Sec. 8.

DATED this 10th day of January, 2007

*[signature]* atty for Gerald Fineberg
Gerald Fineberg

Bond No. 1000755455

United States Surety Company

By *[signature]*
Philip B. Crawford   Attorney-in-Fact
A.A. Dority Company, Inc.
262 Washington Street, Boston, Ma. 02108

# UNITED STATES SURETY COMPANY

FILED
IN CLERKS OFFICE
2007 JAN 11 A 4:26
U.S. DISTRICT COURT
DISTRICT OF MASS

KNOWN ALL MEN BY THESE PRESENTS: That United States Surety Company (the "Company"), a corporation organized and existing under the laws of the State of Maryland, does hereby constitute and appoint: **Philip B. Crawford of Boston, Massachusetts**

its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof of the Company in its business of providing suretyship; guaranteeing the performance of contracts; and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law, subject to the following limitations:

**No single bond shall obligate the Company in excess of the sum of Twenty Million Dollars ($20,000,000.00).**

This Power of Attorney is granted under and by authority of the following Resolutions adopted by the Board of Directors of United States Surety Company on the 29th day of July, 1996.

IN WITNESS WHEREOF, United States Surety Company has caused these presents to be signed by its proper officers, and its corporate seal to be hereunto affixed this 5th day of January, 2007.

_____        _____
Adam S. Pessin, Senior Vice President        Jeannie J. Kim, Assistant Secretary

STATE OF CALIFORNIA         SS:
LOS ANGELES COUNTY

On this 5th day of January, A. D. 2007, before me personally came Adam S. Pessin, Senior Vice President of the United States Surety Company, and Jeannie J. Kim, Assistant Secretary of said Company, with both of whom I am personally acquainted, who being by me severally duly sworn, said, that they, the said Adam S. Pessin and Jeannie J. Kim were respectively the Senior Vice President and Assistant Secretary of the United States Surety Company, the corporation described in and which executed the foregoing Power of Attorney.



(Signed) _____
NOTARY PUBLIC
My Commission expires the 20 day in April, 2008.

RESOLVED, that in connection with the surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to any Power of Attorney issued in accordance with these resolutions ("Powers of Attorney"). All Powers of Attorney for and on behalf of the Company shall be executed in the name and on behalf of the Company, either by the Chair, the President, a Vice President or Executive Vice President jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signatures of such officers and the seal of the Company may be also be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact, for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof. Subject to any limitations set forth therein and unless such Power of Attorney is subsequently revoked, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company, and any such Power of Attorney so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached.

RESOLVED, that Attorney(s)-in-Fact shall have the power and authority, subject to the terms and limitations of the Power of Attorney issued to them and unless subsequently revoked, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in-Fact shall be as binding upon the Company as if signed by the Company's Chair, the President, a Vice President, or Executive Vice President and sealed and attested to by the Corporate Secretary or an Assistant Secretary.

I, Jeannie J. Kim, Assistant Secretary of United States Surety Company, do hereby certify that the foregoing is a true excerpt from the Resolution of the said Company as adopted by its Board of Directors on the 29th day of July, 1996, and that this Resolution is in full force and effect.

I, the undersigned Assistant Secretary of United States Surety Company, do hereby certify that the foregoing Power of Attorney is in full force and affect and has not been revoked.

In testimony whereof, I have hereunto set my hand and the seal of United States Surety Company on this 5th day of January, 2007.

_____
Jeannie J. Kim, Assistant Secretary

Bond No.  **1000755455**

Agency No.  #13127

FILED
IN CLERKS OFFICE

2007 JAN 11  A 4: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC, | Case No.: No.: 05-10505-WGY |
| Plaintiffs,<br>Defendants-in-Counterclaim, | Civil Action |
| vs.<br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suissee First Boston Mortgage Securities Corp., Commerical Mortgage Pass-Through Certificates, Series 1999-C1, | DECLARATION OF ADAM PESSIN RE: U.S. SURETY COMPANY BOND 1000755455 |
| Defendant, | |
| and CSFB 1999 - C1 Royall, Street, LLC,<br>Defendant,<br>Plaintiff-in-Counterclaim, | |
| and | |
| WILLIAM LANGELIER and GERALD FINEBERG, | |
| Defendants-in-Counterclaim. | |

I, Adam Pessin, declare as follows:

1. I am a Senior Vice President of U.S. Surety Company, a company authorized to do business with the United States as a surety on bonds and undertakings pursuant to 31 C.F.R. 223.1.

2. If called as a witness, I would and could testify to the following facts.

1

3. U.S. Surety Company has issued bond 1000755455 on behalf of Gerald Fineberg in the amount of $16,997,792.77.

4. To limit U.S. Surety Company's risk prescribed in 31 C.F.R. 223.10, U.S. Surety Company accepted cash collateral from Gerald Fineberg for the full amount of the bond. This money has not been pledged or assigned as a security for any other purpose other than for the bond U.S. Surety Company posted on behalf of Gerald Fineberg.

5. Pursuant to 31 C.F.R. 223.11(c)(1), U.S. Surety Company complies with the limitation of risk prescribed in section 223.10 by accepting this cash deposit in trust for its protection.

I declare under penalty of perjury that the foregoing is true and correct and that I signed this declaration on January 10, 2007.

_____
Adam Pessin, Senior Vice President

# ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On January 10, 2007 before me, Jacki Layfield, notary public, personally appeared **Adam Pessin**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

[Signature]

[Notary Seal: JACKI LAYFIELD, Comm. #1484956, NOTARY PUBLIC-CALIFORNIA, Los Angeles County, My Comm. Expires APR 20, 2008]

## OPTIONAL

*Though law does not require the following information, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ INDIVIDUAL
☑ CORPORATE OFFICER
   _Senior Vice President_

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

_U.S. Surety Company_

DESCRIPTION OF ATTACHED DOCUMENT

_Declaration of Adam Pessin_
TITLE OR TYPE OF DOCUMENT

_2_
NUMBER OF PAGES

_January 10, 2007_
DATE OF DOCUMENT

OTHER

RIGHT THUMBPRINT OF SIGNER:

# EXHIBIT C



DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
HYATTSVILLE, MD 20782

JUN 2 1 2006

Mr. Richard E. Klein, President
United States Surety Company
P.O. Box 5605
Timonium, MD, 21094-5605

Dear Mr. Klein:

Your Company's Certificate of Authority to qualify as an acceptable surety and/or reinsurer on Federal bonds is hereby renewed and will remain in effect until June 30, 2007, unless revoked prior to that date.

On the basis of our review of the Company's Annual Financial Statement as of the close of the last calendar year, the following underwriting limitation has been established, effective July 1, 2006, under the renewed Certificate:

  POLICYHOLDERS' SURPLUS at December 31, 2005 ...................... $26,877,738

  UNDERWRITING LIMITATION ........................................................... $2,688,000

It should be noted that after extensive research this year, we are following the practice of making no deductions from policyholders' surplus reported (except for Treasury certified subsidiary companies) where the amount of adjustment (e.g., for unauthorized reinsurance, inadequate loss reserves, etc.) would have a nominal effect on the surplus and where it has been determined that the Company is solvent per Treasury's guidelines. This practice facilitates the review work and should not be interpreted as changing or nullifying applicable Treasury requirements.

The list of approved sureties (Circular 570) is available on our website at http://www.fms.treas.gov/c570. Please disseminate this information to your associates, agents, reinsurers and even Government agencies whenever possible.

If you wish to comment on the underwriting limitation established, please contact Pratibha Goel at (202) 874-7102 within 5 business days from the date of this letter.

Sincerely,

Rose M. Miller
Manager
Surety Bond Branch

Attachments

ATTACHMENT
Page 1 of 2

<u>United States Surety Company</u>

**POTENTIAL ADJUSTMENTS TO POLICYHOLDERS' SURPLUS FOR TREASURY RATING PURPOSES**

THE FOLLOWING IS PRESENTED FOR YOUR INFORMATION ONLY. THERE IS NO RESPONSE REQUIRED TO THESE ISSUES.

As a result of our review of the Company's 2005 Annual Financial Statement, the following was found to be material to policyholders' surplus and would have resulted in a downward adjustment to policyholders' surplus if the total had caused the Company to fail Treasury's minimum capital requirement *.

It should be noted that should materiality of these amounts increase in relation to policyholders' surplus, to the point where capital impairment * is a concern, we will notify the Company in accordance with 31 C.F.R. 223.17.

DESCRIPTION OF POTENTIAL ADJUSTMENTS**:
Schedule DA:
Over-Concentration in Blackrock Liquidity Funds ...........................................$2,400,973


* Minimum Capital Requirement: Treasury regulations require that in order for a company to continue as an acceptable surety on Federal bonds, it must maintain sufficient surplus, in excess of capital, to preclude the possibility of capital impairment. Treasury considers surplus, in excess of capital, to be insufficient unless, after adjustments for Treasury purposes, surplus equals 100 percent of capital. This surplus requirement must be maintained at all times during the year. See Instruction XX of Treasury's Annual Letter dated December 31, 2005.

** See Treasury's Annual Letter dated December 31, 2005, for more information regarding these deductible items.

BIOGRAPHICAL AFFIDAVITS

Please provide updated biographical affidavits in the NAIC format for the new officers and directors shown on the Company's March 1, 2006 Quarterly Financial Statement.

ATTACHMENT
Page 2 of 2

<u>United States Surety Company</u>

OVERCONCENTRATION OF ASSETS

| | |
|---|---:|
| Total Assets per 12/31/05 Financial Statement | $ 43,225,770 |
| Less Overconcentrated Investment:<br>   Schedule DA– Part 1 :<br>      Blackrock Liquidity Funds | $ 6,483,453 |
| Net Assets | $ 36,742,317 |
| | ÷   .9 |
| Total Admissible Assets for Treasury Rating Purposes | $ 40,824,796 |
| | X   .1 |
| Portion of Investments Recognized for Rating Purpose | $ 4,082,479 |
| Total Potential Non-Admitted Portion[1]:<br>   ($6,483,453 - $4,082,479) | $ 2,400,973 |

---

[1] Each investment is limited to 10 percent of total admitted assets, net of the item under consideration. (See Instruction I of Treasury's Annual Letter dated December 31, 2005.)

# EXHIBIT D

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC, | ) Case No.: No.: 05-10505-WGY |
| Plaintiffs, | ) |
| Defendants-in-Counterclaim, | ) Civil Action |
| | ) |
| vs. | ) **SUPPLEMENTAL DECLARATION OF ADAM** |
| J.P. MORGAN CHASE BANK, as Trustee | ) **PESSIN RE: UNITED STATES SURETY** |
| for the Registered Holders of Credit | ) **COMPANY BOND 1000755455** |
| Suissee First Boston Mortgage | ) |
| Securities Corp., Commerical Mortgage | ) |
| Pass-Through Certificates, Series | ) |
| 1999-C1, | ) |
| Defendant, | ) |
| | ) |
| and CSFB 1999 - C1 Royall, Street, LLC, | ) |
| Defendant, | ) |
| Plaintiff-in-Counterclaim, | ) |
| | ) |
| and | ) |
| | ) |
| WILLIAM LANGELIER and GERALD FINEBERG, | ) |
| Defendants-in-Counterclaim. | ) |

I, Adam Pessin, declare as follows:

1. I am a Senior Vice President of United States Surety Company, a company authorized to do business with the United States as a surety on bonds and undertakings.

2. If called as a witness, I would and could testify to the following facts.

1

3. United States Surety Company has issued bond 1000755455 on behalf of Gerald Fineberg in the amount of $16,997,792.77.

4. The bond form provided a signature line for bond principal Gerald Fineberg. Peter McGlynn, attorney for Mr. Fineberg, signed the bond on behalf of Mr. Fineberg.

5. United States Surety Company waives any defense it could possibly assert relating to the absence of Mr. Fineberg's signature on the bond.

6. United States Surety Company confirms that the bond is effective as executed.

7. I declare under penalty of perjury that the foregoing is true and correct and that I signed this declaration on January 12, 2007.

_____
Adam Pessin, Senior Vice President

# ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On January 12, 2007 before me, Jacki Layfield, notary public, personally appeared **Adam Pessin**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

*[Signature]*

*[Notary seal: JACKI LAYFIELD, Comm. # 1484956, NOTARY PUBLIC - CALIFORNIA, Los Angeles County, My Comm. Expires APR 20, 2008]*

## OPTIONAL

*Though law does not require the following information, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

- [ ] INDIVIDUAL
- [x] CORPORATE OFFICER
    Senior Vice President
- [ ] PARTNER (S)
- [ ] ATTORNEY-IN-FACT
- [ ] TRUSTEE (S)
- [ ] GUARDIAN/CONSERVATOR
- [ ] OTHER: _____

SIGNER IS REPRESENTING:
NAME OF PERSON (S) OR ENTITY (IES)
    United States Surety Company

DESCRIPTION OF ATTACHED DOCUMENT

Supplemental Declaration of Adam Pessin Re: USSIC
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT THUMBRPING OF SIGNER: