UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1,<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET, LLC,<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD FINEBERG,<br>    Defendants-in-Counterclaim | CIVIL ACTION NO. 05-CV-10506 (WGY) |

### MOTION OF DEFENDANT-IN-COUNTERCLAIM, WILLIAM J. LANGELIER, FOR WAIVER OF THE SUPERSEDEAS BOND REQUIREMENT AND A STAY OF EXECUTION PENDING APPEAL

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, the defendant-in-counterclaim, William J. Langelier ("Langelier"), seeks waiver of the supersedeas bond requirement and a stay of execution pending appeal. As demonstrated below and in the affidavit submitted in support of this motion, Langelier does not have sufficient assets to collateralize a bond in the amount required by Rule 62.2 of the Local Rules of the United States District Court for the District of Massachusetts and risks irreparable harm if the judgment is executed against him during the pendency of the appeal. In addition, the

judgment creditor's interests will be fully protected during the pendency of the appeal by the supersedeas bond posted by Gerald Fineberg, who is jointly and severally liable with Langelier for the full amount of the judgment. Under these circumstances, the Court should exercise its discretion to waive the bond requirement and stay execution of the judgment against Langelier until the appeal is resolved. Langelier states the following as grounds for his motion:

1.   On December 21, 2006, this Court entered judgment in favor of J.P. Morgan Chase Bank, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trustee") and CSFB 1999-C1 Royall Street, LLC ("CSFB") on their counterclaim and ruled that CSFB and the Trustee shall recover from Blue Hills Office Park LLC, Fineberg and Langelier, jointly and severally, $10,770,847, accrued contract interest in the amount of $4,552,365.47 through November 28, 2006, additional accrued contract interest in the amount of $3,286.63 per day for each day after November 28, 2006 until the date of judgment; and attorneys' fees and costs in the amount of $2,056,556.01. As a result of the $2,000,000 payment to the plaintiffs-in-counterclaim on November 28, 2006, the amount of the outstanding judgment is approximately $15,500,000.

2.   On January 10, 2007, Fineberg and Blue Hills filed their notice of appeal and Fineberg posted a supersedeas bond in the principal sum of $16,997,792.77.

4.   Contemporaneously with the present motion, Langelier has also filed a notice of appeal.

5. As set forth in the Affidavit of William J. Langelier, attached hereto as Exhibit 1, Langelier does not have sufficient assets to obtain a bond and has been unsuccessful in his efforts to do so. As Langelier has also represented, the public disclosure of the details of his finances is likely to cause irreparable harm to him in his current and future business dealings. Thus, Langelier has offered, through counsel, to provide counsel for the Trustee and CSFB a confidential financial statement in an effort to resolve the issues raised by this motion.

6. The purpose of the supersedeas bond requirement under Fed. R. Civ. P. 62(d) is to "protect the interest of the creditor's right under judgment during the pendency of appeal." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). It is well established, in this circuit and elsewhere, that the nature and the amount of a supersedeas bond is entrusted to the discretion of the trial court and, under appropriate circumstances, the requirement may be waived entirely. *See Id. See also Dillon v. Chicago*, 866 F.2d 902, 904 (7th Cir. 1988) ("[T]he appellant may move that the district court employ its discretion to waive the bond requirement.")

7. Waiver of the bond requirement is particularly appropriate where the defendant demonstrates an inability to post the required bond and risks insolvency if the judgment is executed pending appeal. As explicitly recognized by the First Circuit, "[c]ourts have held that no bond is required if . . . the bond would put the defendant's other creditors in undue jeopardy." *Acevedo-Garcia*, 296 F.3d at 17. *See also Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1192 (5th Cir. 1979) ("[I]f the judgment debtor's present financial condition is such that posting the full bond would impose an undue financial burden, the court . . . is free to

3

exercise a discretion to fashion some other arrangement for substitute security . . . .") Thus, in attempting to protect the judgment creditor's interest during the pendency of an appeal, the Court must also strive to minimize the risk of irreparable harm to the judgment debtor. *See Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154-55 (2d Cir. 1986). *See also Miami Internat'l Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (affirming trial court's waiver of bond requirement where defendant was financially unable to post a full bond and execution would place him in insolvency).

8. As Langelier's supporting affidavit demonstrates, he has no ability to collateralize a bond and execution of the judgment pending appeal may cause him to file bankruptcy. Under such circumstances, he would be irreparably harmed in the event that the judgment is reversed on appeal.

9. In addition, because Fineberg has posted a bond in the full amount required by Local Rule 62.2, the Trustee and CSFB are fully protected in the event that the judgment is affirmed. As the Trustee and CSFB have acknowledged to the Court, "[t]he bond, deposited into and approved by the Court, provides a guaranteed source of payment of a money judgment once it is upheld on appeal." *See* Lender's Opposition to Joint Motion of Blue Hills Office Park LLC and Gerald Fineberg for Approval of Alternate Security in Lieu of a Supersedeas Bond, Paper No. 199, p. 4. Under these circumstances, the judgment should be stayed as to *all* defendants, including Langelier. *See New York v. Amfar Asphalt Corp.*, 1987 WL 246143, *2 n. 2 (E.D.N.Y. 1987) (issuing stay against all defendants where one defendant posted a full bond to secure the judgment). Any other result would be contrary to the "governing principle" of a Rule 62

stay, which is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove*, 600 F.2d at 1190-91.

WHEREFORE, Langelier requests that this Court grant Langelier's motion and enter an order staying execution of the judgment against Langelier pending appeal.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(D), Langelier requests a hearing on this issues raised in this motion.

Defendant-in-Counterclaim,

William Langelier,

By his Attorneys,

*/s/ Christine M. Netski*

Edward J. Barshak, BBO No. 032040
Christine M. Netski, BBO No. 546936
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030
barshak@srbc.com
netski@srbc.com

Dated:   January 16, 2007

### CERTIFICATE OF SERVICE

I, Christine M. Netski, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

*/s/ Christine M. Netski*
Christine M. Netski
netski@srbc.com

#386347

EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE HILLS OFFICE PARK LLC,<br>    Plaintiff/Defendant-in-Counterclaim<br><br>v.<br><br>J.P. MORGAN CHASE BANK, as Trustee<br>for the Registered Holders of Credit Suisse<br>First Boston Mortgage Securities Corp.,<br>Commercial Mortgage Pass-Through<br>Certificates, Series 1999-C1,<br>    Defendant<br><br>and CSFB 1999 – C1 ROYALL STREET,<br>LLC,<br>    Defendant/Plaintiff-in-Counterclaim<br><br>and<br><br>WILLIAM LANGELIER and GERALD<br>FINEBERG,<br>    Defendants-in-Counterclaim | CIVIL ACTION NO. 05-CV-10506 (WGY) |

### AFFIDAVIT OF WILLIAM J. LANGELIER

I, William J. Langelier, hereby state and depose as follows:

1. I am a defendant-in-counterclaim in this matter.

2. I am currently President of The Langelier Company, Inc., which is located in Mill Valley, California, and currently reside in San Francisco, California. The Langelier Company, Inc. and its affiliates are in the real estate investment business and specialize in apartment, office and other real estate investment opportunities, usually with investors providing the bulk of the equity requirements.

2

3. As discussed in more detail below, I do not have the financial ability to obtain a supersedeas bond, which I understand must be in the amount of 110 percent of the judgment entered against me, plus $500.00 (approximately $17,000,000).

4. The vast majority of my assets are real estate assets and are in the form of minority LP, LLC and, to a lesser extent, corporate interests. These minority interests are extremely illiquid and I have no independent ability to liquidate any of these properties.

5. To the best of my knowledge, my minority ownership interests in low income, multi-family housing properties have limited liquidation value due to restrictions on cash flow, sale or refinancing, and pledging imposed by the respective secured lenders and/or the underlying partnership agreements. Additionally, these minority interests have generated past tax benefits that in some cases have reverted to tax liabilities on an annual basis and additional tax liabilities in the event of a sale.

6. To the best of my knowledge, my minority ownership interests in conventionally-financed real estate properties also carry prohibitions on sale, refinancing or pledging imposed by the respective secured lenders and/or the underlying partnership agreements. In addition, there are significant tax liabilities associated with this category of assets upon sale.

7. As mentioned, I also have interests in real estate-related corporations that in turn have minority (LP/LLC) interests in various low income housing and conventionally-financed properties. To the best of my knowledge, I am prohibited from selling, refinancing or pledging these interests without the consent of the respective secured lenders and/or the majority of the ownership interests.

8. I have telephoned two separate bonding companies, HCC Surety Group and Noack & Dean, to investigate my ability to obtain a supersedeas bond to secure the judgment in this matter. I was informed in both instances that it simply would be impossible to do so because of my inability to pledge my minority interests as collateral for such a bond.

9. Nor do I have the ability to satisfy the judgment in this matter and execution of the judgment pending appeal might cause me to file bankruptcy.

10. The public disclosure, through the internet, of the details of my finances is likely to cause me irreparable harm in my current and future business dealings. Specifically, current and future business partners would likely draw negative inferences concerning my financial situation before the appeal is fully heard.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16TH DAY OF JANUARY, 2007.

William J. Langelier

#386339